UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

BRIDGEPORT AND PORT JEFFERSON
STEAMBOAT COMPANY, *et al.*,

Case No. 03-CV-599 (CFD)

Plaintiffs,

v.

February 6, 2004

BRIDGEPORT PORT AUTHORITY,

Defendant.

_____/

## MOTION TO COMPEL

Defendant Bridgeport Port Authority (the "Authority"), pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local Rule 37, respectfully requests the Court enter its Order compelling Plaintiff Bridgeport and Port Jefferson Steamboat Company (the "Ferry Company") to fully comply with the written discovery requests propounded by the Authority. In support thereof, the Authority states as follows:

1.  The Ferry Company and three individuals claiming to be passengers on the Ferry operated by the Ferry Company commenced this action alleging that a passenger wharfage fee imposed by the Authority on passengers riding the Ferry is unlawful under various federal and state statutory, common law and constitutional grounds.

2.  The Authority seeks an Order from the Court compelling the Ferry Company to fully comply with certain interrogatories and requests for production that the Authority propounded. The Ferry Company's objections are misplaced and have no merit.

3.  On August 5, 2003, the Authority served its First Set of Interrogatories and First Request for Production of Documents on the Ferry Company.

2259295

4. On September 19, 2003, the Ferry Company served responses and objections to these discovery requests. The Ferry Company's responses and objections to the Authority's Interrogatories are attached hereto as Exhibit A, and its responses and objections to the Authority's Request for Production are attached hereto as Exhibit B.

5. The Ferry Company's answers to Interrogatories 5, 11, 12 and 20 are inadequate, and the objections it asserted have no merit under the relevant rules of civil procedure. The Ferry Company's responses to Request Nos. 3, 11, 14 and 15 are equally inadequate, and its objections to those requests have no merit under the relevant rules of civil procedure. The Ferry Company should be compelled to fully comply with these discovery requests.

6. The information sought in those discovery requests is relevant to the issues presented in this litigation, and the Authority's defenses. Complete responses to these discovery requests are necessary to effectively proceed with further discovery of this matter, including oral depositions. The Authority has been and will continue to be prejudiced by the Ferry Company's failure to comply with the discovery rules of this Court.

7. Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local Rule 37, the undersigned counsel for the Authority has made good faith efforts to resolve this discovery dispute, but has been unsuccessful. See Affidavit of E. Sheppard, attached hereto as Exhibit C. Specifically, counsel for the Authority sent a letter to counsel for the Ferry Company addressing these issues. See Letter from Edward J. Sheppard, Esq. to Martin Domb, Esq. dated January 27, 2004, attached hereto as Exhibit D. Counsel for the Ferry Company responded to that correspondence, essentially stating that it would stand by its objections. See Letter from Martin Domb, Esq. to Edward J. Sheppard, Esq. dated February 3, 2004, attached hereto as Exhibit E.

8. In further support of its Motion to Compel, the Authority refers the Court to its Memorandum of Law in Support of its Motion to Compel, filed contemporaneously herewith and incorporated by reference herein.

WHEREFORE Defendant Bridgeport Port Authority respectfully requests the Court enter its Order compelling Plaintiff Bridgeport and Port Jefferson Steamboat Company to fully respond to the Authority's First Set of Interrogatories 5, 11, 12, 20 and 22, and the Authority's First Request for Production of Documents Nos. 3, 11, 14, 15 and 27, within seven days of the date of the Order, and granting such other relief as the Court deems just and proper in the circumstances.

Dated: February 6, 2004

        Respectfully submitted,

        THOMPSON COBURN LLP
           Edward J. Sheppard, #CT24760
           1909 K Street, NW, #600
           Washington, DC 20006
           202-585-6900
           Fax 202-585-6969
           esheppard@thompsoncoburn.com

        By _____
        Suzanne L. Montgomery, #CT24761
        One US Bank Plaza
        St. Louis, Missouri 63101
        314-552-6000
        Fax 314-552-7000
        smontgomery@thompsoncoburn.com

        Attorneys for Defendant Bridgeport Port Authority

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served, via electronic mail and U.S. Mail, postage prepaid, on the following counsel of record, this 6th day of February, 2004:

| | |
|---|---|
| Jonathan S. Bowman | Frank H. Loomis |
| Stewart I. Edelstein | Martin Domb |
| Cohen and Wolf, P.C. | Hill, Betts & Nash LLP |
| 1115 Broad Street | One World Financial Center |
| P.O. Box 1821 | 200 Liberty Street, 26th Floor |
| Bridgeport, CT 06601-1821 | New York, New York 10281 |

        _____