UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAR 15 P 12:09
U.S. DISTRICT COURT
HARTFORD, CT.

BRIDGEPORT AND PORT JEFFERSON
STEAMBOAT COMPANY, et al.,

        Plaintiffs,

- against -

BRIDGEPORT PORT AUTHORITY,

        Defendant.

CASE NO. 3:03 CV 599 (CFD)

March 12, 2004

## DECLARATION OF MARTIN DOMB

MARTIN DOMB declares as follows under penalty of perjury:

1. I am one of the attorneys for Bridgeport and Port Jefferson Steamboat Company (the "Ferry Company"), one of the plaintiffs in this action. I am also one of the attorneys for Brian A. McAllister, McAllister Towing and Transportation Company, Inc. ("McAllister T&T"), and Steamboat Concessions, Inc. ("Concessions") (collectively the "Intervenors"), who are moving, pursuant to Rule 24 of the Federal Rules of Civil Procedure, to intervene in this matter for the limited purpose of objecting to and seeking protection from the subpoena duces tecum (the "Subpoena") served upon non-party Fleet National Bank ("Fleet") by defendant Bridgeport Port Authority (the "Port Authority"). I submit this declaration in support of (a) the Intervenors' motion to intervene, and (b) the Ferry Company and the Intervenors' motion to quash the Subpoena and for a protective order. I have personal knowledge of the facts stated herein.

2. A copy of the Subpoena is attached hereto as **Exhibit A**.

3. The Subpoena was issued by Suzanne Montgomery, an attorney for the Port Authority, on February 23, 2004. Ms. Montgomery's first notice of the Subpoena to other

{NY020663.1}

counsel was by e-mail dated February 26, 2004, at 9:35 p.m., to which a copy of the Subpoena was attached. A copy of Ms. Montgomery's e-mail is attached hereto as **Exhibit B**. I did not see the e-mail or Subpoena until Friday morning, February 27. The e-mail states that the Subpoena was served on Fleet on February 25, 2004.

4. The Subpoena commands that Fleet, one of the banks with which the Ferry Company conducts business, produce 36 separate categories of confidential banking and financial documents. Only ten of these categories concern the Ferry Company. The remaining 26 paragraphs seek confidential banking and financial documents concerning each of the three Intervenors, none of whom is a party to this action.

5. The ten requests that concern the Ferry Company are largely duplicative of a document request previously served by the Port Authority on the Ferry Company, which sought production of essentially all of the Ferry Company's financial records.[1] The Ferry Company objected to that request, on the grounds that it was overbroad and sought highly confidential but irrelevant records. That request, among certain other disputed items, is the subject of a separate discovery motion, whose briefing is to be completed today (March 12, 2004) (Motion to Compel, Court docket # 43).

6. As noted above, the Subpoena also seeks essentially all banking and financial records of each of the non-party Intervenors. These requests are as objectionable as those concerning the Ferry Company.

7. I respectfully submit that the Subpoena was issued and served in bad faith and for purposes of harassment, considering: (a) the unbounded scope of the requests; (b) the highly

---

[1] That document request reads as follows: "Each and every tax return, financial report, profit and loss statement, expense record and shareholder's report of the Ferry Company from January 1, 1993 to the present" (*see* Motion to Compel filed on February 10, 2004 [Court docket # 43], Ex. B, at p. 3, ¶ 3).

{NY020663.1}

- 2 -

confidential nature of the records sought; (c) the fact that the Ferry Company had already objected to a request for its financial records, which is the subject of a pending motion; (d) the lack of any conceivable relevance of the requested records to any issue in this case; (e) the fact that the Subpoena seeks records of non-parties, including, most egregiously, those of Brian A. McAllister personally; and (f) the failure of the Port Authority's counsel, in response to our good faith efforts to discuss and try to resolve these issues, to provide <u>any</u> explanation for issuing the Subpoena or to consider adjourning its return date until the Court has decided the pending motion which involves (among other issues) the overlapping issue as to the discoverability of the Ferry Company's financial records (as to this last point, *see* ¶¶ 8-13 below).

8.  On March 2, 2004, I sent a letter to Ms. Montgomery, by e-mail and mail, with copies to all counsel. A copy of my letter is attached as **Exhibit C**. In that letter, I informed Ms. Montgomery that the Ferry Company and the Intervenors object to the Subpoena, and I asked her: (a) to provide us with a written explanation of why she contends that the documents sought by the Subpoena are relevant to any issue in the case, and (b) in view of the already pending discovery motion concerning the Port Authority's request for the Ferry Company's financial records, whether she would agree to extend the return date of the Subpoena until two weeks after the Court decides that motion. I added that I was sending this letter as part of our good faith effort to resolve the disputes relating to the Subpoena without the Court's involvement.

9.  To date, we have received no written response to my letter.

10. Also on March 2, 2004, I sent a letter to Fleet, a copy of which is attached as **Exhibit D**. In that letter, I informed Fleet of the dispute concerning the Subpoena and requested, on behalf of the Ferry Company and the Intervenors, (a) that Fleet not produce any documents prior to the March 15, return date, to allow us time prior to that date to either resolve the dispute

with the Port Authority's counsel or make an appropriate motion, and (b) in the event that we make such a motion, that Fleet not produce any documents pending the Court's order.

11.   I also inquired, through Brian Buckley McAllister, Vice President and General Counsel of the Ferry Company and the corporate Intervenors, whether Fleet intended to serve its own written objections to the Subpoena, pursuant to Fed. R. Civ. P. 45(c)(2)(B) (a person commanded to produce documents may serve written objections within 14 days after service of the subpoena). I was informed that Fleet does not serve such letters; instead, it sends copies of subpoenas to its customers whose records the subpoena seeks, and leaves it to the customers to make any appropriate motion. A copy of such a letter from Fleet is attached hereto as **Exhibit E**.

12.   On March 5, 2004, I spoke in person with Ms. Montgomery and Edward J. Sheppard, another counsel for the Port Authority, during a break from depositions being taken that day in Bridgeport. I asked them whether they had received my letter concerning the Subpoena. They acknowledged that they had received it. I asked them whether they would agree, at least, to adjourn the Subpoena's return date, as I had requested in my letter, pending the Court's decision on the motion with respect to the Ferry Company's financial records. They said they would not agree to that. Ms. Montgomery stated that, in her view, only Fleet has standing to make a motion with respect to the Subpoena, and neither the Ferry Company nor Intervenors has standing to do so.[2] Finally, I asked them whether they intended to answer my letter in writing. Ms. Montgomery stated that they would do so "next week" (i.e., the week of March 8-12). I pointed out that, as the return date of the Subpoena is March 15, 2004 (a Monday), we

---

[2]   In fact, both the Ferry Company and the Intervenors have standing to object to and to move for relief with respect to the Subpoena. See the accompanying Memorandum of Law in Support of Motion to Intervene and Motion to Quash and for a Protective Order, Point II.A.

would have to receive any response early during the week of March 8-12, if there were to be any possibility of avoiding our having to make a motion prior to the return date.

13. As noted above, as of today, March 12, we have received no written response, and no further oral response beyond the March 5 conversation summarized in paragraph 11 above.

14. As our efforts to resolve the dispute with the Port Authority's counsel have failed, the Ferry Company and Intervenors are filing their motions today: (a) a motion by Intervenors for permission to intervene, for the limited purpose of objecting to the Subpoena, and (b) a motion by the Ferry Company and the Intervenors to quash the Subpoena and for a protective order.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York, on March 12, 2004.

_____
Martin Domb