UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAR 15 P 12: 09

BRIDGEPORT AND PORT JEFFERSON
STEAMBOAT COMPANY, et al.,

        Plaintiffs,

CASE NO. 3:03 CV 599 (CFD)

- against -

BRIDGEPORT PORT AUTHORITY,

        Defendant.

March 12, 2004

_____/

## DECLARATION OF BRIAN A. McALLISTER

BRIAN A. McALLISTER declares as follows under penalty of perjury:

1.    I am the President of (a) plaintiff Bridgeport and Port Jefferson Steamboat Company (the "Ferry Company") and (b) proposed intervenors McAllister Towing and Transportation Company, Inc. ("McAllister T&T") and Steamboat Concessions, Inc. ("Steamboat"). I am the sole shareholder of McAllister T&T. McAllister T&T owns 100 percent of the shares of the Ferry Company. The Ferry Company owns 100 percent of the shares of Concessions. Therefore, I am the sole owner, directly or indirectly, of McAllister T&T, the Ferry Company and Concessions.

2.    I submit this declaration in support of the two motions being submitted herewith: (a) the motion of proposed intervenors McAllister T&T, Concessions and me (collectively the "Intervenors") to intervene in this matter <u>for the limited purpose</u> of objecting to a subpoena for documents issued by the defendant, Bridgeport Port Authority (the "Port Authority"), addressed to Fleet Bank (the "Subpoena") (a copy of the Subpoena is attached as Exhibit A to the accompanying Declaration of Martin Domb); and (b) the motion of Intervenors and the Ferry

{NY020608.1}

Company to quash the Subpoena and for a protective order preventing the disclosure of the documents sought by the Subpoena. I have personal knowledge of the matters set forth herein.

3. The Subpoena is shocking to me in its breadth, intrusiveness, and lack of relevance to the issues in this case.

4. The Subpoena seeks documents maintained by Fleet National Bank ("Fleet") concerning its relationships with each of <u>four customers</u>:

    (a) The Ferry Company;

    (b) McAllister T&T;

    (c) Concessions; and

    (d) Me (personally).

5. Only one of these customers is a party to this action: the Ferry Company. No claims are alleged in this case by or against McAllister T&T, Concessions or me.

6. All of the documents sought by the Subpoena are highly confidential, and none of them has any conceivable relevance to the claims or defenses in this action.

7. In this action, the Ferry Company and two of its customers challenge the legality of a tariff imposed by the Port Authority on each customer that purchases a ticket for transportation on the Bridgeport-Port Jefferson ferry.

8. The banking and financial records of <u>the Ferry Company</u> are highly confidential and are not relevant to the issue of whether the tariff is legal in whole or in part. The issue of whether the Ferry Company's financial information is discoverable in this action is already the subject of a motion before this Court. In connection with that motion, I submitted a declaration to this Court, dated February 26, 2004, explaining in detail why I object to the Port Authority's request for disclosure of the Ferry Company's financial records. Rather than repeat those

reasons here, I respectfully refer the Court to my prior declaration, a copy of which is attached hereto as Exhibit A.

9. It is highly upsetting to me that the Port Authority served the Subpoena on Fleet, requesting confidential financial records <u>of the Ferry Company</u>, without waiting to see how the Court would decide the already pending motion concerning the discoverability of those very records.

10. It is equally upsetting to me that the Port Authority saw fit to include in its Subpoena a demand that Fleet produce all banking and financial records concerning <u>non-parties</u> McAllister T&T, Concessions and me (personally). All of the reasons that I stated in my prior declaration, as to why the Court should not require <u>the Ferry Company</u> to produce its confidential financial records, apply equally with respect to the <u>non-parties</u>.

11. <u>McAllister T&T</u> is a holding company that owns, in addition to the Ferry Company, some 25 other subsidiaries. The Ferry Company is the only subsidiary of McAllister T&T that is engaged in the ferry business. All other McAllister T&T subsidiaries are involved in the tug business; they operate tugs in various locations, such as Portland (Maine), Philadelphia, Baltimore, Virginia, Wilmington, Charleston, Florida and Puerto Rico. These tug boat businesses are completely unrelated to the business of the Ferry Company; their only connection to the Ferry Company is that they have the same holding company, McAllister T&T. The banking and financial information of McAllister T&T in the possession of Fleet is highly confidential and is of no conceivable relevance to any claim or defense in this case.

12. <u>Concessions</u>, a subsidiary of the Ferry Company, operates a food concession at the Bridgeport ferry terminal. It leases from the Port Authority a portion of the ground floor of the terminal, in which it operates a kitchen and food counter. Concessions is not subject to the

tariff at issue in this action; it alleges no claims; and no claims are alleged against it. Its confidential banking and financial information in the possession of Fleet are of no conceivable relevance to any claims or defenses in this action.

13. The Subpoena also seeks my own <u>personal</u> banking and financial records. My only involvement in this case is as President and (indirect) owner of the Ferry Company. I do not see how my personal banking or financial records could be of any relevance to this action.

14. I also note that the Subpoena seeks <u>every single document and record</u> maintained by Fleet concerning its relationship with <u>each of the three companies and me</u>. It seeks, for example:

    (a)    "All cancelled checks" (Subpoena Exhibit A, ¶¶ 1-4);

    (b)    All "financial statements" (*id.* ¶¶ 5-7);

    (c)    "Bank statements for all accounts" (*id.* ¶¶ 8-11);

    (d)    "All cash flow statements" (*id.* ¶¶ 12-14);

    (e)    All "accounts payable" records (*id.* ¶¶ 15-17);

    (f)    "Any potion of any general ledger" (*id.* ¶¶ 18-20)

    (g)    "All documents concerning any loan" (*id.* ¶¶ 21-24);

    (h)    "All documents, notes, correspondence, communications, memoranda, e-mail, and records" (*id.* ¶¶ 30-33); and

    (i)    "Any other documents evidencing all other business or service provided" (*id.* ¶¶ 29, 34-36).

15. Read literally, the Subpoena requires Fleet to produce an absurdly broad range of documents, none of which have any conceivable relevance to this case. It would require Fleet to produce (to cite just a few examples) such irrelevant records as:

  (a)  My personal checks for payment of such items as the monthly rent on my residence; Christmas gifts; and other personal expenses.

  (b)  Checks issued by tug subsidiaries of McAllister for payment of, for example, oil and lubricants for the tug boats.

  (c)  Checks of Concessions for the purchase of paper plates and napkins for its food counter.

  (d)  Bank loans for the construction or purchase of tug boats.

  (e)  Banking records concerning each and every banking transaction engaged in by the Ferry Company, McAllister T&T, Concessions and me.

  (f)  Every letter, e-mail and telephone message exchanged between Fleet and any of the companies or me.

16.  I cannot conceive that the law would allow a party, by simply serving a subpoena on a non-party bank, to obtain the kind of information called for by the Subpoena. I can think of no valid reason why my personal banking records, and those of McAllister T&T and Concessions, would be relevant to this lawsuit. I am convinced, therefore, that the Port Authority has issued the Subpoena for the sole purpose of harassing me and the companies affected.

17.  For the reasons stated above, and in the accompanying motion papers, I respectfully request that the Court grant our motions (1) to intervene in this matter for the limited purpose of objecting to the Subpoena, and (2) to quash the Subpoena and enter a protective order preventing disclosure to the Port Authority of the records or information sought by the Subpoena.

(*Signature on next page*)

I declare under penalty of perjury that the foregoing is true and correct. Executed in _NEW YORK_, _NEW YORK_, on March _12_, 2004.

_____
Brian A. McAllister