UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAR 18  A 11: 16

U.S. DISTRICT COURT
HARTFORD, CT.

BRIDGEPORT AND PORT JEFFERSON
STEAMBOAT COMPANY, ROBERT HELLER,
GREG ROSE, and FRANK C. ZAHRADKA,

Plaintiffs,

v.

Case No. 03-CV-599 (CFD)

BRIDGEPORT PORT AUTHORITY,

Defendant.

_____/

## MOTION OF BRIDGEPORT PORT AUTHORITY
## TO STRIKE PORTIONS OF THE DECLARATION OF FREDERICK A. HALL

COMES NOW Defendant Bridgeport Port Authority (the "Port Authority"), and moves to strike Paragraphs 4-15 from the Declaration of Fredrick A. Hall submitted in support of Plaintiffs' Motion for Temporary Restraining Order and Order to Show Cause. In support of this Motion to Strike, the Port Authority states as follows:

1.      Plaintiffs Bridgeport Port Jefferson Steamboat Company (the "Ferry Company"), and three individuals claiming to be passengers on the Ferry operated by the Ferry Company, commenced this litigation on April 2, 2003, alleging that a passenger wharfage fee imposed by the Port Authority on Ferry passengers is invalid under various state and federal laws.

2.      On February 5, 2004, the governing Board of Commissioners of the Port Authority voted to approve a temporary 50¢ administrative surcharge on the passenger wharfage fee currently in place. Under the Board of Commissioners' resolution, the collection of the administrative surcharge was to begin on March 1, 2004.

22787632280031

3. On February 27, 2004, Plaintiffs moved for a temporary restraining order and an order to show cause why the Authority should not be preliminarily enjoined from collecting the administrative surcharge pending resolution of this matter.

4. On March 4, 2004, the Court denied Plaintiffs' motion for a temporary restraining order and ordered that a hearing on Plaintiffs' request for a preliminary injunction be held on March 24, 2004.

5. In support of their motion for a temporary restraining order and order to show cause, Plaintiffs filed the Declaration of Frederick A. Hall, the General Manager / Vice President of the Ferry Company.

6. Numerous paragraphs from Mr. Hall's Declaration are not competent evidence to be considered by the Court in ruling on the issues presented in Plaintiffs' request for an injunction enjoining the collection of the administrative surcharge. Specifically, the Port Authority notes the following evidentiary problems with Mr. Hall's Declaration:

   a. Paragraphs 5-14 contain vague, conclusory statements of Mr. Hall's opinion that are entirely lacking in factual support.

   b. Paragraphs 7, 13, and 14 consist of legal conclusions that Mr. Hall, as a non-lawyer, is not qualified to assert. In addition, these legal conclusions are not appropriate subject matter for a factual declaration, and are properly resolved only by the Court.

   c. Paragraphs 4, 6-8, and 12 consist of inadmissible hearsay.

   d. Paragraph 10 consists of a vague, conclusory allegation as to the Ferry Company's damages. Significantly, the Ferry Company has refused to disclose information pertaining to their damages as required by Rule

    26(a)(1)(C) of the Federal Rules of Civil Procedure, and this assertion should be deemed inadmissible pursuant to Rule 37.

   e. Paragraph 15 consists of a statement based upon Mr. Hall's "knowledge, information, and belief" and, as such, is not an appropriate basis upon which to issue injunctive relief.

7. The foregoing bases make Paragraphs 4-15 of Mr. Hall's Declaration incompetent evidence and they should be stricken from the record before the Court.

8. Alternatively, should the Court refuse to strike Paragraphs 4-15 from Mr. Hall's Declaration, the Port Authority requests that the Court attribute no weight to those paragraphs in ruling on Plaintiffs' request for preliminary relief.

9. In further support, the Port Authority refers the Court to its Memorandum of Law in Support of its Motion to Strike, filed contemporaneously herewith and incorporated by reference herein.

WHEREFORE Defendant Bridgeport Port Authority respectfully requests that the Court grant its Motion to Strike Portions of the Declaration of Frederick A. Hall, that the Court not consider Paragraphs 4-15 of that Declaration in evaluating Plaintiffs' motion for injunctive relief, and that the Court grant such other relief and further relief as is just and proper.

Dated: March 17, 2004

Respectfully submitted,

THOMPSON COBURN LLP

By _____
Suzanne L. Montgomery, #CT24761
One US Bank Plaza
St. Louis, Missouri 63101
314-552-6000
Fax 314-552-7000
smontgomery@thompsoncoburn.com

Edward J. Sheppard, #CT24760
1909 K Street, NW, #600
Washington, DC 20006
202-585-6900
Fax 202-585-6969
esheppard@thompsoncoburn.com

ROBERTS, ROSE & BATES
John W. Roberts, #CT05947
17 Hoyt Street
P.O. Box 3610
Stamford, CT 06905
203-324-6755
Fax 203-348-5802
jroberts@robertsrosebates.com

Attorneys for Defendant Bridgeport Port Authority

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served, via electronic mail and Federal Express overnight delivery, on the following counsel of record, this 17th day of March, 2004:

Jonathan S. Bowman
Stewart I. Edelstein
Cohen and Wolf, P.C.
1115 Broad Street
P.O. Box 1821
Bridgeport, CT 06601-1821
jbowman@cohenandwolf.com

Frank H. Loomis
Martin Domb
Hill, Betts & Nash LLP
99 Park Avenue, 20th Floor
New York, NY 10016-1601
floomis@hillbetts.com
mdomb@hillbetts.com

_____Montgomery_____