UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

BRIDGEPORT AND PORT JEFFERSON
STEAMBOAT COMPANY, ROBERT HELLER,
GREG ROSE, and FRANK C. ZAHRADKA,

2004 MAR 18  A 11: 17

U.S. DISTRICT COURT
HARTFORD, CT.

Plaintiffs,

v.

Case No. 03-CV-599 (CFD)

BRIDGEPORT PORT AUTHORITY,

Defendant.
_____/

# MEMORANDUM IN SUPPORT OF BRIDGEPORT PORT AUTHORITY'S MOTION TO STRIKE PORTIONS OF THE DECLARATION OF FREDERICK A. HALL

## I. Introduction

Defendant Bridgeport Port Authority (the "Port Authority") seeks an Order from the Court striking Paragraphs 4-15 from the Declaration of Fredrick A. Hall submitted in support of Plaintiffs' Motion for Temporary Restraining Order and Order to Show Cause. The assertions contained in those paragraphs are without factual support, consist of speculative, conclusory statements of opinion lacking factual supported, contain unsupported lay opinion statements relating to the subject matter and the Plaintiffs' wishes about the outcome of this litigation, and repeat inadmissible hearsay statements. That information has no proper evidentiary basis to be before the Court and should be stricken from the record of Plaintiffs' pending motion.

Plaintiffs Bridgeport Port Jefferson Steamboat Company (the "Ferry Company"), and three individuals claiming to be passengers on the Ferry operated by the Ferry Company, commenced this litigation on April 2, 2003, alleging that a passenger wharfage fee imposed by the Port Authority on Ferry passengers is invalid under various state and federal laws. On February 5, 2004, the governing Board of Commissioners of the Port Authority voted to approve

a temporary 50¢ administrative surcharge on the passenger wharfage fee currently in place. Under the Board of Commissioners' resolution, the collection of the administrative surcharge was to begin on March 1, 2004.

More than two weeks after learning of the administrative surcharge, on February 27, 2004, Plaintiffs moved for a temporary restraining order and an order to show cause why the Port Authority should not be preliminarily enjoined from collecting the administrative surcharge pending resolution of this matter. In support of their motion for a temporary restraining order and order to show cause, Plaintiffs filed the Declaration of Frederick A. Hall, the General Manager / Vice President of the Ferry Company. On March 4, 2004, the Court denied Plaintiffs' motion for a temporary restraining order and ordered that a hearing on Plaintiffs' request for a preliminary injunction be held on March 24, 2004.

## II. Argument

The decision whether to grant or deny a preliminary injunction is subject to review for abuse of discretion, and will be reversed for, among other reasons, "reliance on clearly erroneous findings of fact," *Chemical Bank v. Haseotes*, 13 F.3d 569, 573 (2d Cir. 1994) (citing *Resolution Trust Corp. v. Elman*, 949 F.2d 624, 626 (2d Cir. 1991)), including "vague and conclusory affidavits" submitted in support of the motion for injunctive relief. 13 Moore's Federal Practice § 65.23 (Matthew Bender 3d ed.) ("Vague or conclusory affidavits will likely result in denial of a motion for preliminary injunction."). Statements by a witness contained in an affidavit may not be "so vague and conclusory as to preclude the defendant from effectively challenging the accuracy of the opinion." *Davis v. Williams*, 166 F.3d 432, 437 (2d Cir. 1998). If an affidavit is so flawed that relying on it obscures the relevant facts, precluding effective review, an appellate court will remand for additional findings. *See id.*

Numerous paragraphs from Mr. Hall's Declaration are not competent evidence to be considered by the Court in ruling on the issues presented in Plaintiffs' request for an injunction enjoining the collection of the administrative surcharge. Specifically, the Port Authority notes the following evidentiary problems with Mr. Hall's Declaration:

- Paragraphs 4-14 contain vague, conclusory statements of Mr. Hall's opinion that are entirely lacking in factual support.

- Paragraphs 4, 13, and 14 consist of legal conclusions that Mr. Hall, as a non-lawyer, is not qualified to assert. In addition, these legal conclusions are not appropriate subject matter for a factual declaration, and are properly resolved only by the Court.

