UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 AUG -2  A 9: 41

BRIDGEPORT AND PORT JEFFERSON
STEAMBOAT COMPANY, et al.,

        Plaintiffs,

- against -

BRIDGEPORT PORT AUTHORITY,

        Defendant.

CASE NO. 3:03 CV 599 (CFD)
U.S. DISTRICT COURT
HARTFORD, CT.

July 29, 2004

STIPULATION AND [PROPOSED]
ORDER OF CONFIDENTIALITY

IT IS HEREBY STIPULATED AND AGREED as follows by and between plaintiff Bridgeport and Port Jefferson Steamboat Company (the "Ferry Company") and defendant, Bridgeport Port Authority (the "Port Authority"), through their respective undersigned counsel:

1.     Introduction. This Stipulation and Order of Confidentiality (the "Order") applies to "Confidential Information," as defined in paragraph 2 below, that is produced or otherwise disclosed in this action by the Ferry Company, whether it is contained in documents, deposition or trial testimony, answers to interrogatories, responses to requests for admission, or otherwise.

2.     Definition. The term "Confidential Information" as used in this Order means: (a) documents or materials to be produced by the Ferry Company pursuant to the Court's order dated July 8, 2004 (Court Docket entry # 81), in response to document request number 3 of Defendant Bridgeport Port Authority's First Request for Production Directed to Plaintiff Bridgeport and Port Jefferson Steamboat Company, dated August 5, 2003, and (2) any other record, document, thing or information that contains financial information or other trade secrets or proprietary information of the Ferry Company, which

{NY023506.1}        - 1 -

the Ferry Company in good faith designates, in the manner provided herein, as materials or information to be protected pursuant to the terms of this Order.

3. <u>Use of Confidential Information restricted to this action</u>. Confidential Information subject to this Order shall be used only in connection with the prosecution or defense of this action and during its pendency. Confidential Information may be used as evidence during any hearing, trial or other proceeding in this action subject to objections and rulings as to its admissibility and other terms of this Order. Confidential Information shall not be used or disclosed by any person for any purpose not directly related to the prosecution or defense of this action; <u>provided, however</u>, that the Ferry Company may use or disclose Confidential Information in the normal course of its business (e.g., it may disclose such information to its outside auditors and bankers). Neither the Ferry Company nor any other person shall disclose Confidential Information to the media or other members of the public.

4. <u>Persons to whom Confidential Information may be disclosed</u>. Confidential Information shall not be disclosed to any person except the following:

   (a) Counsel of record for the parties and any regular employees of such counsel assigned to perform services in connection with this action (hereinafter these persons are collectively referred to as "Counsel").

   (b) Expert witness(es) retained by Counsel, subject to paragraph 5 below.

   (c) The Court, Court reporters and Court personnel, pursuant to the terms of this Order.

Confidential Information may not be disclosed to the Commissioners or employees of the Port Authority except upon prior written consent of the Ferry Company or further order of this Court.

5. <u>Declarations of other persons bound</u>. Before any Confidential Information is disclosed to any person referred to in paragraph 4(b) above, that person must agree to be bound by the terms of this Order. Such person shall indicate his or her assent to the terms of this Order by signing a notarized declaration to that effect. It shall be the responsibility of the Counsel disclosing the Confidential Information to obtain such declaration and retain it in such Counsel's files.

6. <u>Labeling of Confidential Information</u>. Before producing to Counsel any document or material that contains Confidential Information, the Ferry Company shall place a label or legend on each page of such document or material that states substantially as follows: **"CONFIDENTIAL-ATTORNEYS' EYES ONLY."** In addition, the Ferry Company may place a label or legend on the first page of each such document which cites this Order.

7. <u>Use of Confidential Information at depositions</u>. With regard to depositions, the following shall apply:

(a) Any Confidential Information that is disclosed or discussed during deposition testimony shall be protected or continue to be protected under the terms of this Order.

