UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIDGEPORT AND PORT JEFFERSON
STEAMBOAT COMPANY, et al.,

        Plaintiffs,

- against -

BRIDGEPORT PORT AUTHORITY,

        Defendant.

CASE NO. 3:03 CV 599 (CFD)

**ANSWER TO AMENDED**
**COMPLAINT**

September 22, 2004

        COMES NOW Defendant Bridgeport Port Authority (the "Port Authority"), by and through its attorneys Thompson Coburn LLP, and for its Answer to the Amended Complaint of Plaintiffs, Bridgeport and Port Jefferson Steamboat Company, *et. al.*, states as follows:

### Introduction

        1.     The Port Authority admits the averments contained in paragraph 1 of Plaintiffs' Amended Complaint.

        2.     The Port Authority admits only that it provides certain dock and terminal facilities for the use of the ferry and its passengers, that it enters leases the terms of which speak for themselves, and that it collects certain rental payments. The Port Authority denies all remaining averments contained in paragraph 2 of Plaintiffs' Amended Complaint.

        3.     The Port Authority admits only that it collects a passenger wharfage charge and denies all remaining averments contained in paragraph 3 of Plaintiffs' Amended Complaint.

        4.     The Port Authority admits that Plaintiffs have made the stated changes against it and otherwise denies the averments contained in paragraph 4 of Plaintiffs' Amended Complaint.

2393424

## Parties

5. The Port Authority admits that Bridgeport and Port Jefferson Steamboat Company ("B&PJ") is a plaintiff in this action. The Port Authority is without information or belief sufficient to enable it to answer the remaining averments contained in paragraph 5 of Plaintiffs' Amended Complaint and therefore denies the averments contained therein.

6. The Port Authority admits that Robert Heller is a plaintiff in this action. The Port Authority is without information or belief sufficient to enable it to answer the remaining averments contained in paragraph 6 of Plaintiffs' Amended Complaint and therefore denies the averments contained therein.

7. The Port Authority denies the averments contained in paragraph 7 of Plaintiffs' Amended Complaint.

8. The Port Authority admits that Frank C. Zahradka is a plaintiff in this action. The Port Authority is without information or belief sufficient to enable it to answer the remaining averments contained in paragraph 8 of Plaintiffs' Amended Complaint and therefore denies the averments contained therein.

9. The Port Authority admits the averments contained in paragraph 9 of Plaintiffs' Amended Complaint.

## Jurisdiction and Venue

10. The Port Authority denies the averments contained in paragraph 10 of Plaintiffs' Amended Complaint.

11. The Port Authority denies the averments contained in paragraph 11 of Plaintiffs' Amended Complaint.

## Common Factual Averments

12. The Port Authority is without information or belief sufficient to enable it to answer the averments contained in paragraph 12 of Plaintiffs' Amended Complaint and therefore denies the averments contained therein.

13. The Port Authority is without information or belief sufficient to enable it to answer the averments contained in paragraph 13 of Plaintiffs' Amended Complaint and therefore denies the averments contained therein.

14. The Port Authority admits only that B&PJ entered into a lease agreement with the Port Authority, that the lease speaks for itself, and denies all averments contained in paragraph 14 of Plaintiffs' Amended Complaint inconsistent therewith.

15. The Port Authority admits only that the lease agreement speaks for itself, and denies the remaining averments contained in paragraph 15 of Plaintiffs' Amended Complaint inconsistent therewith.

16. The Port Authority admits only that the lease agreement speaks for itself, and denies the remaining averments contained in paragraph 16 of Plaintiffs' Amended Complaint inconsistent therewith.

17. The Port Authority admits only that the lease agreement speaks for itself, and denies the remaining averments contained in paragraph 17 of Plaintiffs' Amended Complaint inconsistent therewith.

18. The Port Authority admits the averments contained in paragraph 18 of Plaintiffs' Amended Complaint.

19. The Port Authority denies the averments contained in paragraph 19 of Plaintiffs' Amended Complaint.

20. The Port Authority admits the averments contained in paragraph 20 of Plaintiffs' Amended Complaint.

21. The Port Authority admits only that federal grants have been awarded but denies the remaining averments contained in paragraph 21 of Plaintiffs' Amended Complaint.

22. The Port Authority admits only that the lease agreement speaks for itself. The Port Authority refers to the lease agreement for its contents and denies the remaining averments contained in paragraph 22 of Plaintiffs' Amended Complaint inconsistent therewith.

23. The Port Authority admits only that the lease agreement speaks for itself. The Port Authority refers to the lease agreement for its contents and denies the remaining averments contained in paragraph 23 of Plaintiffs' Amended Complaint inconsistent therewith.

24. The Port Authority admits only that the lease agreement speaks for itself. The Port Authority refers to the lease agreement for its contents and denies the remaining averments contained in paragraph 24 of Plaintiffs' Amended Complaint inconsistent therewith.

25. The Port Authority denies the averments contained in paragraph 25 of Plaintiffs' Amended Complaint.

26 The Port Authority denies the averments contained in paragraph 26 of Plaintiffs' Amended Complaint.

27. The Port Authority admits only that the lease agreement speaks for itself. The Port Authority refers to the lease agreement for its contents and denies the remaining averments contained in paragraph 27 of Plaintiffs' Amended Complaint inconsistent therewith.

28. The Port Authority admits only that the lease agreement speaks for itself. The Port Authority refers to the lease agreement for its contents and denies the remaining averments contained in paragraph 28 of Plaintiffs' Amended Complaint inconsistent therewith.

29. The Port Authority denies the averments contained in paragraph 29 of Plaintiffs' Amended Complaint.

30. The Port Authority admits that since 1993 it has imposed a passenger wharfage charge but denies the remaining averments contained in paragraph 30 of Plaintiffs' Amended Complaint.

31. The Port Authority denies the averments contained in paragraph 31 of Plaintiffs' Amended Complaint.

32. The Port Authority admits only that the lease agreement speaks for itself, and denies the remaining averments contained in paragraph 32 of Plaintiffs' Amended Complaint inconsistent therewith.

33. The Port Authority denies the averments contained in paragraph 33 of Plaintiffs' Amended Complaint.

34. The Port Authority denies the averments contained in paragraph 34 of Plaintiffs' Amended Complaint.

35. The Port Authority denies the averments contained in paragraph 35 of Plaintiffs' Amended Complaint.

36. The Port Authority states that the memorandum of understanding speaks for itself and denies the remaining averments contained in paragraph 36 of Plaintiffs' Amended Complaint inconsistent therewith.

37. The Port Authority admits only that the financial statements speak for themselves and denies the averments contained in paragraph 37 of Plaintiffs' Amended Complaint inconsistent therewith.

38. The Port Authority denies the averments contained in paragraph 38 of Plaintiffs' Amended Complaint.

39. The Port Authority denies the averments contained in paragraph 39 of Plaintiffs' Amended Complaint.

40. The Port Authority denies the averments contained in paragraph 40 of Plaintiffs' Amended Complaint.

41. The Port Authority denies the averments contained in paragraph 41 of Plaintiffs' Amended Complaint.

42. The Port Authority denies the averments contained in paragraph 42 of Plaintiffs' Amended Complaint.

43. The Port Authority denies the averments contained in paragraph 43 of Plaintiffs' Amended Complaint.

44. The Port Authority admits the averments contained in paragraph 44 of Plaintiffs' Amended Complaint.

45. The Port Authority denies the averments contained in paragraph 45 of Plaintiffs' Amended Complaint.

46. The Port Authority is without information or belief sufficient to enable it to answer the averments contained in paragraph 46 of Plaintiffs' Amended Complaint and therefore denies the averments contained therein.

47. The Port Authority admits that ships dock at the Cilco facility for unloading bananas and other fruits for import and loading used automobiles for export but denies the remaining averments contained in paragraph 47 of Plaintiffs' Amended Complaint.

48. The Port Authority admits the averments contained in paragraph 48 of Plaintiffs' Amended Complaint, and avers that the Port Authority collects rents under leases at certain facilities other than the Ferry Tariff.

49. The Port Authority admits only that the lease agreement speaks for itself and denies the remaining averments contained in paragraph 49 of Plaintiffs' Amended Complaint inconsistent therewith. The Port Authority denies the remaining averments contained in paragraph 49 of Plaintiffs' Amended Complaint.

50. The Port Authority admits the averments contained in paragraph 50 of Plaintiffs' Amended Complaint.

51. The Port Authority admits the averments contained in paragraph 51 of Plaintiffs' Amended Complaint.

52. The Port Authority denies the averments contained in paragraph 52 of Plaintiffs' Amended Complaint.

53. The Port Authority denies the averments contained in paragraph 53 of Plaintiffs' Amended Complaint.

54. The Port Authority denies the averments contained in paragraph 54 of Plaintiffs' Amended Complaint and each subparts thereunder.

55. The Port Authority denies the averments contained in paragraph 55 of Plaintiffs' Amended Complaint.

56. The Port Authority is without information or belief sufficient to enable it to answer the averments of paragraph 56 of Plaintiffs' Amended Complaint and therefore denies the averments contained therein.

57. The Port Authority denies the averments contained in paragraph 57 of Plaintiffs' Amended Complaint.

58. The Port Authority denies the averments contained in paragraph 58 of Plaintiffs' Amended Complaint.

59. The Port Authority denies the averments contained in paragraph 59 of Plaintiffs' Amended Complaint and each subpart thereunder.

60. The Port Authority denies the averments contained in paragraph 60 of Plaintiffs' Amended Complaint.

61. The Port Authority denies the averments contained in paragraph 61 of Plaintiffs' Amended Complaint.

### Claim I

(Violation of Rivers and Harbors Appropriation Act of 1884, as Amended, 33 U.S.C. § 5(b))

62. The Port Authority adopts and incorporates herein by reference its answers to paragraphs 1-61 of Plaintiffs' Amended Complaint.

63. The Port Authority admits the existence of the Maritime Transportation Security Act and Rivers Harbors Appropriation Act but denies that said statutes are applicable hereto and denies the remaining averments contained in Paragraph 69 of Plaintiffs' Amended Complaint.

64. The Port Authority is without information or belief sufficient to enable it to answer the averments contained in paragraph 64 of Plaintiff's Amended Complaint and therefore denies the averments contained therein.

65. The Port Authority denies the averments contained in paragraph 65 of Plaintiffs' Amended Complaint.

66. The Port Authority denies the averments contained in paragraph 66 of Plaintiffs' Amended Complaint and every subpart thereunder.

67. The Port Authority denies the averments contained in paragraph 67 of Plaintiffs' Amended Complaint.

WHEREFORE, having fully answered Count I of Plaintiffs' Amended Complaint, Defendant Bridgeport Port Authority prays this Court to enter judgment in its favor on all claims set forth in Plaintiffs' Amended Complaint, at Plaintiffs' costs, and for further relief this Court deems just and appropriate.

## Claim II

(Violation of Commerce Clause of United States Constitution)

68. The Port Authority adopts and incorporates herein by reference its answers to paragraphs 1-67 of Plaintiffs' Amended Complaint.

69. The Port Authority admits the existence of the Commerce Clause of the United States Constitution but denies that said clause is applicable hereto and denies the remaining averments contained in Paragraph 69 of Plaintiffs' Amended Complaint.

70. Paragraph 70 is a statement of law to which no response is required. To the extent a response may be required, the Port Authority denies the averments contained in paragraph 70 of Plaintiffs' Amended Complaint.

71. The Port Authority denies the averments contained in paragraph 71 of Plaintiffs' Amended Complaint.

72. The Port Authority denies the averments contained in paragraph 72 of Plaintiffs' Amended Complaint.

73. The Port Authority denies the averments contained in paragraph 73 of Plaintiffs' Amended Complaint.

WHEREFORE, having fully answered Count II of Plaintiffs' Amended Complaint, Defendant Bridgeport Port Authority prays this Court to enter judgment in its favor on all claims set forth in Plaintiffs' Amended Complaint, at Plaintiffs' costs, and for further relief this Court deems just and appropriate.

## Claim III

(Violation of Right to Travel under the United States Constitution)

74. The Port Authority adopts and incorporates herein by reference its answers to paragraphs 1-73 of Plaintiffs' Amended Complaint.

75. The Port Authority admits the existence of the Commerce Clause of the United States Constitution and the Privileges and Immunities Clause of the United States Constitution but denies that said clauses are applicable hereto and denies the remaining averments contained in Paragraph 75 of Plaintiffs' Amended Complaint.

76. Paragraph 76 is a statement of law to which no response is required. To the extent a response may be required, the Port Authority denies the averments contained in paragraph 76 of Plaintiffs' Amended Complaint.

77. The Port Authority denies the averments contained in paragraph 77 of Plaintiffs' Amended Complaint.

78. The Port Authority denies the averments contained in paragraph 78 of Plaintiffs' Amended Complaint.

79. The Port Authority denies the averments contained in paragraph 79 of Plaintiffs' Amended Complaint.

80.  The Port Authority denies the averments contained in paragraph 80 of Plaintiffs' Amended Complaint.

WHEREFORE, having fully answered Count III of Plaintiffs' Amended Complaint, Defendant Bridgeport Port Authority prays this Court to enter judgment in its favor on all claims set forth in Plaintiffs' Amended Complaint, at Plaintiffs' costs, and for further relief this Court deems just and appropriate.

### Claim IV

(Violation of Tonnage Clause of United States Constitution)

81.  The Port Authority adopts and incorporates herein by reference its answers to paragraphs 1-80 of Plaintiffs' Amended Complaint.

82.  The Port Authority admits the existence of the Tonnage Clause of the United States Constitution, but denies that said clause is applicable hereto and denies the remaining averments contained in Paragraph 82 of Plaintiffs' Amended Complaint.

83.  Paragraph 83 is a statement of law to which no response is required. To the extent a response may be required, the Port Authority denies the averments contained in paragraph 83 of Plaintiffs' Amended Complaint.

84.  The Port Authority denies the averments contained in paragraph 84 of Plaintiffs' Amended Complaint.

85.  Paragraph 85 is a statement of law to which no response is required. To the extent a response may be required, the Port Authority denies the averments contained in paragraph 85 of Plaintiffs' Amended Complaint.

86.  The Port Authority denies the averments contained in paragraph 86 of Plaintiffs' Amended Complaint.

87. The Port Authority denies the averments contained in paragraph 87 of Plaintiffs' Amended Complaint.

88. The Port Authority denies the averments contained in paragraph 88 of Plaintiffs' Amended Complaint.

89. The Port Authority denies the averments contained in paragraph 89 of Plaintiffs' Amended Complaint.

WHEREFORE, having fully answered Count IV of Plaintiffs' Amended Complaint, Defendant Bridgeport Port Authority prays this Court to enter judgment in its favor on all claims set forth in Plaintiffs' Amended Complaint, at Plaintiffs' costs, and for further relief this Court deems just and appropriate.

## Claim V

(Duplication of Charges; Unjust Enrichment)

90. The Port Authority adopts and incorporates herein by reference its answers to paragraphs 1-89 of Plaintiffs' Amended Complaint.

91. The Port Authority admits that B&PJ use the Port Authority's Dock for embarking and disembarking of passengers and vehicles but denies the remaining averments contained in paragraph 91 of Plaintiffs' Amended Complaint.

92. The Port Authority denies the averments contained in paragraph 92 of Plaintiffs' Amended Complaint.

93. The Port Authority denies the averments contained in paragraph 93 of Plaintiffs' Amended Complaint.

94. The Port Authority denies the averments contained in paragraph 94 of Plaintiffs' Amended Complaint.

95. The Port Authority denies the averments contained in paragraph 95 of Plaintiffs' Amended Complaint.

WHEREFORE, having fully answered Count V of Plaintiffs' Amended Complaint, Defendant Bridgeport Port Authority prays this Court to enter judgment in its favor on all claims set forth in Plaintiffs' Amended Complaint, at Plaintiffs' costs, and for further relief this Court deems just and appropriate.

### Claim VI

(Violation of Conn. Gen. Stat. §§ 7-329a to 7-329u)

96. The Port Authority adopts and incorporates herein by reference its answers to paragraphs 1-95 of Plaintiffs' Amended Complaint.

97. The Port Authority admits the existence of Conn. Gen. Stat. § 7-329c(10) but denies that said statute is applicable hereto and denies the remaining averments contained in Paragraph 97 of Plaintiffs' Amended Complaint.

98. The Port Authority denies the averments contained in paragraph 98 of Plaintiffs' Amended Complaint.

99. The Port Authority denies the averments contained in paragraph 99 of Plaintiffs' Amended Complaint.

100. The Port Authority denies the averments contained in paragraph 100 of Plaintiffs' Amended Complaint.

101. The Port Authority denies the averments contained in paragraph 101 of Plaintiffs' Amended Complaint.

102. The Port Authority denies the averments contained in paragraph 102 of Plaintiffs' Amended Complaint.

103. The Port Authority denies the averments contained in paragraph 103 of Plaintiffs' Amended Complaint.

104. The Port Authority denies the averments contained in paragraph 104 of Plaintiffs' Amended Complaint.

105. The Port Authority denies the averments contained in paragraph 105 of Plaintiffs' Amended Complaint.

WHEREFORE, having fully answered Count VI of Plaintiffs' Amended Complaint, Defendant Bridgeport Port Authority prays this Court to enter judgment in its favor on all claims set forth in Plaintiffs' Amended Complaint, at Plaintiffs' costs, and for further relief this Court deems just and appropriate.

## Claim VII

(Unlawful Tax or User Fee Under Connecticut Law)

106. The Port Authority adopts and incorporates herein by reference its answers to paragraphs 1-105 of Plaintiffs' Amended Complaint.

107. The Port Authority denies the averments contained in paragraph 107 of Plaintiffs' Amended Complaint.

108. The Port Authority denies the averments contained in paragraph 108 of Plaintiffs' Amended Complaint.

109. The Port Authority denies the averments contained in paragraph 109 of Plaintiffs' Amended Complaint.

110. The Port Authority denies the averments contained in paragraph 110 of Plaintiffs' Amended Complaint.

WHEREFORE, having fully answered Count VII of Plaintiffs' Amended Complaint, Defendant Bridgeport Port Authority prays this Court to enter judgment in its favor on all claims set forth in Plaintiffs' Amended Complaint, at Plaintiffs' costs, and for further relief this Court deems just and appropriate.

### Claim VIII

(Violation of Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq*. ["CUTPA"])

111. The Port Authority adopts and incorporates herein by reference its answers to paragraphs 1-110 of Plaintiffs' Amended Complaint.

112. The Port Authority admits the existence of Conn. Gen. Stat. § 42-110a(3) but denies that said statute is applicable hereto and denies the remaining averments contained in paragraph 112 of Plaintiffs' Amended Complaint.

113. The Port Authority admits the existence of Conn. Gen. Stat. § 42-110a(4) but denies that said statute is applicable hereto and denies the remaining averments contained in paragraph 113 of Plaintiffs' Amended Complaint.

114. The Port Authority admits the existence of Conn. Gen. Stat. § 42-110b(a) but denies that said statute is applicable hereto and denies the remaining averments contained in paragraph 114 of Plaintiffs' Amended Complaint and every subpart thereunder.

115. The Port Authority denies the averments contained in paragraph 115 of Plaintiffs' Amended Complaint.

116. The Port Authority denies the averments contained in paragraph 116 of Plaintiffs' Amended Complaint.

WHEREFORE, having fully answered Count VIII of Plaintiffs' Amended Complaint, Defendant Bridgeport Port Authority prays this Court to enter judgment in its favor on all claims

set forth in Plaintiffs' Amended Complaint, at Plaintiffs' costs, and for further relief this Court deems just and appropriate.

### Affirmative Defenses

1. Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs lack standing to assert the claims alleged in Plaintiffs' Amended Complaint.

3. Plaintiff Bridgeport and Port Jefferson Steamboat Company lacks standing to assert any claim alleged in Plaintiffs' Amended Complaint under the doctrine of prudential standing.

4. Plaintiff Bridgeport and Port Jefferson Steamboat Company is not a real party in interest.

5. This Court does not have subject matter jurisdiction over the claims asserted in Plaintiffs' Amended Complaint.

6. This Court does not have jurisdiction over this case under the primary jurisdiction doctrine.

7. The passenger wharfage charge assessed by the Port Authority is reasonably related to the services and facilities provided to ferry passengers.

8. The claims asserted in Plaintiffs' Amended Complaint are barred by the doctrine of sovereign immunity.

9. The Port Authority reserves the right to assert any additional affirmative defenses that may develop through further discovery in this case.

Defendant

By: _____
John W. Roberts, CT 05947
Roberts, Rose & Bates, P.C.
17 Hoyt Street
P. O. Box 3610
Stamford, CT 06905
(203) 324-6755
(203) 348-5802
Jroberts@robertsrosebates.com

THOMPSON COBURN LLP

Edward J. Sheppard, #CT24760
1909 K Street, NW, #600
Washington, DC 20006
202-585-6900
Fax 202-585-6969
esheppard@thompsoncoburn.com

Timothy F. Noelker
One US Bank Plaza
St. Louis, Missouri 63101
314-552-6000
Fax 314-552-7000
tnoelker@thompsoncoburn.com

Attorneys for Defendant Bridgeport Port Authority

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served, via electronic mail and U.S. Mail, postage prepaid on the following counsel of record, this 22nd day of September, 2004:

Jonathan S. Bowman  
Stewart I. Edelstein  
Cohen and Wolf, P.C.  
1115 Broad Street  
P.O. Box 1821  
Bridgeport, CT  06601-1821  

Frank H. Loomis  
Martin Domb  
Hill, Betts & Nash LLP  
One World Financial Center  
200 Liberty Street, 26th Floor  
New York, New York 10281