# HILL, BETTS & NASH LLP
ONE WORLD FINANCIAL CENTER
200 LIBERTY STREET, 26TH FLOOR
NEW YORK, NY 10281

(212) 839-7000
FAX: (212) 466-0514
WRITER'S DIRECT PHONE:

(212) 589-7577

November 17, 2004

<u>BY E-MAIL and U.S. MAIL</u>

Timothy F. Noelker, Esq.
Thompson Coburn
One US Bank Plaza
St. Louis, MO 63101

      Re:    Bridgeport and Port Jefferson Steamboat Company, et al.
              <u>v. Bridgeport Port Authority, Case No. 3:03 CV 599 (CFD)</u>
              (Our File No.: 21.0009)

Dear Tim:

      I am writing to follow up on our telephone conversation yesterday, in which we discussed your request to take a further deposition of Brian A. McAllister concerning the financial records and performance of plaintiff Bridgeport and Port Jefferson Steamboat Company (the "Ferry Company").

      1.    A further deposition of Mr. McAllister would entail considerable additional burden and expense and therefore, in our view, should not be held unless there is a valid reason for it.

      2.    I asked you to tell us what topics you wished to cover at a deposition of Mr. McAllister that you supposedly were unable to cover with Bill Merritt (the Ferry Company's acting CFO) or that Mr. Merritt was unable to answer when you deposed him on October 28. You refused to do so.

      3.    I offered to stipulate to the authenticity of all financial records produced by the Ferry Company, given that you spent a good part of Mr. Merritt's deposition asking him to authenticate and read figures from the financial records.

      4.    I informed you that, while Mr. McAllister, who is the Ferry Company's chief executive and ultimate owner, is familiar with the company's <u>overall</u> financial performance, he does not have a <u>detailed</u> knowledge of the Ferry Company's financial records – certainly not as detailed as that of Mr. Merritt.

      5.    Following our conversation yesterday I re-read the transcript of Mr. Merritt's October 28 deposition. I found no questions you posed or topics you attempted to cover that Mr.

{NY029432.1}

FLORIDA

601 BRICKELL KEY DRIVE, SUITE 500
MIAMI, FL 33131-2662
(786) 425-9900 • FAX: (786) 425-9090



DEFENDANT'S
EXHIBIT
A

Timothy F. Noelker, Esq.
Page 2
November 17, 2004

Merritt was unable to answer. At no point did Mr. Merritt "defer" to Mr. McAllister on any questions concerning the Ferry Company's financial records or performance. Mr. Merritt "deferred" to Mr. McAllister only once, toward the end of the deposition, when you asked him to state the Ferry Company's current position concerning the relief it seeks in this lawsuit (see page 37, line 20 to page 43, line 19). That topic and line of questions did not even relate to the Ferry Company's financial records or performance, and in any event it was covered at Mr. McAllister's first deposition on February 10, 2004.

      6.     We made Mr. Merritt available for a full day to answer any and all questions concerning the Ferry Company's financial records, but you chose to question him for only 1-3/4 hours. When you concluded the questioning you did not state that Mr. Merritt was an inadequate witness or that you had topics or lines of questions that he would have been unable to answer.

      7.     In our conversation yesterday you stated that, unless we agree to schedule a further deposition of Mr. McAllister, you would move to compel it. In my view, you did not engage in a good-faith discussion of the dispute because you refused to describe the topics that you deem necessary to cover at such a deposition. In the absence of some such explanation, we consider that such a deposition would be vexatious, unnecessary and wasteful.

      8.     If you do make a motion to compel a further deposition of Mr. McAllister, I trust that you will strictly comply with the Stipulation and [Proposed] Order of Confidentiality signed by counsel and approved (with certain modifications) by Order of Judge Droney dated August 5, 2004 (the "Confidentiality Order"). In that connection, please give us five working days' prior notice of any documents or testimony that we have designated as confidential that you intend to submit with your motion, so that we may prepare the appropriate motion to seal such matter pursuant to the Confidentiality Order and Rule 5(d) of the Local Rules of Civil Procedure. (Steve Kellogg of your firm agreed to this procedure in an exchange of e-mails on August 6, 2004.)

      9.     Finally, you stated that you also are contemplating moving for a further extension of the pretrial schedule. To date counsel for both sides have cooperated on all scheduling matters and have consented to all prior requests for such extensions (which the Court approved each time). In this case, you have not stated any reason for an extension except for our dispute over the need for a further deposition of Mr. McAllister. In our view, this dispute does not warrant a further extension of the pretrial schedule.

     Please contact me if you wish to discuss this further.

                                Sincerely,

                                Martin Domb

Copy to all other counsel (by e-mail)

{NY029432.1}