UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

BRIDGEPORT AND PORT JEFFERSON
STEAMBOAT COMPANY, et al.,

2004 DEC -2  A 10: 40

U.S. DISTRICT COURT

CASE NO. 3:03 CV 599 (CFD)

Plaintiffs,

- against -

BRIDGEPORT PORT AUTHORITY,

November 24, 2004

Defendant.

---

### MOTION TO EXTEND THE PRETRIAL SCHEDULE AND TO COMPEL THE DEPOSITION OF BRIAN A. MCALLISTER

COMES NOW Defendant Bridgeport Port Authority (the "Port Authority"), by and through its undersigned attorneys, and respectfully requests the Court enter an Order compelling Plaintiff Bridgeport and Port Jefferson Steamboat Company (the "Ferry Company") to make available for deposition Brian A. McAllister, and pursuant to Local Rule 7(b), extend the pretrial schedule to accommodate this discovery. In support thereof, the Port Authority states as follows:

1. On August 5, 2003, the Port Authority sought discovery relevant to the issues raised in Plaintiff's First Amended Complaint and Defendant's defenses. In particular, the Port Authority propounded written discovery requests on Plaintiff regarding the finances of the Ferry Company from January 1, 1993 to the present, as such information is relevant to the extent of damages Plaintiff alleges as a result of the passenger fee imposed by the Port Authority.

2. Plaintiff, however, resisted the Port Authority's discovery requests, and refused to produce sufficient evidence to support its claim that it has suffered damages as a result of the

2435046

passenger fee that the Port Authority collects from its ferry passengers.  Specifically, Plaintiff refused to produce its financial records.

3.  On February 9, 2004, the Port Authority filed a motion to compel requesting that this Court enter an Order compelling Plaintiff to comply with the written discovery requests of the Port Authority.

4.  In addition to its written discovery requests directed toward Plaintiff, and before the Court ruled on its motion to compel, the Port Authority deposed three individuals:  (1) Frederick Hall, Vice President and General Manager of the Ferry Company, on March 4, 2004 and April 28, 2004; (2) William Merritt, Chief Financial Officer of the Ferry Company on, February 11, 2004; and (3) Brian A. McAllister, the Chief Executive Officer of the Ferry Company, and person most responsible for the direction of Plaintiff's litigation in this matter, on February 10, 2004.

5.  On July 8, 2004, this Court granted, in relevant part, the Port Authority's Motion to Compel requiring Plaintiff to respond to the Port Authority's discovery requests seeking financial records and related materials of the Ferry Company, subject to a confidentiality order between the parties.  See Docket #81.

6.  In response to the Court's July 8, 2004 Order, Plaintiff has produced certain financial records, including audited financial statements of The Bridgeport and Port Jefferson Steam Boat Company.

7.  After receiving and reviewing the audited financial statements from Plaintiff, the Defendant sought informally to re-depose these three individuals as they possess knowledge and information relating to the financial records of the Ferry Company.

Case 3:03-cv-00599-CFD     Document 104     Filed 12/02/2004     Page 3 of 9

8. Counsel for Plaintiff suggested that the Port Authority begin by deposing William Merritt, as Mr. Merritt would be the person most knowledgeable regarding Plaintiff's financial records.

9. Defendant agreed to this arrangement, and reserved the right to depose Mr. Hall and Mr. McAllister if it desired information from them.[1]

10. On October 28, 2004, pursuant to this understanding with Plaintiff's counsel, the Port Authority deposed Mr. Merritt. During his deposition, Mr. Merritt revealed, among other things, that he has only worked with Plaintiff for the past five years. The financial records produced by Plaintiff, however, date back ten years to 1993. As a result, Mr. Merritt could not provide testimony for the five years preceding his involvement with Plaintiff.

11. Since Mr. Merritt could not provide complete testimony sought by Defendant regarding the finances of the Ferry Company, and because Defendant still seeks to discover Mr. McAllister's knowledge and understanding of the Plaintiff's financial position, damages and related claims, the Port Authority sought to continue discovery and depose Mr. McAllister, as previously agreed.

12. However, despite its earlier agreement, counsel for Plaintiff is now refusing to produce Mr. McAllister for deposition. Plaintiff now refuses to produce Mr. McAllister because, in the opinion of Plaintiff's counsel, Defendant's counsel has not disclosed to Plaintiff the topics on which Defendant seeks testimony from Mr. Brian A. McAllister with enough specificity. See letter from Martin Domb to Tim Noelker, dated November 17, 2004, attached as Exhibit A, which explains Defendant's position.

---

[1] These conversations took place between Plaintiff's counsel Martin Domb and Defendant's counsel, Steven Kellogg of Thompson Coburn LLP. Since that time, Mr. Kellogg has left Thompson Coburn LLP. Defendant's counsel, Timothy F. Noelker has, however, confirmed these events with Mr. Kellogg.

2435046                                    - 3 -

13. Plaintiff's recalcitrance prevents Defendant from discovering information relevant to the claims and defenses in this case. The Port Authority has a right to depose Mr. Brian A. McAllister subject to the Federal Rules of Civil Procedure. Certainly, Mr. Brian A. McAllister, the person most responsible for the direction of Plaintiff's litigation, can provide information "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Moreover, Mr. Brian A. McAllister can certainly provide relevant information that is "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

14. The Port Authority need not provide to Plaintiff the questions or the scope of inquiry prior to Mr. McAllister's deposition, let alone the anticipated topics, in advanced of the deposition, although we did so, apparently not to the satisfaction of Plaintiff's counsel. The Port Authority has a right to learn the extent of what Mr. McAllister knows, as well as what Mr. McAllister does not know, relative to the issues and defenses in this case in connection with the recently produced financial records.

15. There have been five prior motions, filed jointly or on consent, to extend the discovery deadlines, and the Court approved each of them.

16. On November 16, 2004, pursuant to Local Rule 37(b), counsel for the parties conferred in good faith to resolve this matter without further Court intervention. However, counsel for Plaintiff has indicated its objection to Mr. McAllister's deposition, and as a result, has objected to an extension of the pretrial schedule. See Exhibit A, p.2.

17. By this motion, the Port Authority seeks a two-month extension of the current deadlines to depose Brian A. McAllister. The time will allow Defendant's counsel sufficient time to take the deposition of Mr. Brian A. McAllister and conclude discovery in this matter.

18. We respectfully submit that, as the foregoing shows, the parties have conducted discovery and other pretrial proceedings diligently.

19. Defendant requests the extension of the current pretrial schedule to accommodate the aforementioned deposition of Mr. Brian A. McAllister as follows:

| Event | Current Deadlines | Proposed New Deadlines |
|---|---|---|
| Depositions of fact witnesses to be completed | April 30, 2004 | Completed |
| Documentary fact discovery to be completed | April 30, 2004 | Completed |
| Plaintiffs to designate trial experts and serve experts' reports and damages analysis | June 30, 2004 | Completed |
| Depositions of plaintiffs' experts to be completed | July 31, 2004 | Completed |
| Defendant to designate trial experts | August 31, 2004 | Completed |
| Depositions of defendant's experts and all other discovery to be completed | October 31, 2004 | December 31, 2004 |
| Dispositive motions to be filed | November 30, 2004 | January 31, 2005 |
| Joint trial memorandum to be filed and case to be ready for trial | December 21, 2004 | February 28, 2005 |

WHEREFORE, Defendant Bridgeport Port Authority respectfully requests that the Court grant this motion.

Respectfully submitted,

Defendant

BY:

John W. Roberts, CT 05947
Roberts, Rose & Bates, P.C.
17 Hoyt Street
P. O. Box 3610
Stamford, CT 06905
(203) 324-6755
(203) 348-5802
Jroberts@robertsrosebates.com

THOMPSON COBURN LLP

Edward J. Sheppard, #CT24760
1909 K Street, NW, #600
Washington, DC 20006
202-585-6900
Fax 202-585-6969
esheppard@thompsoncoburn.com

Timothy F. Noelker, #CT26291
One US Bank Plaza
St. Louis, Missouri 63101
314-552-6000
Fax 314-552-7000
tnoelker@thompsoncoburn.com

Attorneys for Defendant Bridgeport Port
Authority

2435046

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served, via electronic mail and U.S. Mail, postage prepaid on the following counsel of record, this 24th day of November, 2004:

Jonathan S. Bowman
Stewart I. Edelstein
Cohen and Wolf, P.C.
1115 Broad Street
P.O. Box 1821
Bridgeport, CT  06601-1821

Frank H. Loomis
Martin Domb
Hill, Betts & Nash LLP
One World Financial Center
200 Liberty Street, 26th Floor
New York, New York 10281

2435046

- 7 -

# HILL, BETTS & NASH LLP

ONE WORLD FINANCIAL CENTER
200 LIBERTY STREET, 26TH FLOOR
NEW YORK, NY 10281

(212) 839-7000
FAX: (212) 466-0514
WRITER'S DIRECT PHONE:

(212) 589-7577

November 17, 2004

<u>BY E-MAIL and U.S. MAIL</u>

Timothy F. Noelker, Esq.
Thompson Coburn
One US Bank Plaza
St. Louis, MO 63101

Re:     Bridgeport and Port Jefferson Steamboat Company, et al.
        <u>v. Bridgeport Port Authority,</u> Case No. 3:03 CV 599 (CFD)
        (Our File No.:   21.0009)

Dear Tim:

I am writing to follow up on our telephone conversation yesterday, in which we discussed your request to take a further deposition of Brian A. McAllister concerning the financial records and performance of plaintiff Bridgeport and Port Jefferson Steamboat Company (the "Ferry Company").

1.     A further deposition of Mr. McAllister would entail considerable additional burden and expense and therefore, in our view, should not be held unless there is a valid reason for it.

2.     I asked you to tell us what topics you wished to cover at a deposition of Mr. McAllister that you supposedly were unable to cover with Bill Merritt (the Ferry Company's acting CFO) or that Mr. Merritt was unable to answer when you deposed him on October 28. You refused to do so.

3.     I offered to stipulate to the authenticity of all financial records produced by the Ferry Company, given that you spent a good part of Mr. Merritt's deposition asking him to authenticate and read figures from the financial records.

4.     I informed you that, while Mr. McAllister, who is the Ferry Company's chief executive and ultimate owner, is familiar with the company's <u>overall</u> financial performance, he does not have a <u>detailed</u> knowledge of the Ferry Company's financial records – certainly not as detailed as that of Mr. Merritt.

5.     Following our conversation yesterday I re-read the transcript of Mr. Merritt's October 28 deposition. I found no questions you posed or topics you attempted to cover that Mr.

{NY029432.1 }

FLORIDA

601 BRICKELL KEY DRIVE, SUITE 500
MIAMI, FL 33131-2662
(786) 425-9900 • FAX: (786) 425-9090



Timothy F. Noelker, Esq.
Page 2
November 17, 2004

Merritt was unable to answer. At no point did Mr. Merritt "defer" to Mr. McAllister on any questions concerning the Ferry Company's financial records or performance. Mr. Merritt "deferred" to Mr. McAllister only once, toward the end of the deposition, when you asked him to state the Ferry Company's current position concerning the relief it seeks in this lawsuit (see page 37, line 20 to page 43, line 19). That topic and line of questions did not even relate to the Ferry Company's financial records or performance, and in any event it was covered at Mr. McAllister's first deposition on February 10, 2004.

     6.    We made Mr. Merritt available for a full day to answer any and all questions concerning the Ferry Company's financial records, but you chose to question him for only 1-3/4 hours. When you concluded the questioning you did not state that Mr. Merritt was an inadequate witness or that you had topics or lines of questions that he would have been unable to answer.

     7.    In our conversation yesterday you stated that, unless we agree to schedule a further deposition of Mr. McAllister, you would move to compel it. In my view, you did not engage in a good-faith discussion of the dispute because you refused to describe the topics that you deem necessary to cover at such a deposition. In the absence of some such explanation, we consider that such a deposition would be vexatious, unnecessary and wasteful.

     8.    If you do make a motion to compel a further deposition of Mr. McAllister, I trust that you will strictly comply with the Stipulation and [Proposed] Order of Confidentiality signed by counsel and approved (with certain modifications) by Order of Judge Droney dated August 5, 2004 (the "Confidentiality Order"). In that connection, please give us five working days' prior notice of any documents or testimony that we have designated as confidential that you intend to submit with your motion, so that we may prepare the appropriate motion to seal such matter pursuant to the Confidentiality Order and Rule 5(d) of the Local Rules of Civil Procedure. (Steve Kellogg of your firm agreed to this procedure in an exchange of e-mails on August 6, 2004.)

     9.    Finally, you stated that you also are contemplating moving for a further extension of the pretrial schedule. To date counsel for both sides have cooperated on all scheduling matters and have consented to all prior requests for such extensions (which the Court approved each time). In this case, you have not stated any reason for an extension except for our dispute over the need for a further deposition of Mr. McAllister. In our view, this dispute does not warrant a further extension of the pretrial schedule.

     Please contact me if you wish to discuss this further.

Sincerely,

Martin Domb

Copy to all other counsel (by e-mail)

{NY029432.1 }