UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIDGEPORT AND PORT JEFFERSON
STEAMBOAT COMPANY, et al.,

    Plaintiffs,

CASE NO. 3:03 CV 599 (CFD)

- against -

BRIDGEPORT PORT AUTHORITY,

November 24, 2004

    Defendant.

### AFFIDAVIT IN ACCORDANCE WITH LOCAL RULE 37(a)

COMES NOW Timothy F. Noelker, in accordance with Local Rule 37(a) of the United States District Court for the District of Connecticut and states upon his oath as follows:

1. I am a partner with the firm of Thompson Coburn LLP and am one of the lawyers representing the Defendant Bridgeport Port Authority in the case noted above.

2. As more fully set forth in our accompanying Motion to Extend the Pretrial Schedule and Compel the Deposition of Brian A. McAllister, on November 16, 2004, I conferred with Martin Domb, counsel for Plaintiff, Bridgeport and Port Jefferson Steamboat Company, concerning Defendant's desire to depose Brian A. McAllister, Plaintiff's CEO and the individual most responsible for the direction of Plaintiff's litigation.

3. I discussed with Mr. Domb our understanding (that I had confirmed with Steven Kellogg, prior Thompson Coburn counsel on the case who had dealt with Mr. Domb) that we had agreed to begin our depositions concerning the recently produced financial records of Plaintiff by deposing William Merritt, Plaintiff's CFO. I said that we desired further to take the deposition of Mr. McAllister along the same lines, noting among other things, that Mr. Merritt could only

give testimony for half of the records in question because he had only been with the company for the past five years. Mr. Domb was under the impression that we would not be allowed to ask any questions of Mr. McAllister that could have been answered by Mr. Merritt, and offered to stipulate to the financial records. I explained to Mr. Domb that we are entitled to question Mr. McAllister about the financial records and damages alleged by Plaintiff in this case along the same lines of the questions asked of Mr. Merritt. I added that we would arrange the deposition at a place convenient to Mr. McAllister to minimize any burden or disruption.

4. Mr. Domb persisted under the apparent impression that we were required to satisfy him as to the questions or the topics of inquiry from Mr. McAllister. While not being obligated to do so, I told Mr. Domb that we would inquire about the financial records and damages in this case, similar to the questioning of Mr. Merritt but in more detail, especially since Mr. Merritt could only testify to half of the financial records. I added that an offer to stipulate to the authenticity of the records was acceptable, but that we were still entitled to question Mr. McAllister.

5. We were unable to come to an agreement on this discovery dispute, and Mr. Domb's November 17, 2004 letter, attached as Exhibit A to the accompanying Motion, followed.

FURTHER AFFIANT SAYETH NAUGHT.

_____
TIMOTHY F. NOELKER

STATE OF MISSOURI    )
                     ) SS.
CITY OF ST. LOUIS    )

On this 24th day of November, 2004, before me appeared Timothy F. Noelker, to me personally known, who being by me duly sworn, did state that he is authorized to make this

- 2 -

affidavit on behalf of Thompson Coburn LLP, and that the statements made herein are true to the best of his knowledge, information and belief.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix my official seal in the City and State aforesaid, the date and year written above.

_Kathleen A. Hoehl_
Notary Public

My Commission Expires:

KATHLEEN A. HOEHL
Notary Public — Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: Aug. 24, 2008

- 3 -