UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIDGEPORT AND PORT JEFFERSON
STEAMBOAT COMPANY, et al.,

        Plaintiffs,

  - against -

BRIDGEPORT PORT AUTHORITY,

        Defendant.

CASE NO. 3:03 CV 599 (CFD)

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EXPERT WITNESS GEORGE M. SHAWAH**

Plaintiffs submit this memorandum of law in opposition to the motion in limine of defendant, Bridgeport Port Authority (the "Port Authority"), to exclude the testimony and opinions of plaintiffs' designated real estate appraisal expert, George M. Shawah.

**Introduction**

The Court is familiar with this action, having issued pretrial rulings on two substantive motions.[1]  Briefly, plaintiffs – Bridgeport and Port Jefferson Steamboat Company (the "Ferry Company") and two of its passengers – claim that the per-trip tariff imposed by the Port Authority on ferry passengers (the "Passenger Fee") is excessive and therefore illegal.  Plaintiffs seek compensatory damages with respect to excessive collections to date and injunctive and declaratory relief with respect to future collections.

---

[1] Bridgeport [and] Port Jefferson Steamboat Co. v. Bridgeport Port Authority, 2004 WL 840140 (D. Conn., Apr. 15, 2004) (denying motion for preliminary injunction); and Bridgeport and Port Jefferson Steamboat Co. v. Bridgeport Port Authority, 335 F. Supp. 2d 275 (D. Conn., Sept. 8, 2004) (denying motions to dismiss and for partial summary judgment).

**ORAL ARGUMENT REQUESTED**

Mr. Shawah is an experienced real estate appraiser based in Bridgeport, Connecticut. He has been actively engaged in the appraisal of commercial and industrial properties for over 37 years (Port Auth. Mem. Ex. C, second page [Mr. Shawah's qualifications]).[2] In 1997, shortly before the Port Authority and the Ferry Company entered into a lease that granted the Ferry Company non-exclusive use of the Water Street Dock and access to the first floor of the recently completed ferry terminal building, Mr. Shawah performed an appraisal of the property. He concluded that the rental value of the land and the first floor of the ferry terminal, as of February 1, 1997, was $83,000 per year. The lease, effective as of December 1, 1988, set the first year's rental at $100,000 (with yearly increases thereafter). Plaintiffs' purpose in designating Mr. Shawah as an expert witness is to lay a foundation for the admissibility of his 1997 appraisal, to show that the lease provides for rental payments at or above fair market value.

## ARGUMENT

In moving to exclude Mr. Shawah as an expert witness, the Port Authority misapprehends the reason that plaintiffs designated Mr. Shawah to testify at trial. Plaintiffs have <u>not</u> designated Mr. Shawah to testify as to the fair market value of the Water Street Dock property <u>at present</u> (or recently). Rather, plaintiffs designated Mr. Shawah simply to have him authenticate and explain his appraisal dated June 3, 1997, in which he appraised the value of that property <u>as of February 1, 1997</u>.

---

[2] References herein are as follows: "**Domb Decl.**" means the accompanying Declaration of Martin Domb (to which copies of documents referred to herein are attached); "**Port Auth. Mem.**" means the Port Authority's memorandum of law in support of its motion in limine as to Mr. Shawah; "**Shawah Report**" means the Report of George M. Shawah dated June 18, 2004, a copy of which is attached as Exhibit C to the Port. Auth. Mem.; "**Shawah Appraisal**" means Mr. Shawah's 1997 appraisal of the Water Street Dock property, which was attached to the Shawah Report and a copy of which is attached as Exhibit A to the Port. Auth. Mem.

Mr. Shawah's 1997 appraisal was and is significant, and highly relevant to this case, for the following reasons:

(a) Mr. Shawah's appraisal is (to our knowledge) the only appraisal by a qualified real estate appraiser that has been done with respect to the land and terminal building at the Water Street Dock.

(b) The appraisal was made after the terminal building that is currently on that site was completed.

(c) The appraisal was made shortly before the Ferry Company and the Port Authority entered into the lease for docking at the Water Street Dock (as subsequently amended) (the "Lease") (the Lease became effective as of December 1, 1998) (see Domb Decl. Ex. A).

(d) The Ferry Company relied on the appraisal in negotiating the rentals under the Lease (expected trial testimony of Ferry Company representatives).

(e) In 1997, Mr. Shawah appraised the rental value of the land and the first floor of the terminal building, to which the Ferry Company and its passengers have access under the Lease, at $83,000 per year (Shawah Appraisal, June 3, 1997 cover letter); the first year's rental under the Lease, for the period December 1, 1998 to November 30, 1999, was $100,000 (Domb Decl. Ex. A, p. 4).

(f) The rentals payable under the Lease have increased each year since and, under a first amendment dated July 29, 2002, are scheduled to increase each year until 2010 (*id.*; *see also* Domb Decl. Ex. B [Lease amendment], section 5 at p. 3). For example, the rental in the current year (December 1, 2004 to November 30, 2005) is $126,232 (Domb Decl. Ex. B, section 5 at p. 3).

(g) The Lease as amended is still in effect and can be extended for up to two ten-year periods after 2010, with rental payments after 2010 to be set at "fair rental value" (Domb Decl. Ex. B, section 4 at pp. 1-3).

(h) The Ferry Company's calculation of its damages in this case, by reason of the Passenger Fee overcharge, relies, in part, on the fact that the Ferry Company has paid (and will pay) rent for its use of the Water Street Property at or above its fair rental value. The rental payments are part of the Ferry Company's calculation of the reasonable cost of the facilities and services that the Port Authority actually provides to the ferry operation: the damages calculation gives credit to the Port Authority for providing the use of the dock and the first floor of the terminal building at a cost equal to the Lease rentals (*see* Domb Decl. Ex. C [Exhibit 5 to Expert Report of Alan A. Schachter, incorporating rental payments under Lease]).

(i) Mr. Shawah's report is evidence that the rentals specified in the Lease as amended, in effect from 1998 until at least 2010, are, indeed, at or above fair rental value.

(j) The Port Authority has not provided any evidence as to the property's fair rental value, in 1997 or at any other time.

Plaintiffs' purpose in calling Mr. Shawah as an expert is to lay a foundation for the admissibility of his 1997 appraisal, and, if necessary, to have him briefly explain the basis for his conclusions. Mr. Shawah recently reviewed his 1997 appraisal and confirmed that his conclusions as to the property's rental value <u>at that time</u> were correct and that he stands by them (Shawah Report).

If the Port Authority stipulates to the admissibility of Mr. Shawah's 1997 appraisal, and opts to forego the opportunity to cross-examine him at trial, then plaintiffs may not even need to call Mr. Shawah at all. Plaintiffs would simply offer his 1997 appraisal in evidence.

Alternatively, if the Port Authority refuses to stipulate to the admissibility of Mr. Shawah's 1997 appraisal, then plaintiffs might call Mr. Shawah as a <u>fact</u> witness, to authenticate and lay a foundation for the admissibility of his 1997 appraisal.

Thus, the Port Authority's objections to Mr. Shawah testifying as an expert on the ground that he should not be allowed to opine as to the market or rental value of the property <u>today</u> are academic. Plaintiffs have no intention of asking Mr. Shawah to so opine, and his report does not state that he intends to do so.

The Port Authority's objection to Mr. Shawah testifying on the ground that his 1997 appraisal is not relevant to the issues in this case is simply unfounded and contrary to the evidence. As summarized in ¶¶ (a) through (j) above, the appraised value of the property in 1997 was a key factor on which the Ferry Company relied in negotiating the rentals under the Lease, which is still in effect. The appraisal supports plaintiffs' position that the Lease rentals are at or above market rates. Those rental payments are an element of the Ferry Company's damages calculation. The appraisal thus is highly relevant to the quantum of damages in this case.

The Port Authority in no way has challenged Mr. Shawah's qualifications as a real estate appraiser or the methodology he used in his 1997 appraisal.

**Conclusion**

For the foregoing reasons and those set forth in the accompanying Domb Declaration, plaintiffs respectfully submit that the Court should deny the Port Authority's in limine motion with respect to Mr. Shawah.

Dated:     February 22, 2005

BRIDGEPORT AND PORT JEFFERSON
STEAMBOAT COMPANY, D & D WHOLESALE
FLOWERS, INC., and FRANK C. ZAHRADKA
*Plaintiffs*

By:     /s/
        _____
        Martin Domb, Federal Bar No. ct 09544
        E-mail:  mdomb@hillbetts.com
        Eric M. Underriner, Federal Bar No. ct 26020
        E-mail: eunderriner@hillbetts.com
        HILL, BETTS & NASH LLP
        One World Financial Center
        200 Liberty Street, 26th Floor
        New York, New York 10281-1003
        Tel. (212) 589-7577
        Fax (212) 466-0514

        Jonathan S. Bowman, Federal Bar No. ct 08526
        E-mail:  jbowman@cohenandwolf.com
        Stewart I. Edelstein, Federal Bar No. ct 06021
        E-mail:  sedelstein@cohenandwolf.com
        COHEN AND WOLF, P.C.
        1115 Broad Street, P.O. Box 1821
        Bridgeport, Connecticut 06601-1821
        Tel. (203) 368-0211
        Fax (203) 576-8504

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2005, a copy of the foregoing was served via e-mail and U.S. mail upon the following counsel for defendant Bridgeport Port Authority:

| | |
|---|---|
| John W. Roberts. Esq.<br>Roberts, Rose & Bates, P.C.<br>17 Hoyt Street<br>Stamford, CT 06905 | Edward J. Sheppard, IV, Esq.<br>Thompson Coburn<br>1909 K Street, N.W., Suite 600<br>Washington, D.C. 20005-2010 |

Timothy F. Noelker, Esq.
Jason C. Rahoy, Esq.
Thompson Coburn
One US Bank Plaza
St. Louis, MO 63101

By: /s/
_____
Martin Domb
Federal Bar No. ct 09544
E-mail: mdomb@hillbetts.com
HILL, BETTS & NASH LLP
One World Financial Center
200 Liberty Street, 26th Floor
New York, New York 10281-1003
Tel. (212) 589-7577
Fax (212) 466-0514