UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


**BRIDGEPORT AND PORT JEFFERSON**
**STEAMBOAT CO., et al,**
         **-Plaintiffs**


         -v-                              CIVIL 3:03CV599(CFD)(TPS)


**BRIDGEPORT PORT AUTHORITY**
         **-Defendant**


### RULING ON DEFENDANT'S MOTION TO EXTEND PRETRIAL SCHEDULE AND TO COMPEL DEPOSITION OF BRIAN A. MCALLISTER

The plaintiffs, Bridgeport and Port Jefferson Steamboat Company, et al (the "Ferry Company"), commenced this action against the defendant, Bridgeport Port Authority (the "Port Authority"), alleging, *inter alia*, that the per-trip tariff imposed by the Port Authority on ferry passengers is excessive and therefore illegal. (Pl.'s Mem. Opp. Mot., 12/7/04, at 1-2). Pending before the court is the defendant's Motion to Extend the Pretrial Schedule and to Compel the Deposition of Brian A. McAllister. **(Dkt. #104).**[1] For the following reasons the defendant's motions are **GRANTED**.

The relevant facts are as follows:

---

[1] The docket reflects that the defendant filed two identical motions: one on November 24, 2004 (Dkt. # 101) and one on December 2, 2004 (Dkt. # 104). Accordingly, the court **FINDS** that the former **(Dkt. #101)** is **MOOT**.

On August 5, 2003, the defendant propounded discovery requests to the plaintiffs regarding, *inter alia*, the finances of the Ferry Company from January 1, 1993. (D.'s Mot. Comp., 11/24/04, at 1). The plaintiffs resisted and the Port Authority filed a motion to compel on February 9, 2004. (<u>Id.</u>; Dkt. #43). Soon thereafter, the defendant, through the normal course of discovery, deposed three individuals: (1) Frederick Hall, Vice-President and General Manager of the Ferry Company; (2) William Merritt, Chief Financial Officer of the Ferry Company; and (3) Brian A. McAllister, the Chief Executive Officer of the Ferry Company. (D.'s Mot. Comp., 11/24/05, at 2).

On July 8, 2004, Judge Droney granted the motion to compel in relevant part. (Dkt. #81). The plaintiffs duly complied with the accompanying order and produced the relevant material. (D.'s Mot. Comp., 11/24/04, at 2). Upon review of the production, the Port Authority sought to re-depose the aforementioned as "they possess knowledge and information relating to the financial records of the Ferry Company." (<u>Id.</u>). Plaintiff's counsel suggested that the Port Authority begin by re-deposing William Merritt, as "Mr. Merritt would be the person most knowledgeable regarding Plaintiff's financial records." (<u>Id.</u> at 3). Still, the defendant asserts that it "reserved the right to depose Mr. Hall and Mr. McAllister if it desired information from them." (<u>Id.</u>).

The defendant re-deposed Mr. Merritt on October 28, 2004.

(Id.). However, because Mr. Merritt has only worked for the Ferry Company for the past five years and given that the financial records at issue date back ten years, the defendant was not satisfied with his testimony. (Id.). As a result, the defendant now seeks to re-depose Mr. McAllister and the plaintiffs are resisting. (Id.).

## Standard of Review

The scope of permissible discovery is quite broad. Marchello v. Chase Manhatten Auto Fin. Corp., 219 F.R.D. 217, 218 (D. Conn. 2004). See also Hickman v. Taylor, 329 U.S. 495, 507 (1947)(stating that "the deposition-discovery rules are to be accorded a broad and liberal treatment"). Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth its scope and limitations, providing:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "Discovery is normally allowed into any matter that bears upon the issues or reasonably could lead to relevant information." Kimbro v. I.C. System, Inc., No. 3:01CV1676, 2002 U.S. Dist. LEXIS 14599, at *2 (D. Conn. Jul. 22, 2002). Moreover, in the Second Circuit, "this obviously broad rule is liberally construed." Daval Steel Prods. v. M/V Fakredine, 951

F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

If a party resists or objects to discovery, Rule 37 of the Federal Rules of Civil Procedure provides that the other party, "upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery . . . ." Fed. R. Civ. P. 37(a). A party may object to a request if it is irrelevant, overly broad, or unduly burdensome. Charles A. Wright, et al., 8A Federal Practice & Procedure § 2174, at 297 (2d ed. 1994). To prevail on its objection, however, the objecting party must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984).

The objecting party bears the burden of demonstrating "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, [unduly] burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Id. (internal citations and quotation marks omitted). See also Kimbro, 2002 U.S. Dis. LEXIS 14599 at *2 (stating that "the objecting party . . . bears the burden of showing why discovery should be denied")(citation omitted). Moreover, the court, in deciding discovery issues, is afforded broad discretion. See Wills v. Amerada Hess Corp., 379

F.3d 32, 41 (2d Cir. 2004).

## Discussion

No dispute currently exists regarding the relevance of the deposition in question. The plaintiffs do not posit that the deposition would elicit information that is irrelevant, overly broad, or unduly burdensome. The crux of the plaintiffs' argument is that because Mr. Merritt is more knowledgeable than Mr. McAllister regarding the Ferry Company's finances, "there is no valid reason to hold a further deposition of Mr. McAllister." (Pl.'s Mem. Opp. Mot., 12/7/04, at 3). However, the court notes, ,, the defendant does not bear the burden of providing a reason. The plaintiff bears the burden of providing a valid reason why discovery *should be denied*. See Kimbro, 2002 U.S. Dis. LEXIS 14599 at *2. In this regard, the court finds that the plaintiffs have failed to sustain their burden.

The plaintiffs make much of Mr. McAllister's testimony at his initial deposition:

> Q. Would it be fair to say that Mr. Merritt would be the one to ask more detailed questions about this area than yourself?
>
> A. He's more knowledgeable than I am about finance. I have a general knowledge of it.
>
> Q. So he might know how the fee that is paid to McAllister Towing is calculated?
>
> A. Well, I have some general knowledge, but he has better knowledge.

(Id. at 4)(citations omitted). While this testimony may indicate

-5-

that Mr. Merritt is more knowledgeable than Mr. McAllister regarding the Ferry Company's finances, it also indicates that Mr. McAllister has knowledge of his own. Clearly then, at the very least, his further testimony is "reasonably calculated to lead to the discovery of admissible evidence." See Fed. R. Civ. P 26(b)(1).

Based upon the foregoing, the court finds that the plaintiffs have failed to sustain their burden of demonstrating that discovery be denied. See Kimbro, 2002 U.S. Dis. LEXIS 14599 at *2. The court also finds that the deposition is not unduly burdensome, especially in light of the fact that the plaintiffs' resistance to producing relevant materials created the need to re-depose these individuals in the first place. As such, the plaintiffs are hereby **ORDERED** to avail Mr. McAllister to the defendant for further deposition at a mutually agreeable time and place within 30 days. The scope of the deposition shall be limited to information regarding the finances and financial records of the Ferry Company.

As a result, the defendant's motion to extend the pretrial schedule is granted. However, because the proposed deadlines are moot, the following dates shall apply: Depositions of defendant's experts and all other discovery shall be completed by **March 31, 2005**; Dispositive motions shall be filed by **April 30, 2005**; and the Joint Trial Memorandum shall be filed and the case shall be trial ready by **May 31, 2005.**

This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. See 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 2nd day of March, 2005.**


**/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**