UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIDGEPORT AND PORT JEFFERSON STEAMBOAT COMPANY, *et al.*, | )<br>)  Case No. 03-CV-599 (CFD)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| BRIDGEPORT PORT AUTHORITY, | )  March 7, 2005<br>) |
| Defendant. | )<br>) |

**REPLY OF THE BRIDGEPORT PORT AUTHORITY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EXPERT WITNESS GEORGE M. SHAWAH**

We agree with plaintiffs that this Court is familiar with the issues presented in this case: "[t]he subject of this action is the validity of a passenger wharfage fee . . . that the Port Authority imposes on all ferry passengers." (Docket #88, p.1) Yet, as set forth in the Port Authority's motion in limine, and acknowledged in Plaintiffs' response thereto, Mr. Shawah's eight year-old appraisal of the market and rental value of 1.77 acres of land and the rental value of the first floor of the terminal building is limited to the appraised value as of February 1, 1997, not the current or even recent value. Accordingly, Shawah's report and testimony do not pass muster under Daubert v. Merrell Dow Pharm., and should not be admitted. 509 U.S. 579 (1993).

A. **Plaintiffs Admit That They Are Not Offering The 1997 Shawah Report As Evidence Of Present-Day Property Valuations**

In their opposition memorandum, Plaintiffs claim that the Port Authority "misapprehends" the reason for which they seek to offer Mr. Shawah's testimony (Docket #124, p.2), and that the Port Authority's objection to Mr. Shawah's appraisal (as irrelevant to present-

3081498                                                        **ORAL ARGUMENT REQUESTED**

day market and rental valuation) is "academic" simply because Mr. Shawah will not opine on the property's current market value. (Docket #124, p.5) This over-simplification is misleading –a real estate appraisal outdated by eight years is an outdated appraisal, no matter the purpose for which it is tendered.

While Plaintiffs concede that they "have not designated Mr. Shawah to testify as to the fair market value of the Water Street Dock property at present (or recently)", what they are attempting to do is to use the 1997 rental valuation to estimate the alleged "reasonable" cost of providing facilities and services to the Bridgeport port for every year after 1997. Id. at 2. In so doing, Plaintiffs calculate the supposed "overcharge" by assuming that the property's fair market rental value does not exceed the Ferry Company's rental payments under the lease.[1] Id. at 4. This is evident by Plaintiffs' assertion that Mr. Shawah's 1997 appraisal is "evidence that the rentals specified in the Lease as amended, in effect from 1998 until at least 2010, are, indeed, at or above fair rental value." Id. at 4 (emphasis added). Stated simply, Plaintiffs contend that the "purpose in designating Mr. Shawah as an expert witness is . . . to show that the lease provides for rental payments at or above fair market value." Id. at 2.

Plaintiffs' contention implies that Mr. Shawah's 1997 appraisal supports their claim that the Ferry Company's rental payments are "at or above fair market value" not only for 1997 – the year the property was appraised – but for each year thereafter. Indeed, Plaintiffs have not offered any evidence of the property's current fair market or rental value.[2]

---

[1] Plaintiffs' expert witness, Mr. Alan A. Schachter, reviewed Mr. Shawah's appraisal of the rental value of the property and assumed that the Ferry Company has leased the property "at a fair rental value" to calculate the alleged "overcharge" for his third damages model. See Schachter Report, Exhibit 5, p.2.

[2] Plaintiffs' assertion that the Port Authority "has not provided any evidence as to the property's fair rental value, in 1997 or at any other time" is irrelevant and does not support their position. (Docket #124, p.4) Indeed, it is Plaintiffs who have the burden of proof as to the amount of alleged damages, not the Port Authority, and cannot, therefore, rely on the absence of recent market data to support their claim that the Ferry Company's rentals are at or exceed the current rental value of the property.

As detailed below, however, the Bridgeport port and surrounding area have been significantly improved (much of that improvement being done by the Port Authority) since 1997. The improvements certainly have affected the fair market and rental value of property. Shawah Depo., p.76-77.

### B. The Water Street Dock And Surrounding Area Have Been Substantially Improved Since February Of 1997

Mr. Shawah's 1997 appraisal cannot support Plaintiffs' claim that the Ferry Company's rental payments for each year following 1997 meet or exceed the fair rental value of the property because that property has changed. Indeed, Mr. Shawah admitted that he considered neighborhood data in his appraisal of the property. See Shawah Report, Section 10. Consequently, the 1997 rental valuations are based, in part, on an evaluation of the then-existing area surrounding the Water Street Dock.

Since 1997, however, the Water Street Dock has been dramatically improved. Even Mr. Shawah recognized that there has been a general "upgrading of the neighborhood." Shawah Depo., p. 77. Specifically, a baseball stadium and sports arena have been added to the neighborhood. Id. at 76. In addition, there is now a new access road to the port. Id. Similarly, the low underpass has been eliminated, an enhancement Mr. Shawah recognizes as a "major accomplishment." Id. The Port Authority is also adding a substantial parking facility. Id. at 77.

Mr. Shawah agrees that each of these improvements influence the market and rental value of the property. Specifically, Mr. Shawah said, "[i]f I appraised the property today these are factors I would take into consideration," adding, "[a]ny factor, anything like [the parking facility] would be taken into consideration." Id. at p.76-77. Consequently, Mr. Shawah's antiquated report does not assist the trier of fact in determining the fair rental value of the terminal building for any year after 1997.

This is significant because Plaintiffs' damages expert, Alan Schachter, used this assumption – that the rental payments are at or exceed fair market rental value of the property – to calculate his alleged "overcharge." See Schachter Report, Exhibit 5. In particular, he assumed that the Ferry Company's rental payments equal the rental value of the property.[3] Id. This presumption, in effect, eliminates a significant operating expense. If, on the other hand, the fair rental value, in actuality, exceeds the Ferry Company's rental payments for any given year, Mr. Schachter's estimated "overcharge" would be reduced proportionately.

Therefore, Mr. Shawah's 1997 appraisal is not relevant to the extent that Plaintiffs allege the rental payments under the current lease meet or exceed the fair market and rental value of the property for each year after 1997.

## Conclusion

For all the forgoing reasons, the Bridgeport Port Authority respectfully requests this Court grant its motion in limine to exclude the outdated report and proffered testimony of Plaintiffs' designated expert witness, Mr. George M. Shawah, and for such other relief as this Court deems appropriate under the circumstances.

Assuming that this Court finds Mr. Shawah's 1997 appraisal somehow relevant to this matter, the Port Authority respectfully requests that this Court limit its admissibility to an opinion of the fair market rental value of the property as of 1997.

---

[3] This assumption was not applied to the year 1993, for which the fair market rental value of the property was estimated at $75,000, while the Ferry Company's rental payments totaled $14,400. Schachter Report, Exhibit 5.

Respectfully submitted,

THOMPSON COBURN LLP

    Edward J. Sheppard, #CT24760
    1909 K Street, NW, #600
    Washington, DC 20006
    202-585-6900
    Fax 202-585-6969
    esheppard@thompsoncoburn.com

By _____
    Timothy F. Noelker, #CT26291
    Jason C. Rahoy, #CT26290
    One US Bank Plaza
    St. Louis, Missouri 63101
    314-552-6000
    Fax 314-552-7000
    tnoelker@thompsoncoburn.com

Attorneys for Defendant Bridgeport Port Authority

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served, via electronic mail and U.S. Mail, postage prepaid, on the following counsel of record, this 7th day of March, 2005:

| | |
|---|---|
| Jonathan Bowman (CT# 08526) | Martin Domb (CT# 09544) |
| Stewart I. Edelstein (CT# 06021) | Eric M. Underriner |
| COHEN AND WOLF, P.C. | HILL, BETTS & NASH LLP |
| 1115 Broad Street | One World Financial Center |
| P.O. Box 1821 | 200 Liberty Street, 26th Floor |
| Bridgeport, Connecticut 06601-1821 | New York, New York 10281-1003 |
| Tel. (203) 368-0211 | Tel. (212) 589-7577 |
| Fax (203) 576-8504 | Fax (212) 466-0514 |

_____

3081498

- 5 -

ORAL ARGUMENT REQUESTED