UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIDGEPORT AND PORT JEFFERSON
STEAMBOAT COMPANY, et al.,

        CASE NO. 3:03 CV 599 (CFD)

    Plaintiffs,

- against -

BRIDGEPORT PORT AUTHORITY,        March 21, 2005

    Defendant.
_____/

**PLAINTIFFS' MOTION *IN LIMINE* AND MEMORANDUM OF LAW
AS TO CERTAIN OF DEFENDANT'S DESIGNATED TRIAL EXHIBITS**

Pursuant to the Court's standard Trial Memorandum Order (Non-Jury Cases), plaintiffs, Bridgeport and Port Jefferson Steamboat Company (the "Ferry Company"), D & D Wholesale Flowers Inc. and Frank Zahradka, move *in limine* for an order excluding or limiting the use of certain of the trial exhibits designated by defendant, Bridgeport Port Authority ("Port Authority").

The parties filed their Proposed Joint Trial Memorandum on February 1, 2005 (the "Trial Memo."). In it, the Port Authority designated 228 trial exhibits (Trial Memo., pp. 81-95). By this motion, plaintiffs seek *in limine* rulings only as to 14 such exhibits, as discussed below with respect to each such exhibit. Copies of the exhibits are attached hereto (except for those which are voluminous or contain confidential information), as stated below for each exhibit.

Plaintiffs reserve the right to object at trial to the admissibility of any of Defendant's exhibits on grounds of relevance or lack of foundation.

{NY001896;1}

**Defendant's Ex. 12** (photograph of man sleeping on dock – copy attached as Exhibit A). Plaintiffs object to the admissibility of this photograph. The Court admitted this photograph in evidence at the preliminary injunction hearing on April 1, 2004, upon the testimony of the Port Authority's Executive Director, Joseph Riccio (Prelim. Inj. Hrg. at 63/11-13; *see also* 51/9-52/20; 61/12-14; 62/6-22).[1] Mr. Riccio testified that he did not know *when* the photo was taken or by whom (*id.* at 61/12-14), but nevertheless stated (incorrectly, we submit) that the photo "accurately represent[s] the dock area *prior to the creation of the Port Authority*" (*id.* at 62/6-9, emphasis added). The Ferry Company's General Manager, Frederick Hall, unequivocally testified that the photo depicts the dock "subsequent to its reconstruction . . . in the mid 90's sometime[,] . . . *after the Port Authority was established in 1993*" (*id.* at 87/16 to 88/2, emphasis added). Plaintiffs do not dispute that the photo was taken in the dock area, but they do dispute the Port Authority's contention that it was taken before the Port Authority's creation. The purpose for which the Port Authority proffers the photo – that homeless persons slept on the dock before, but not after, the Port Authority took over the dock – is not demonstrated by this photo, and the photo should not be admitted for this purpose.

**Defendant's Exs. 19 and 20** (spread sheets of ferry fare rates – copies attached as Exhibit B). Plaintiffs object to the admissibility of these spread sheets because:

> (1) The spread sheets do not identify other proffered exhibits from which the data is taken. Ex. 19 has no statement as to its source, and the statement in Ex. 20 is vague, does not identify other proffered exhibits by number, and appears to refer to exhibits not proffered (*e.g.*, "and/or websites such as www.bpjferry.com"), all of which

---

[1] Plaintiffs do not object to ten other photographs designated by the Port Authority (Defendant's Exs. 2 through 11), six of which the Court also admitted at the preliminary injunction hearing (Prelim. Inj. Hrg. at 63/11-13).

make it difficult to confirm the accuracy of the spread sheets.  *See* Fed. R. Evid. 1006; *Fagiola v. National Gypsum Co. AC & S., Inc.*, 906 F.2d 53 (2d Cir. 1990) (summary of documents must be based on foundation testimony connecting it with underlying evidence summarized, and must be based upon and fairly represent competent evidence already in evidence).

(2)   Each spread sheet contains one or more mistakes.  For example, for the "new category" of vehicle "over 55 ft. w/ driver," the spread sheets show a total increase of $2.75 (from $121.00 to $123.75), which amounts to an overall increase of about 2%, yet the spread sheets incorrectly state that the "historical % of change" for this item is **44%**.

(3)   Some of the fares included in this spread sheet are different from those in another spread sheet, also proffered by the Port Authority, that was prepared by the Ferry Company, and which also contains some inaccuracies (see Objection to Defendant's Ex. 225, below).

The best evidence of the Ferry Company's actual fare increases are the schedules and fares *actually published by the Ferry Company*, which both the Ferry Company and the Port Authority have included among their trial exhibits (*see* Plaintiffs' Exs. 162 through 186; Defendant's Exs. 84 through 107).  The Ferry Company does not object to the admissibility of the Ferry Company's actual, published schedules and fares.

**Defendant's Ex. 67** (expert witness report of John Arnold – copy not attached [voluminous, confidential, subject of prior motion cited herein]).  As stated in Plaintiffs' Motion In Limine and Memorandum of Law dated February 1, 2005 ("Plaintiffs' 2005 In Limine Motion") (which was attached as Tab 6 of the Proposed Joint Trial Memorandum filed that same

day), plaintiffs seek an order limiting the areas as to which Mr. Arnold is permitted to testify as an expert. Plaintiffs submit that his testimony should be limited to the areas in which Mr. Arnold purportedly has actual expertise, *i.e.*, as a "port expert" and in "port finance," and that he should not be permitted to testify in areas in which he lacks expertise, *i.e.*, accounting and economics (see Plaintiffs' 2005 In Limine Motion, ¶¶ 15-20). Mr. Arnold's report improperly opines in these latter areas, in which, plaintiffs submit, he lacks expertise.

**Defendant's Ex. 68** (expert witness report of Edward J. Deak – copy not attached [voluminous, subject of prior motion cited herein]). As stated in Plaintiffs' 2005 In Limine Motion, plaintiffs object to Professor Deak testifying as an expert at trial because, as Professor Deak testified at his deposition, he was retained by the Port Authority to critique the report of Professor Steven Shapiro, dated June 20, 2003, which plaintiffs submitted in connection with the Port Authority's motion to dismiss. As neither side has designated Professor Shapiro as a trial witness, there is no reason for Professor Deak to testify (see Plaintiffs' 2005 In Limine Motion, ¶¶ 21-24).

**Defendant's Ex. 122** (January 13, 2003, letter from Brian McAllister to Joseph Riccio [copies attached as Exhibit C, followed by copy of Plaintiffs' Ex. 76]). Plaintiffs object to this letter only because it is missing page 2. Plaintiffs proffered the complete two-page letter as actually sent to and received by the Port Authority (Plaintiffs' Ex. 76).

**Defendant's Exs. 128-31** (tax returns and financial statements of the Ferry Company – copies not attached [very voluminous and confidential]). As stated in Plaintiffs' 2005 In Limine Motion, the Ferry Company objects to the admissibility of records reflecting its profits and other financial information, because such information, which is highly confidential, is not relevant to the issues in this case (see Plaintiffs' 2005 In Limine Motion, ¶¶ 2-10). Alternatively, to the

extent that the Court admits any such information into evidence, it should do so pursuant to the Court's Order, dated August 5, 2004, approving the parties' Stipulation and [Proposed] Order of Confidentiality, that is, in a manner designed to preserve the confidentiality of this information and prevent its disclosure to the media or the public (see Plaintiffs' 2005 In Limine Motion, ¶¶ 11-14).

**Defendant's Ex. 213** (Port Authority slide presentation dated January 2004 – copy attached as Exhibit D). Plaintiffs object to the admissibility of this document because it is hearsay under Fed. R. Evid. 801(c); it is not a business record under Fed. R. Evid. 803(6); and is not admissible under any other exception to the hearsay rule. The document is a self-serving presentation made by the Port Authority – presumably by its Executive Director, Joseph Riccio – to an unknown audience, after this litigation was commenced. As Mr. Riccio is expected to testify at trial, it would be improper to admit this slide presentation, which contains his own, self-serving hearsay statements concerning factual and legal issues in this case.

**Defendant's Ex. 216** (working papers of Port Authority's proposed expert witness John Arnold – copies of items (a) and (c) attached as Exhibit E [items (b) and (d) voluminous]). This voluminous composite exhibit consists of (a) various spread sheets, schedules and graphs prepared or reviewed by Mr. Arnold in connection with the preparation of, but most of which are not included in, his report (Defendant's Ex. 67); (b) terminal tariffs of certain other ports; (c) summaries of government grants to the Port Authority; and (d) several long articles authored by Mr. Arnold. These materials were produced by the Port Authority in response to plaintiffs' request, following their receipt of Mr. Arnold's report, for documents cited in, or that Mr. Arnold reviewed in connection with, his report. Plaintiffs object to the admissibility of this composite exhibit:

(1) because the source of the data in the exhibits is not identified and there is no foundation for most or all of the documents included in the composite exhibit (especially the spread sheets and similar documents in (a) above);

(2) to the extent that the materials concern areas that are not within Mr. Arnold's areas of expertise, such as accounting and economics (see objection to Defendant's Ex. 67 above);

(3) to the extent that certain of the exhibits (*i.e.*, some of the spread sheets in item (a) above) reveal confidential financial information of the Ferry Company that are not relevant (see objection to Defendant's Ex's 128-31 above); and

(4) some of the documents (*e.g.*, Mr. Arnold's long articles) are not relevant.

If the Port Authority wishes to introduce some or all of the items in this composite exhibit, it should do so item by item after laying a proper foundation and giving plaintiffs an opportunity to object to each individual item on specific grounds, including but not limited to hearsay, relevance and confidentiality.

**Defendant's Ex. 217** (John Arnold's "Elasticity Calculation" – copy attached as Exhibit F). This is a copy of the fourth page of Defendant's Ex. 216, discussed above. Plaintiffs object to the admissibility of this exhibit for reasons (1) and (2) under Defendant's Ex. 216.

**Defendant's Ex. 225** (Ferry Company ticket prices, 1991 through present – copy attached). This schedule, prepared and produced in discovery by the Ferry Company, contains at least one apparent error (it appears to transpose the prices for motorcycle with side car with those for motorcycle or moped for the most recent four periods analyzed). As stated with respect to similar schedules prepared and proffered by the Port Authority (*see* discussion under Defendant's Exs. 19 and 20 above), the best evidence of the Ferry Company's actual fares are

the schedules *actually published by the Ferry Company*, which both the Ferry Company and the Port Authority have included among their trial exhibits (*see* Plaintiffs' Exs. 162 through 186; Defendant's Exs. 84 through 107).

### Conclusion

For the foregoing reasons, plaintiffs respectfully ask the Court to enter the in limine rulings described above.

Dated: March 21, 2005

Respectfully submitted,

BRIDGEPORT AND PORT JEFFERSON
STEAMBOAT COMPANY,
D & D WHOLESALE FLOWERS INC., and
FRANK C. ZAHRADKA
*Plaintiffs*

By:  /s/
_____
Martin Domb, Federal Bar No. ct09544
E-mail: martin.domb@akerman.com
Jeremy Shure, Federal Bar No. phv0938
jeremy.shure@akerman.com
AKERMAN SENTERFITT LLP
335 Madison Avenue, 26th Floor
New York, New York 10017
Tel. (212) 880-3800
Fax (212) 880-8965

Jonathan S. Bowman, Federal Bar No. ct 08526
E-mail: jbowman@cohenandwolf.com
Stewart I. Edelstein, Federal Bar No. ct 06021
E-mail: sedelstein@cohenandwolf.com
COHEN AND WOLF, P.C.
1115 Broad Street
P.O. Box 1821
Bridgeport, Connecticut 06601-1821
Tel. (203) 368-0211
Fax (203) 576-8504

## CERTIFICATE OF SERVICE

      I hereby certify that on March 21, 2006, a copy of the foregoing was served via Federal Express overnight mail upon the following counsel for defendant Bridgeport Port Authority:

| | |
|---|---|
| Timothy F. Noelker, Esq.<br>Jason C. Rahoy, Esq.<br>Thompson Coburn<br>One US Bank Plaza<br>St. Louis, MO 63101 | Edward J. Sheppard, IV, Esq.<br>Thompson Coburn<br>1909 K Street, N.W., Suite 600<br>Washington, D.C. 20005-2010 |

By:   /s/ _____
Martin Domb, Federal Bar No. ct09544
E-mail: martin.domb@akerman.com
AKERMAN SENTERFITT LLP
335 Madison Avenue, 26th Floor
New York, New York 10017
Tel. (212) 880-3800
Fax (212) 880-8965