UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIDGEPORT and PORT JEFFERSON :
STEAMBOAT COMPANY, et al., :
    Plaintiffs, :
 :
v. : Civil Action No.
 : 3:03 CV 599 (CFD)
BRIDGEPORT PORT AUTHORITY, :
    Defendant. :

## RULING ON MOTIONS IN LIMINE

Pending are motions in limine by both parties. The plaintiffs, Bridgeport and Port Jefferson Steamboat Company, Frank C. Zahradka, and D & D Wholesale Flower Inc. (collectively referred to as the "Ferry Company"), seek to exclude the trial testimony of two experts witnesses, John Arnold and Edward Deak. The plaintiffs also seek to exclude or limit evidence of the Ferry Company's profits and to exclude certain exhibits that the defendant expects to offer at trial. The defendant, Bridgeport Port Authority ("Port Authority"), seeks to exclude the trial testimony of two expert witnesses, Alan Schacter and George Shawah. The defendant also seeks to exclude from evidence a report that plaintiffs initially anticipated offering at trial. Each motion will be addressed below.

**Plaintiffs' Motions in Limine**

    (A) Evidence of Profits

Plaintiff Ferry Company seeks to exclude evidence of its profits. The Ferry Company argues first that the information is irrelevant, and second, even if it is relevant, it should be

submitted into evidence confidentially to protect the interests of the private owners of the Ferry Company.  As to relevance, the Court finds that pursuant to Fed. R. Evid. 402 the financial information of the Ferry company's profits may be relevant, particularly to the plaintiffs' own allegations of lost profits.  As to confidentiality, the Court finds that the plaintiffs have not made a sufficient showing of good cause pursuant to this Court's August 5, 2004 order [doc. # 86], for the evidence of the Ferry Company's profits to be closed to the public.  The Court has also considered the application of Fed. R. Evid. 403 and has concluded that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice or confusion of the issues.  Plaintiffs' motion in limine as to the admission into evidence of the Ferry Company's profits is **DENIED.**  However, plaintiffs may object to particular profit evidence at trial.

(B) Defendant's Trial Exhibits

The Ferry Company also seeks to exclude Defendant's Exhibits 12, 19, 20, 67, 68, 122, 128, 131, 213, 216, 217, and 225.  The Court reserves judgment on the admissibility of each of these exhibits until objections are raised at trial.

(C) Testimony of John Arnold

Plaintiffs first sought to preclude the testimony of the defendant's expert witness, John Arnold, in its entirety, but now only seek to limit the scope of his testimony.  Plaintiffs argue that Arnold lacks expertise in the field of economics and accounting and therefore should not be allowed to testify about certain matters.  The plaintiffs' motion in limine as to Arnold's testimony is **DENIED WITHOUT PREJUDICE** to raising particular objections at trial.

### (D) Testimony of Edward Deak

Plaintiffs seek to exclude the testimony of defendant's expert witness, Edward Deak. Plaintiffs argue that Deak's testimony will only rebut the report provided to the Plaintiffs by economist Stephen Shapiro on price elasticity, and that Shapiro will not testify at trial. Plaintiffs also argue that Deak did not utilize any reliable data regarding this case and did not provide any independent analysis, and because Shapiro has not been designated as an expert in this case, Deak's testimony should be excluded. The defendant contends that Deak will testify about the economic impact of the wharfage fee on the Port Authority. Based on the representations in Plaintiffs' Memorandum of February 22, 2005 [Doc. #121], the Court will not preclude Deak's testimony at this time. However, because the Court has not been provided with Deak's complete report and exhibits, Plaintiffs may renew this objection at trial.

**Defendant's Motions in Limine**

### (A) Testimony of Alan Schacter

The defendant seeks to exclude the testimony of plaintiffs' expert witness, Alan Schacter, on the basis that the legal assumption that he made when preparing his report is incorrect, and therefore his testimony is unreliable. The parties disagree on the appropriate legal standard to apply in this case as to the reasonableness of the wharfage fee and thus the standard on which Schacter's report and testimony is based. The Court reserves until trial its decision on which standard to apply.

The Court also finds that the methodology and data relied on by Mr. Schachter complies with Fed. R. Evid. 702. In particular, his methods of calculation of the costs and expenses of

Port operations based on his professional experience and the extensive documentation of those areas, through information provided by the Port Authority such as (1) audited financial statements, (2) audit work papers, (3) general ledgers, (4) expense reports, and (5) deposition testimony of Port Authority employees, are adequate to be considered by the Court.  As to the information, Schachter's sampling approach and his conclusions as to the "three scenarios" are also adequate and many of the claimed document deficiencies are related to unavailable Port Authority documents.  This finding is without prejudice to the defendant's renewal at time of trial and objections to particular testimony.

### (B) Testimony of George Shawah

The defendant seeks to exclude the testimony of plaintiffs' expert witness, George Shawah, on the basis that his report on the market and rental value of the first floor of the Port Authority's terminal building and the surrounding land was prepared in 1997 and has not been updated to reflect the current characteristics of the area.  The plaintiffs contend that Shawah's testimony and his report are relevant to the conditions existing at the time the parties entered into a lease agreement in 1998.  The issue for the Court under Fed. R. Evid. 702, then, is whether Shawah's testimony is based on sufficient data.  Given that the scope of Shawah's testimony is limited to his appraisal of the then-existing market and rental value of the property, the Court determines that his testimony is admissible under Rule 702.  Defendant's motion as to George Shawah is **DENIED**, but also without prejudice to raising particular objections at time of trial.

### (C) Plaintiffs' Trial Exhibit 213

The defendant seeks to exclude from evidence Plaintiffs' Exhibit 213, which is a report entitled, "Study and Recommendation for an Improved Ferry Service." Plaintiffs have since notified the Court that they do not intend to present the report in their case-in-chief. Therefore, the defendant's motion is **DENIED** without prejudice.

SO ORDERED this _11th_ day of April 2006, at Hartford, Connecticut

/s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**