UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIDGEPORT AND PORT JEFFERSON STEAMBOAT COMPANY, et al., | : : | |
| Plaintiffs, | : : | Civil Action No. 03-CV-599 (CFD) |
| v. | : : | |
| BRIDGEPORT PORT AUTHORITY, | : | July 18, 2008 |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF BRIDGEPORT PORT AUTHORITY'S MOTION TO CLARIFY AND AMEND JUDGMENT AND TO SEEK EMERGENCY RELIEF**

Defendant Bridgeport Port Authority (the "Port Authority" or "BPA") seeks an Order from the Court to clarify that its Judgment entered on July 8, 2008, and the permanent injunction ordered thereunder, authorizes the Port Authority to determine which activities are "unrelated to or do not benefit the ferry passengers or approximate their use of the Port" and thus entrusts the Port Authority to assess an appropriate passenger fee that complies with the Judgment. This motion is filed in the alternative to BPA's motion to stay, filed contemporaneously herewith.

This request arises out of recent efforts by Plaintiff Bridgeport & Port Jefferson Steamboat Company (the "Ferry Company") to unilaterally assume power to enforce the Judgment and decide what types of activities the Port Authority may fund with revenue derived from the passenger fee. The Court, of course, did not grant the Ferry Company any such power or authorize the Ferry Company to undertake any action with respect to the Port Authority's compliance with the Judgment. Indeed, any such efforts place the Ferry Company in the position of managing the Port Authority by controlling the Port Authority's resources and activities. The Port Authority respectfully contends that this was not the Court's intention and requests

clarification to prevent the Ferry Company from unilaterally withholding an amount that does not accurately reflect the Court's direction in the Judgment.

Further, and also in the alternative to BPA's motion to stay, the Port Authority respectfully requests the Court to amend its Judgment to appoint an independent third party, such as the United States Magistrate Judge in Bridgeport or a special master, to resolve any disputes between the Port Authority and the Ferry Company that may arise regarding which activities may be deemed to benefit the passengers or the costs that approximate their use of the Port. Such action by the Court is necessary, particularly if the Court does not grant a stay, because of the hostile nature of the Ferry Company's relationship with the Port Authority. Without amending the Judgment to appoint an independent third party to resolve disputes, the Court will most likely be called to spend its time and energy to determine whether numerous particular activities funded by the Port Authority are compliant with the Judgment.[1]

## I.  Statement of Facts

Plaintiff brought this action challenging the legality of the passenger wharfage fee that the Port Authority has imposed on all ferry passengers since 1993. The matter was originally filed on April 2, 2003, and was tried before the Court in April, 2006. Since that time, the Port Authority has continued to assess, and the Ferry Company has continued to collect, the passenger fee at issue in this dispute. However, the Port Authority has modified, and will continue to modify, its use of the revenue from the passenger fees for activities that benefit ferry passengers but which were not undertaken at the time of trial. For instance, the Port Authority has increased its expenditures on security in the wake of concerns regarding the nation's ports post-9/11. The

---

[1] The Port Authority is aware of its rights to collect a passenger fee directly from the passengers at the Dock in lieu of relying on its contract with the Ferry Company to collect the fee. This approach, however, may well lead to further Court involvement at the behest of the Ferry Company.

Port Authority has also spent a greater percentage of the revenue derived from the passenger fee to support the construction of the passenger parking facility, as well as increased utility expenses. Thus, the percentage of revenue the Port Authority earns from the passenger fee that benefits ferry passengers is no longer consistent with the percentage in place at the time this action was initiated or even at the time of trial.

On July 3, 2008, the Court filed its Memorandum of Decision finding that the Port Authority's assessment of a portion of the fee that was not related to the passenger's use of the Port or a fair approximation thereof violated the Commerce Clause and the Tonnage Clause of the U.S. Constitution. Decision at 44-45. At the same time, the Court upheld the Port Authority's right to collect at least a portion of the passenger fee and allowed it to continue to assess a fee that is related to the ferry passengers' use of the Port. *Id*. The Court enjoined the Port Authority from use of the passenger fee revenues to fund activities that are unrelated to and do not benefit the ferry passengers or approximate their use of the Port. *Id*. It further enjoined the Port Authority from collecting a passenger fee in an amount that exceeds what is necessary for its expenses that benefit ferry passengers and fairly approximate their use of the Port. *Id*. While the Court did not calculate a specific amount that the Port Authority may charge the ferry passengers, the Court offered its findings of fact as guidance for the Port Authority's future calculations of an appropriate passenger fee. *Id*. at 44. The Court entered its Judgment on July 8, 2008, enjoining the Port Authority as described above.

On the same day as the Court's entry of Judgment, the Ferry Company contacted the Port Authority and demanded access to the Port Authority's financial information to "confirm that the new Passenger Fee will comply with the Decision and Order.…"[2]  *See* Letter dated July 8, 2008

---

[2] The Port Authority is in the process of providing this information without prejudice to its rights sought herein.

from Martin Domb, counsel for the Ferry Company, to Timothy F. Noelker, counsel for the Port Authority. A copy of the letter is attached hereto as Exhibit A. The Ferry Company declared that it would withhold a portion of the passenger fee, which it deemed to be excessive, from its monthly payment to the Port Authority and place that portion in escrow. *Id*. The Ferry Company further declared that it would determine an appropriate passenger fee that complies with the injunction and, in the interim, would withhold 57% of its passenger fee collections. *Id*. This amount was presumably based on the percentage of the overcharge the Court found with respect to passenger plaintiff D&D for the years 2003 through the date of trial. *Id*.

Following receipt of this letter, BPA's undersigned counsel spoke with the Ferry Company's counsel in an effort to have the Ferry Company refrain from the deductions until the parties can work out an acceptable percentage that would comply with the Judgment. This request was declined. Moreover, the Ferry Company's counsel told BPA's undersigned counsel that an assertion by BPA of any significant increase in the percentage of funds that would be for the benefit of the ferry passengers would not be credible.

## II. Argument

### A.    Legal Standard for Granting Motions to Clarify or Amend

Although Rule 59(e) of the Federal Rules of Civil Procedure does not prescribe a standard for granting a motion to alter or amend an otherwise final judgment, the Second Circuit has held that district courts may alter or amend a judgement to correct a clear error of law or prevent manifest injustice. *See Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). A district court's consideration of a motion under Rule 59(e) to alter or amend is committed to the sound discretion of the court. *Id*.; *see also Kregos v. Latest Line, Inc.*, 951 F. Supp. 24, 26

(D. Conn. 1996) ("A motion for reconsideration is committed to the sound discretion of the court.").

>    **B.    In the Alternative to the Port Authority's Request to Stay the Judgment, the Court Should Clarify that the Judgment Authorizes the Port Authority to Calculate an Appropriate Passenger Fee.**

The Port Authority has respectfully requested that the Court stay the Judgment pending appeal. The Port Authority asserts that a stay is warranted because a balance of the factors weigh in favor of granting the stay. However, should the Court find a stay is not warranted, the Port Authority respectfully requests that, in the alternative, the Court clarify its Judgment.

By this Motion, the Port Authority does not seek to re-litigate any issue that the Court has already decided. Rather, the Port Authority seeks only a clarification that the Judgment authorizes the Port Authority, and not the Ferry Company, to determine an appropriate amount that the Port Authority may assess the ferry passengers in light of the Court's guidance in its Memorandum of Decision. Absent this clarification, the Port Authority is subject to the Ferry Company's unilateral attempts to supervise and enforce the Judgment and permanent injunction. As noted above, the Ferry Company has unilaterally determined that it is withholding 57% of the passenger fees from the Port Authority. However, this percentage is not an accurate assessment given the Port Authority's additional expenditures on passenger-related activities since trial. The ultimate determination of the appropriate passenger fee to be charged by the Port Authority must remain with the Port Authority. Neither the Judgment, nor the Court's Memorandum of Decision, authorizes the Ferry Company to have any say in the calculation of an appropriate passenger fee that complies with the Judgment.

By dictating the amount the Port Authority may assess as a passenger fee, as well as how the Port Authority is allowed to use the passenger fee revenue, the Ferry Company is

empowering itself with the management of the Port Authority. This is not an equitable result, nor one that the Port Authority believes the Court intended. However, without clarification from the Court, it is the result that the Ferry Company has imposed on the Port Authority.

The Judgment, and the permanent injunction granted thereunder, does not clearly identify which party is responsible for calculating an appropriate passenger fee that will comply with the Judgment. Therefore, the Port Authority respectfully requests the Court to clarify that the Port Authority alone shall make that determination.

### C. In the Alternative to the Port Authority's Request to Stay the Judgment, the Court Should Amend the Judgment to Appoint an Independent Third Party to Oversee Enforcement of the Judgment.

Further, should the Court find a stay is not warranted, which the Port Authority respectfully contends otherwise, the Port Authority respectfully requests that, in the alternative, the Court appoint an independent third party to oversee the Port Authority's calculation of the passenger fee in conformity with the Judgment and permanent injunction granted thereunder.

As noted above, the Ferry Company has taken upon itself to be judge and jury in enforcing the Judgment and withholding a percentage of the passenger fee from the Port Authority. It has unilaterally declared that 57% of all passenger fees should be withheld. However, since trial, the Port Authority has altered its use of the passenger fee revenues and has applied a greater percentage towards passenger-related activities. Astonishingly, the Ferry Company has advised the BPA that the Ferry Company will find any significant percentage increase sought by the Port Authority, even if for use in passenger-related activities, to be not credible. In addition to what the Court may have already observed, we note that upon information and belief that the Ferry Company has made a substantial cash offer to the City of Bridgeport in a transaction that would involve the closing of the Port Authority.

Based on the foregoing and the past relationship between the Port Authority and the Ferry Company, it is inevitable that disagreements will ensue between the parties regarding whether particular activities benefit the passengers or whether the passenger fee assessed by the Port Authority otherwise complies with the Judgment and the Court's guidance in its Memorandum of Decision. These disagreements will not only harm the Port Authority's ability to carry out its responsibilities to the Port and the City of Bridgeport, but they will necessitate the Court's time and effort for resolution.

In an effort to prevent these disputes from needlessly taking the Court's time, the Port Authority respectfully requests that the Court amend its Judgment and appoint an independent third party to supervise the enforcement of the Judgment and permanent injunction. The Port Authority respectfully suggests that the United States Magistrate Judge in Bridgeport may be an appropriate choice to ensure that the Port Authority's calculation of the passenger fee is in compliance with the Judgment, in addition to serving as a mediator in any disputes that may arise between the Ferry Company and the Port Authority. Alternatively, the Court could appoint a special master to serve in this role.

### III.  Request for Emergency Relief

The Port Authority respectfully requests the Court to expedite its consideration of this Motion to Clarify and Amend and to Seek Emergency Relief. Local Rule 7(a) allows the Court to expedite a decision for good cause shown. The Court's expedited consideration is necessary because the Judgment, and the permanent injunction granted thereunder, became effective immediately upon its entry. As noted above, the Ferry Company has unilaterally assumed the power to enforce the Judgment and decide what types of activities the Port Authority may fund with revenue derived from the passenger fee. Moreover, the need for an independent third party

to resolve disputes is immediate given the Ferry Company's actions to date and the hostile relationship between the Port Authority and the Ferry Company.

### IV.  Request for Oral Argument

Pursuant to Local Rule 7, the Port Authority respectfully requests that the Court schedule oral argument on its Motion to Clarify and Amend and to Seek Emergency Relief.  The Port Authority believes that an oral argument in which the parties could explain their positions through a dialogue with the Court would assist the Court in resolving these issues.

### V.  Conclusion

For the foregoing reasons, Defendant Bridgeport Port Authority respectfully requests that the Court enter its Order clarifying that the Judgment authorizes the Port Authority to determine which activities are "unrelated to or do not benefit the ferry passengers or approximate their use of the Port" and thus entrusts the Port Authority, not the Ferry Company, to assess an appropriate passenger fee that complies with the Judgment.  Moreover, the Port Authority respectfully requests the Court to appoint an independent third party, such as the United States Magistrate Judge in Bridgeport or a special master, to assist the Port Authority in compliance with the Court's Judgement and to minimize the cost and expense of potential enforcement or contempt proceedings before the Court.

Respectfully submitted,

THOMPSON COBURN LLP

By *(signature)*
   Timothy F. Noelker, #CT26291
   One US Bank Plaza
   St. Louis, Missouri 63101
   314-552-6091
   Fax 314-552-7091
   tnoelker@thompsoncoburn.com

   Richard L. Rose, #CT23291
   Murtha Cullina LLP
   177 Broad Street
   Stamford, CT  06901
   203-653-5400
   Fax 203-653-5444
   rrose@murthalaw.com

   Everett E. Newton, #CT02508
   Murtha Cullina LLP
   CityPlace I, 185 Asylum Street
   Hartford, Connecticut 06103-3469
   860-240-6000
   Fax 860-240-6150
   enewton@murthalaw.com

Attorneys for Defendant Bridgeport Port Authority

Dated:  July 18, 2008

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served, via electronic mail and U.S. Mail, postage prepaid, on the following counsel of record, this 18th day of July, 2008:

| | |
|---|---|
| Jonathan S. Bowman<br>Stewart I. Edelstein<br>Cohen and Wolf, P.C.<br>1115 Broad Street<br>P.O. Box 1821<br>Bridgeport, CT  06601-1821<br>jbowman@cohenandwolf.com<br>sedelstein@cohenandwolf.com | Martin Domb<br>Akerman Senterfitt LLP<br>335 Madison Avenue, Suite 200<br>New York, New York 10017<br>Martin.domb@akerman.com |

_/s/ Jim Noelker_