

AkermanSenterfitt LLP
ATTORNEYS AT LAW

Fort Lauderdale
Jacksonville
Los Angeles
Madison
Miami
New York
Orlando
Tallahassee
Tampa
Tysons Corner
Washington, DC
West Palm Beach

335 Madison Avenue
Suite 2600
New York, NY 10017
www.akerman.com
212 880 3800 *tel*   212 880 8965 *fax*

Martin Domb

martin.domb@akerman.com

July 8, 2008

BY E-MAIL and U.S. MAIL

Timothy F. Noelker, Esq.
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO  63101-1693

Re:   Bridgeport and Port Jefferson Steamboat Company et al. v. Bridgeport Port Authority

Dear Tim:

    I am writing in connection with Judge Droney's Memorandum of Decision dated July 3, 2008 (the "Decision and Order"), and in particular with respect to the permanent injunction ordered therein. I note that a Judgment was entered by the clerk today with respect to the Decision and Order.

    The injunction requires that the Passenger Fee be reduced to an appropriate level in accordance with the findings set forth in the Decision and Order. In order for plaintiffs to confirm that the new Passenger Fee will comply with the Decision and Order, they must review the Port Authority's financial information that has been generated since and that was not available at the time of the trial. Accordingly, we hereby request that the Port Authority promptly provide us with copies of:

    (a)    its audited annual financial statements for the year ended December 31, 2004, and for each year since then to date,

    (b)    the annual general ledger for each such year,

    (c)    the check register (also commonly referred to as payments journal) for all Port Authority payments on and after January 1, 2004,

    (d)    unaudited annual and monthly financial statements for each period since the last year for which audited financial statements are available,

{NY034483;1}

**EXHIBIT A**

Timothy F. Noelker
July 8, 2008
Page 2

---

      (e)    annual and monthly general ledgers for each such period, and

      (f)    minutes of the meetings of Board of Commissioners of Port Authority since April 5, 2004.

In addition, as the injunction is effective immediately, the Ferry Company intends to withhold from its monthly payments to the Port Authority, and place in escrow, the portion of the Passenger Fee that is excessive as held in the Decision and Order. Pending a determination of an appropriate Passenger Fee that complies with the injunction, the Ferry Company will withhold and escrow -- on an interim and without prejudice basis -- 57% of its Passenger Fee collections. That is the percentage of the overcharge as determined by the Court with respect to passenger plaintiff D&D for the years 2003 through the date of trial (Decision and Order, pp. 23-24), and is the best estimate that exists at this time of the current amount of the overcharge.

Please contact me if you have any questions or wish to discuss this. We are, of course, available to discuss with you these and any other matters concerning the Decision and Order.

                                                  Sincerely,

                                                  Martin Domb

{NY002249;1}