- Paragraphs 4, 6-8, and 12 consist of inadmissible hearsay.

- Paragraph 10 consists of a vague, conclusory allegation as to the Ferry Company's damages. Significantly, the Ferry Company has refused to disclose information pertaining to their damages as required by Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure, and this assertion should be deemed inadmissible under Rule 37.

- Paragraph 15 consists of a statement based upon Mr. Hall's "knowledge, information, and belief" and, as such, is not an appropriate basis upon which to issue injunctive relief.

As discussed below, the foregoing bases make paragraphs 4-15 of Mr. Hall's Declaration incompetent evidence and they should be stricken from the record before the Court.

### A. Paragraphs 5 through 14 are vague and conclusory, contain conjecture and statements of opinion, and lack an underlying, factual basis

Paragraphs 5 through 14 of the Hall Declaration should be stricken because they consist of vague and conclusory conjecture and statements of opinion lacking a factual basis. As a general matter, speculative opinion testimony by lay witnesses is inadmissible. When "proffered

testimony is not based upon the witness' perception, but upon his self-serving speculation," speculative testimony is properly excluded. *Beatty v. Michelin Tire Corp.*, Civil No. 3:94CV989 (DJS), 1999 U.S. Dist. LEXIS 21970, *14-*15 (D. Conn. Mar. 31, 1999). Because Paragraphs 5 through 14 of the Hall Declaration consists of vague, conclusory assertions, unsupported by factual evidence, it is an insufficient basis upon which to order a preliminary injunction, and therefore, these paragraphs should be stricken.

**Paragraph 5** consists of Mr. Hall's "estimate" of the aggregate annual amount that the Ferry Company thinks it might collect from its passengers as a result of the administrative surcharge. Mr. Hall includes no basis for his "estimate," and his method of calculating the aggregate annual surcharge has been undisclosed. All of the statements in this paragraph lack factual support.

**Paragraph 6** consists of Mr. Hall's opinion on the Ferry Company's feelings of "outrage" as a result of having been asked by the Port Authority to collect the administrative surcharge. Mr. Hall attempts to speak on behalf of passengers in characterizing the Port Authority's passenger wharfage fee (not the surcharge, which is the only issue raised in Plaintiffs' preliminary injunction papers) as "grossly excessive." Hall Declaration ¶ 6 (emphasis in original). The validity of the passenger wharfage fee itself is not at issue in this preliminary injunction motion. Moreover, Paragraph 6 contains no factual support; Mr. Hall simply states in conclusory fashion some allegations contained in Plaintiffs' Amended Complaint, as he understands them. An unidentified and undisclosed individual apparently "informed" Mr. Hall of the fee's illegality; this is nothing more than a self-serving hearsay statement from this unknown individual's opinion, and provides no valid foundation for Mr. Hall's otherwise unsupported conclusion that the fee is "grossly excessive."

With respect to **Paragraph 7**, Mr. Hall first opines on the purportedly severe harm that the Ferry Company and the individual plaintiffs will suffer if forced to collect or pay an additional fifty cents. Mr. Hall provides no support for this assertion, nor does he otherwise verify or explain how the Ferry Company and the individual plaintiffs will be harmed. (Significantly, Mr. Hall offered no support for his apparent position that he is permitted to speak on behalf of the individual plaintiffs). Mr. Hall characterizes a statement in a newspaper article attributed to Joseph Riccio, Executive Director of the Port Authority, as an "admission" of the Port Authority's insolvency. Mr. Hall's interpretation of Riccio's statement is merely his opinion of what Mr. Riccio meant and as such, is entitled to no weight; moreover, to the extent that Mr. Hall has quoted from a "published" source, his mischaracterization is also hearsay as described in more detail below.

**Paragraph 8** contains Mr. Hall's opinions and interpretations of the Port Authority's financial statements, from which Mr. Hall has apparently concluded, with no foundation, that the City of Bridgeport is unwilling to fund the Port Authority's operations. Mr. Hall has offered no foundation for his ability to offer an economic or accounting opinion. In any event as will be presented in the evidence at the hearing on March 24, 2004, Mr. Hall has mischaracterized the data contained in the Port Authority's financial records, which do not support his conclusion that the City is refuses to support the Port Authority's activities. Paragraph 8 also contains an opinion statement that the Port Authority is "arbitrarily gouging passengers," again without underlying factual support.

**Paragraph 9** consists of Mr. Hall's speculation that the Port Authority is insolvent, and also contains Hall's opinion that there has been "no <u>significant</u> increase in ferry ridership." Hall

- 5 -

Declaration ¶ 9 (emphasis added).  He has offered no factual support for these conclusory statements and they should be stricken.

**Paragraph 10** is also conclusory and contains a non-specific, non-itemized description of damages the Ferry Company claims to have incurred, and which Mr. Hall claims the Ferry passengers have incurred.  He opines that the Port Authority's passenger wharfage fee is "grossly excessive" and speculates that the administrative surcharge would add "hundreds of thousands of dollars" to these unverified and unsupported damages that Mr. Hall estimates to total several million dollars.  This paragraph is speculative and without factual support, nor has Mr. Hall offered any foundation to provide any support to his implied claim that he has the necessary training and knowledge to offer such economic opinions.  (Significantly, Plaintiffs have repeatedly declined to provide any information regarding the amount of damages they have allegedly sustained, and this paragraph should be stricken on that basis, as discussed below).

**Paragraph 11** is conclusory.  Mr. Hall claims that there is "no way" for the Ferry Company to reimburse passengers if the administrative surcharge is eventually found to be invalid, but offers no explanation or factual support for this claim.

**Paragraph 12** is also conclusory, contains statements of opinion, and is hearsay to the extent that Mr. Hall purports to know the thoughts of potential ferry passengers as they decide whether taking the Ferry is preferable to " 'driving around' in heavy traffic."  Mr. Hall speculates that the administrative surcharge will cause the Ferry Company to lose riders.  Again, he provides no factual support for the statements in this paragraph, nor does he provide any support to establish that he has the necessary training or knowledge to offer such expert opinions.

**Paragraph 13** is nothing more than a conclusory statement of Mr. Hall's opinion that the administrative surcharge is "perverse" and that the Port Authority's fee is arbitrary. This paragraph contains no factual support.

**Paragraph 14** is speculative, conclusory, and contains statements of opinion with no proper foundation. Mr. Hall unilaterally claims that there is a "high likelihood" that Plaintiffs will prevail in this litigation. Mr. Hall is not a lawyer, and has had no legal training. As a non-lawyer, he is not qualified to render an opinion on the legality of surcharge, the tariff, whether plaintiffs will "easily prove" any aspect of this case, or what the "remaining issue[s]" are. Indeed, these are issues properly reserved to the Court alone.

**B.  Paragraphs 7, 13 and 14 should be stricken because these paragraphs contain statements of opinion that Frederick Hall is unqualified to offer**

Mr. Hall is not a lawyer, and has had no legal training.[1] Mr. Hall, as a non-lawyer, is not qualified to offer his opinion concerning legal issues or theories in this case; even if he was a lawyer, those issues are properly reserved to be determined only from the Court. Lay opinion testimony that is not rationally based on the perception of the witness is not admissible under Rule 701 of the Federal Rules of Evidence. *See United State v. Glenn*, 312 F.3d 58, 67 (2d Cir. 2002) (citing Fed. R. Evid. 701); *see also Hester v. BIC Corp.*, 225 F.3d 178, 185 (2d Cir. 2000) (naked speculation by a lay witness is inadmissible). Because the statements contained in Paragraphs 7, 13, and 14 of the Hall Declaration consist of legal conclusions that Hall is unqualified to offer and which should only be resolved by the Court, these paragraphs should be stricken.

---

[1] Mr. Hall was deposed on Thursday, March 4, 2004 and the transcript from that deposition is not yet available. Mr. Hall testified during his deposition that his education does not extend beyond a bachelors degree.

In **Paragraph 7**, Mr. Hall mischaracterizes a statement in a newspaper article attributed to Joseph Riccio, the Executive Director of the Port Authority, as an "admission." Mr. Hall claims in **Paragraph 13** that the administrative surcharge is contrary to the "American Rule." **Paragraph 14** contains several self-serving, conclusory statements that the Port Authority's passenger fee is illegal, the Plaintiffs will easily meet their burden of proof, and the "only remaining issue" in the case is to what damages the Plaintiffs are entitled.

The Port Authority finds it unlikely that Mr. Hall independently concluded that Mr. Riccio's statement is an admission of insolvency. It is similarly questionable whether Mr. Hall, as a non-lawyer, is sufficiently familiar with the application of the "American Rule" and its exceptions to be capable of evaluating its applicability to the administrative surcharge. Finally, while Mr. Hall may hope that the Plaintiffs' case will be successful, he is not qualified to speculate upon the probable outcome of this case or to claim that the outstanding issues in the case are limited to damages even if statements of this nature are appropriately included in an declaration of fact. Those assertions and opinions should be stricken.

    **C.**    **Paragraphs 4, 6, 7, 8, and 12 should be stricken because each paragraph contains statements that are inadmissible hearsay**

Paragraphs 4, 6, 7, 8, and 12 of the Hall Declaration contain statements that are inadmissible hearsay. It is axiomatic that hearsay is a statement, other than one made by a declarant while testifying, offered into evidence to prove the truth of the matter asserted therein. *See* Fed. R. Evid. 801(c). Hearsay statements are inadmissible under Rule 802 of the Federal Rules of Evidence, unless subject to one of the limited exceptions enumerated in Rules 803 or 804. *See generally* Fed. R. Evid. 802, 803, & 804; *see also Bruneau v. Borden, Inc.*, 644 F. Supp. 894, 895 (D. Conn. 1986).

In **Paragraphs 4 and 7**, Mr. Hall quotes from a newspaper article containing statements attributed to Joseph Riccio, Executive Director of the Port Authority. Mr. Hall offers Riccio's statement that the surcharge is "a matter of survival" for the Port Authority to *prove* that the Port Authority is insolvent. This is classic, inadmissible double-hearsay. The article quotes Mr. Riccio, and Mr. Hall quotes the article. No exception to Rule 802 barring the admission of hearsay applies to either the newspaper article or Mr. Riccio's statement, and Mr. Hall's repetition of that double-hearsay should be stricken.

In **Paragraph 6**, Mr. Hall purports to have been "informed" by an unknown, unnamed individual that that "the tariff is illegal." The Port Authority can only presume that Mr. Hall intends this statement of opinion to be admissible as proof of the fee's illegality. This statement is inadmissible hearsay, and there is no exception justifying its admission. The fact that the individual is not identified enhances the unreliability of Mr. Hall's quotation of that statement.

**Paragraph 8** contains statements by Mr. Hall purporting to reference the Port Authority's audited financial statements. According to Mr. Hall, the Port Authority gave the City of Bridgeport a bond associated with the acquisition and condemnation of the "Cartech" property (real property located on the east side of the Bridgeport Harbor and within the Port Authority's jurisdiction). Although Mr. Hall does not explain why the Port Authority gave this bond to the City of Bridgeport, he *assumes*, without any factual support, that the City of Bridgeport is unwilling to fund the Port Authority's operations and, therefore, the Port Authority is forced to "arbitrarily [gouge] ferry passengers." Hall Declaration ¶ 8. This series of statements, based on Mr. Hall's selective quotation from the Port Authority's financial reports, is inadmissible hearsay. While the Ferry Company may attempt to argue that the financial statements are subject to the hearsay exception for records of regularly conducted activity

contained in Rule 803(6), Hall has not shown that his interpretation of the financial statements is consistent with the factual information the statements contain, and in any event Mr. Hall's interpretation of those records violates the best evidence rule. For this reason, Paragraph 8 should be stricken due to its unreliability and mischaracterization.

**Paragraph 12** consists of statements describing the internal thoughts of potential ferry passengers, offered into evidence by Mr. Hall to establish that passengers undertake some sort of internal cost/benefit analysis when deciding whether to take the ferry, and that the fifty-cent increase will encourage more passengers to drive. Mr. Hall has not offered any support for his implied position that he is somehow privy to the decision-making processes of Ferry passengers. Mr. Hall's statement is inadmissible hearsay, and there is no applicable exception justifying its admission.

**D.     Paragraph 10 should be stricken because it contains information pertaining to damages that the Ferry Company has previously refused to disclose**

**Paragraph 10** of the Hall Declaration contains an unverified, unitemized, general statement of damages that the Ferry Company "estimated" to "total several million dollars." This statement should be stricken on the basis that the Ferry Company has thus far refused to disclose information concerning the damages it claims to have sustained as a result of the Port Authority's passenger fee. The Ferry Company was required to disclose this information by Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure, which provides that a party must "without awaiting a discovery request, provide to other parties . . . a computation of any category of damages" and make available for inspection and copying any underlying documentation pertaining to damages. Fed. R. Civ. P. 26(a)(1)(C). The federal rules and the caselaw interpreting those rules recognize that a party that breaches its duty to disclose information required by Rule 26(a)(1) is properly prohibited from introducing it as evidence unless it can

demonstrate that its failure to disclose was harmless or substantially justified. *See* Fed. R. Civ. P. 37(c)(1) (A party that fails to disclose information required by Rule 26(a)(1) may not "use as evidence" on "any motion . . . information that is not so disclosed"); *Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1229 n.2 (10th Cir. 1999); *Stein v. Foamex Int'l, Inc.*, Civil Action No. 00-2356, 2001 U.S. Dist. LEXIS 10706, *14 (E.D. Pa. July 23, 2001) (noting that Rule 37 permits a court to impose other appropriate sanctions for failure to make disclosures required by Rule 26(a)(1)(C)).

The Ferry Company has *repeatedly* refused to disclose information supporting or itemizing its claim of damages, but have not shown that its failure to disclose this information is harmless, nor have it attempted to establish that refusing to disclose damage-related information is substantially justified. For this reason, Mr. Hall should not be permitted to make vague, unsupported allegations about damages incurred by Plaintiffs in his Declaration supporting Plaintiffs' motion for preliminary relief from collection of the administrative surcharge.

### E. Paragraph 15 should be stricken because preliminary relief may not be based upon "knowledge, information and belief"

Mr. Hall incorporates into his Declaration the Factual Background of Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for a Temporary Restraining Order and Order to Show Cause. When information in an affidavit is introduced upon "information and belief rather than on personal knowledge, it is generally considered insufficient to support a motion for a preliminary injunction." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2949 (citing *Marshall Durbin Farms, Inc. v. National Farmers Org.*, Inc., 446 F.2d 353, 357 (5th Cir. 1971)) ("[D]istrict courts have shown appropriate reluctance" to issue preliminary injunctions when "the moving party substantiates his side of a factual dispute on information and belief"); *see also Advocacy Org. For Patients & Providers v. Mercy Health*

*Servs.*, 987 F. Supp. 967, 974 n.13 (E.D. Mich. 1997) (Plaintiffs' pleadings, an "amalgamation of information, knowledge and belief . . . provides no basis on which to render the extraordinary relief of a TRO."); *Clark v. Merrill Lynch*, Case No: 95-808-CIV-T-17C, 1995 U.S. Dist. LEXIS 11541, *11 (M.D. Fla. Nov. 26, 1995) (noting that issuance of preliminary injunctive relief based on information and belief is "frowned upon").

In Paragraph 15, Mr. Hall references the statements contained in the Factual Background with a non-specific declaration of their truth, based not on personal knowledge, but on "knowledge, information and belief." For this reason, Paragraph 15 should be stricken and not considered by the Court in ruling on the preliminary injunction motion now pending before it.

**F.   Alternatively, if the Court does not strike Paragraphs 4 through 15, the Port Authority requests the Court to attribute no weight to these paragraphs in considering Plaintiffs' motion for preliminary injunctive relief**

In the event that the Court denies the Port Authority's Motion to Strike, the Port Authority requests in the alternative that the Court attribute little weight to the Hall Declaration for all of the foregoing reasons. In considering affidavits submitted in support of a motion for injunctive relief, a court has the discretionary authority to determine how much weight a supporting affidavit deserves. *See Dean & Dean Kids' Ski Accessories v. Simmons*, Civil No.: 1:98CV233, 1998 U.S. Dist. LEXIS 19530 (D. Vt. Oct. 1, 1998) (citing Wright & Miller, Federal Practice and Procedure § 2949).

Although affidavits submitted in support of a motion for injunctive relief may sometimes contain inadmissible evidence, the primary reason justifying the use of inadmissible evidence is the need to "prevent irreparable harm" by issuing a decision quickly. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2949 (citing *Kennedy For & on Behalf of the Nat'l Labor Relations Board v. Sheet Metal Workers Int'l Ass'n Local 108*, 289 F. Supp. 65, 90-91 (D.

Cal. 1968)). Judges may, as a matter of discretion, rely on inadmissible evidence as an accommodation to parties that are "often unable to obtain and marshal their evidence in a manner that would be proper for a summary judgment hearing or for an actual trial" because "speed is extremely important in proceedings for restraining orders and temporary injunctions." *Id.*

That is not the situation presented here. In this case, Plaintiffs were notified of the Port Authority's intent to impose a administrative surcharge on February 10, 2004. Plaintiffs did not move for injunctive relief until more than two weeks later, on February 27, 2004 (the last business day before the surcharge was scheduled to go into effect, as ordered by the Board of Commissioners of the Port Authority). Plaintiffs had ample time to draft a Declaration that was well-supported by admissible evidence. Instead, they produced a document that consists of argumentative, conclusory, opinion statements, most of which are either inadmissible or not relevant to the Court's task of deciding whether to issue injunctive relief based on findings of fact. By waiting almost three weeks to petition the court for injunctive relief, Plaintiffs have shown that speed is not "extremely important." The Court should not overlook the evidentiary weaknesses in the Hall Declaration; deficiencies in the Hall Declaration are not justified by Plaintiffs' need to quickly obtain injunctive relief, and the Hall Declaration should be given little, if any, weight by the Court.

### III. Conclusion

Paragraphs 4-15 of Mr. Hall's Declaration are deficient for numerous reasons and are not properly before the Court on Plaintiffs' request for preliminary injunctive relief. Those paragraphs should be stricken from the record and given no evidentiary weight. For the foregoing reasons, Defendant Bridgeport Port Authority respectfully requests that the Court grant its Motion to Strike, and strike Paragraphs 4-15 from Mr. Hall's Declaration.

Dated: March 17, 2004

        Respectfully submitted,

        THOMPSON COBURN LLP

        By *[signature]*
        Suzanne L. Montgomery, #CT24761
        One US Bank Plaza
        St. Louis, Missouri 63101
        314-552-6000
        Fax 314-552-7000
        smontgomery@thompsoncoburn.com

        Edward J. Sheppard, #CT24760
        1909 K Street, NW, #600
        Washington, DC 20006
        202-585-6900
        Fax 202-585-6969
        esheppard@thompsoncoburn.com

        ROBERTS, ROSE & BATES
        John W. Roberts, #CT05947
        17 Hoyt Street
        P.O. Box 3610
        Stamford, CT 06905
        203-324-6755
        Fax 203-348-5802
        jroberts@robertsrosebates.com

        Attorneys for Defendant Bridgeport Port Authority

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served, via electronic mail and Federal Express overnight delivery, on the following counsel of record, this 17th day of March, 2004:

Jonathan S. Bowman  
Stewart I. Edelstein  
Cohen and Wolf, P.C.  
1115 Broad Street  
P.O. Box 1821  
Bridgeport, CT  06601-1821  
jbowman@cohenandwolf.com  

Frank H. Loomis  
Martin Domb  
Hill, Betts & Nash LLP  
99 Park Avenue, 20th Floor  
New York, NY  10016-1601  
floomis@hillbetts.com  
mdomb@hillbetts.com  

_____Montgomery_____