(b) If the Ferry Company in good faith deems that any information disclosed or discussed during deposition testimony constitutes Confidential Information, then it shall designate it as such either (i) prior to or contemporaneously with its disclosure, by an oral statement to that effect made on the record and to be included in the transcript of the deposition or (ii) by written notice to Counsel within 10 days following the Ferry Company's receipt of a transcript of the deposition. In such event, the portion of the transcript of the deposition containing such Confidential Information shall be protected under the terms of this Order

(c)     Whenever Confidential Information is disclosed, discussed or referred to during a deposition, the Ferry Company shall be entitled to ensure that only the persons identified in paragraph 4 above are present during that portion of the deposition.

8.      <u>Filings with the Court</u>. If any party wishes to file or submit Confidential Information to the Court, it shall do so in accordance with this Court's Local Rule of Civil Procedure 5(d)2, which currently provides:

> Counsel filing documents which are, or may be claimed to be, subject to any protective order or impounding order previously entered shall file with the documents, and serve on all parties, a notice that the documents are, or are claimed to be, subject to such order or orders, identifying the particular order or orders by date, and shall submit such documents to the Clerk under seal.

The notice shall include a caption of this action including its title and number and a notation providing substantially as follows:

**CONFIDENTIAL -- SEALED PURSUANT TO A STIPULATION AND ORDER OF CONFIDENTIALITY OF THIS COURT DATED _____, 2004.**

9.      <u>Use of Confidential Information at Trial</u>. The use of Confidential Information at trial shall be resolved, to the extent possible, between the parties prior to trial, with the assistance of the Court if necessary. Notwithstanding the foregoing, during trial, or any hearing in this action, if any party intends to offer into evidence or otherwise use any document or information that contains Confidential Information or that is derived therefrom, counsel shall announce the intention to do so beforehand so that the Court and the parties may take such steps as are deemed reasonably necessary to preserve the confidentiality of such document or information.

10. <u>Destruction at conclusion of action</u>. Within ninety (90) days following the conclusion of this action, including any appeals, all materials containing or derived from Confidential Information, but excluding any notes or other attorney's work product that may have been placed thereon by counsel, shall be destroyed, and written notice shall be given to opposing counsel certifying that all such materials have been destroyed.

11. <u>Modifications of this Order</u>. Nothing in this Order shall preclude any party from seeking amendments hereto, either broadening or restricting access to or the use of Confidential Information, or from seeking other modifications, including but not limited to restriction of the documents and information which may be designated confidential, in each case pursuant to duly-noticed motion. Prior to making such a motion, counsel shall confer in good faith in an effort to resolve the issue without intervention by the Court.

12. <u>Non-waiver of objections to admissibility</u>. Nothing in this Order shall be construed as a waiver by any party of any objections to discovery, or of any objections as to the admissibility of any evidentiary material. Any party may object to the designation of "confidentiality" if it believes such is improper, and if such objection is made, the burden shifts to the party asserting the confidential status to show that the materials are confidential.

13. <u>Continuing obligations</u>. The obligations under this Order shall survive the termination of this action and continue to bind the parties and other persons subject to it.

Dated: July 29, 2004

*(Signatures appear on next page)*

| | |
|---|---|
| BRIDGEPORT AND PORT JEFFERSON STEAMBOAT COMPANY, GREG ROSE, and FRANK C. ZAHRADKA<br>*Plaintiffs* | BRIDGEPORT PORT AUTHORITY,<br>*Defendant* |
| By: /s/ Martin Domb<br>Martin Domb, Federal Bar No. ct 09544<br>E-mail: mdomb@hillbetts.com<br>Eric M. Underriner, Federal Bar No. ct 26020<br>HILL, BETTS & NASH LLP<br>One World Financial Center<br>200 Liberty Street, 26th Floor<br>New York, New York 10281<br>Tel. (212) 839-7000<br>Fax (212) 466-0514 | By: /s/ E J Sheppard<br>Edward J Sheppard, Federal Bar No. ct 24760<br>E-mail: esheppard@thompsoncoburn.com<br>THOMPSON COBURN<br>1909 K Street, NW, #600<br>Washington, D.C. 2006<br>Tel. (202) 585-6900<br>Fax (202) 585-6969<br><br>Steven Kellogg, Esq.<br>E-mail: skellogg@thompsoncoburn.com<br>THOMPSON COBURN<br>One US Bank Plaza<br>St. Louis, MO 63101<br>Tel. (314) 552-6405<br>Fax (314) 552-7405 |

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Dated: