UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIDGEPORT AND PORT JEFFERSON
STEAMBOAT COMPANY, ET AL.,

        CASE NO. 3:03 CV 599 (CFD)

      Plaintiffs,

- against -

BRIDGEPORT PORT AUTHORITY,        July 22, 2008

      Defendant.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
TO AMEND THEIR COMPLAINT AND FOR ATTORNEYS' FEES**

        AKERMAN SENTERFITT LLP
        335 Madison Avenue, Suite 2600
        New York, New York 10017
        Telephone:  212.880.3800
        Facsimile:  212.880.8965

        *and*

        COHEN AND WOLF, P.C.
        1115 Broad Street
        P.O. Box 1821
        Bridgeport, Connecticut 06601-1821
        Tel. (203) 368-0211
        Fax (203) 576-8504

        *Attorneys for Plaintiffs*

# Table of Contents

Page

Preliminary Statement ..................................................................................................................1

ARGUMENT

I.      PLAINTIFFS SHOULD BE ALLOWED TO AMEND THEIR COMPLAINT ................3

         A.      The Issues in the Proposed Amendment Were Adjudicated at Trial ........................4

         B.      The Proposed Amendment Would Not Prejudice the Port Authority .......................5

II.     PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES ...................7

Conclusion ...................................................................................................................................11

Plaintiffs, Bridgeport and Port Jefferson Steamboat Company (the "Ferry Company"), D & D Wholesale Flowers ("D&D"), and Frank Zahradka, submit this memorandum of law in support of their motion: (1) to amend their complaint, pursuant to Fed. R. Civ. P. 15(b), to state that their claims under the Commerce Clause, Art. I, § 8 of the United States Constitution, also were actionable under 42 U.S.C. § 1983, and (2) for an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

## Preliminary Statement[1]

The Ferry Company operates a ferry service between Bridgeport, Connecticut, and Port Jefferson, New York. D&D and Zahradka are regular customers on the ferry. The defendant, Bridgeport Port Authority (the "Port Authority"), is a quasi-independent agency of the City of Bridgeport whose function is to promote port facilities and economic development in and around the City's waterfront. The Ferry Company leases dock and terminal facilities in Bridgeport from the Port Authority. Since 1993, the Port Authority has imposed a passenger wharfage fee (the "Passenger Fee") on ferry passengers.

Plaintiffs commenced this action in April 2003. In their Amended Complaint, dated June 18, 2003 (the "Complaint"), plaintiffs alleged that the Passenger Fee violated their rights under the Commerce Clause and the Tonnage Clause of the United States Constitution, the federal Rivers and Harbors Appropriation Act of 1884, and Connecticut state law (a copy of the Complaint is attached as Ex. A to the accompanying Declaration of Martin Domb dated July 22, 2008 ["Domb Decl."]). The Court presided over a five-day bench trial in 2006. The parties thereafter submitted extensive proposed findings of fact and conclusions of law, and the Court

---

[1] The Court is familiar with the facts of this case, having recently issued its Memorandum of Decision dated July 3, 2008. We therefore briefly summarize herein only the facts relevant to this motion.

heard oral arguments thereon.  In a Memorandum of Decision dated July 3, 2008 (the "Decision"), the Court held that the imposition of the Passenger Fee violates the Commerce Clause and the Tonnage Clause, permanently enjoined the Port Authority from further violations, and awarded one dollar in nominal damages to the Ferry Company and $494.63 in compensatory damages to D&D (Decision at 33-35).[2]  The Court held that the Ferry Company did not prove monetary damages for the past violations, and on that basis denied its unjust enrichment claim under Connecticut law.  Having found constitutional violations, the Court did not reach plaintiffs' remaining claims.  *Id.* at 35-39.  The Clerk entered judgment, in accordance with the Decision, on July 8, 2008 (Court Docket # 187) (the "Judgment").

Plaintiffs now move for an order allowing a technical amendment to their Complaint and for an award of attorneys' fees based on the Court's finding that the Port Authority deprived plaintiffs of their constitutional rights.  The proposed amendment merely provides that plaintiffs' claim under the Commerce Clause also was actionable under 42 U.S.C. § 1983.[3]  Having proved that their federally guaranteed rights were violated by the Passenger Fee, plaintiffs have a statutory right to seek an award of their reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.

---

[2]  The Decision is reported as <u>Bridgeport and Port Jefferson Steamboat Co. v. Bridgeport Port Authority</u>, ___ F. Supp.2d ___, 2008 WL 2656199 (D. Conn. July 3, 2008).  In this memorandum, plaintiffs cite to the pages of the slip opinion as docketed.

[3]  Plaintiffs are not aware of any decision addressing the question whether a claim under the *Tonnage Clause*, U.S. Const., art. 1, § 10, cl. 3, may be brought under 42 U.S.C. § 1983.  The Court need not consider that question because the Commerce Clause claim unquestionably is cognizable as a § 1983 claim (see Point II below).

# ARGUMENT

## I. PLAINTIFFS SHOULD BE ALLOWED TO AMEND THEIR COMPLAINT

Plaintiffs seek to amend their Complaint (or for the Court to deem it amended) in two minor respects. First, in Claim II of their complaint, filed in April 2003 (Domb Decl. Ex. A), plaintiffs alleged a violation of their rights under the Commerce Clause. The last paragraph of that claim stated:

> 73. By reason thereof, the Ferry Tariff imposed and/or sought to be imposed by the Port Authority is excessive and otherwise violates the Commerce Clause of United States Constitution.

Plaintiffs now seek to add the following new paragraph "73-A" to Claim II:

> **73-A. By reason thereof, the Port Authority's violation of plaintiffs' rights is actionable under 42 U.S.C. § 1983.**

Second, plaintiffs seek to add the following new clause "7-A" to the prayer for relief:

> **7-A. Awarding plaintiffs their reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.**

Plaintiffs should be allowed to make these technical amendments to their Complaint. Fed. R. Civ. P. 15(b)(2) expressly permits the amendment of pleadings after judgment has been entered; it provides in relevant part (emphasis added):

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move – at any time, *even after judgment* – to amend the pleadings to conform them to the evidence and to raise an unpleaded issue.

Whether to grant such a motion is within the discretion of the Court, bearing in mind the general principle of Fed. R. Civ. P. 15(a)(2) that "[t]he court should freely give leave when justice so requires." Wight v. BankAmerica Corp., 219 F.3d 79, 91 (2d Cir. 2000) (applying

Rule 15(a) standard in the context of a motion to amend under Rule 15(b)); Hillburn v. Maher, 795 F.2d 252, 264 (2d Cir. 1986) (same).

Courts in the Second Circuit typically apply a four-part test when faced with a motion to amend under Rule 15(b). Courts consider: (1) whether new issues were tried with the parties' express or implied consent, (2) whether the party against whom the amendment is offered would be prejudiced, (3) whether the non-moving party had a fair opportunity to defend, and (4) whether the non-moving party had an opportunity for an adjournment. U.S. v. Certain Real Property, 945 F.2d 1252, 1257 (2d Cir. 1991).

This four-part test is easily met in this case because, as discussed below, the proposed amendment does not introduce any new issues. The trial would have been exactly the same if the Complaint had been amended, as proposed by this motion, before trial rather than after judgment. Therefore, the proposed amendment in no way prejudices the Port Authority.

### A. The Issues in the Proposed Amendment Were Adjudicated at Trial

The issue whether the Port Authority has violated plaintiffs' constitutional rights by imposing an excessive Passenger Fee was thoroughly presented and tried in this case. Throughout this litigation, the Port Authority has vigorously insisted that the Passenger Fee is legal, constitutional and not excessive. Both sides presented extensive evidence at trial, and in their post-trial submissions, concerning the constitutionality of the Passenger Fee. The proposed new allegation -- that *the identical conduct* that constitutes a violation of the Commerce Clause also is actionable under § 1983 -- would not have changed anything at trial. The Court expressly decided the constitutional issue in its Decision, in which it stated: "the Court finds that the Port Authority's imposition of the Passenger Fee violates the Commerce Clause." Decision at 33. That holding also established that plaintiffs asserted a claim under § 1983 (see Point II below).

## B. The Proposed Amendment Would Not Prejudice the Port Authority

The proposed amendment of the Complaint is a mere formality that would not prejudice the Port Authority in any way. In their Complaint filed in 2003, plaintiffs clearly stated in Claim II that the Passenger Fee violated the Commerce Clause (Domb Decl. Ex. A, ¶¶ 68-73). Plaintiffs alleged that a federal statute, 28 U.S.C. § 1331, provided jurisdiction over the Commerce Clause claim because it arose "under the Constitution . . . of the United States" (*id.*, ¶ 10). Based on the identical factual allegations, plaintiffs could have pled, and now seek to plead, that the Passenger Fee also violated their federally protected rights and was actionable under 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

In <u>Dennis v. Higgins</u>, 498 U.S. 439, 443-451 (1991), the Supreme Court held that claims under the Commerce Clause can be brought as Section 1983 claims for the vindication of federally protected rights.

When deciding a motion to amend under Fed. R. Civ. P. 15(b), the "crux of the inquiry" is whether the non-moving party had an opportunity to fully contest the issue raised by the proposed amendment. <u>Hamilton v. Accu-Tek</u>, 62 F. Supp.2d 802, 816 (E.D.N.Y. 1999), *citing* <u>N.Y. Elec. & Gas Corp. v. Secretary of Labor</u>, 88 F.3d 98, 104 (2d Cir. 1996); *see* <u>Kreppein v. Celotex Corp.</u>, 969 F.2d 1424, 1427 (2d Cir. 1992) (allowing amendment when defendants were on notice and had opportunity to conduct discovery on new damages issues). In other words, amendment is allowed when it would not cause prejudice to the other party by requiring

discovery to be re-opened, delaying proceedings, or creating additional litigation expenses. The Cadle Co. v. Jones, 00 Civ. 316, 00 Civ. 317, 2004 WL 2049321, at *4 (D. Conn. Aug. 20, 2004); *see* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1493 (2008) (hereinafter "Wright & Miller") ("Prejudice in this context means a lack of opportunity to prepare to meet the unpleaded issue").

The proposed amendment in this case would change only the basis on which the action was brought before the Court, *i.e.,* whether the alleged violation arose directly under the Constitution or under a particular federal statute. As the Supreme Court held in Dennis, the identical substantive claim is actionable on either basis. Therefore, the proposed amendment in no way would change any of the factual elements of the Commerce Clause claim or the evidence introduced by either side concerning that claim. The amendment would require no further discovery, court proceedings, or other action by any party, and would cause no delay. Nor would the Decision or the Judgment need to be altered in any way. The proposed amendment fits precisely the intent of Rule 15(b), which "is to correct the theory of an existing claim and not to assert new and different claims." Pickwick Entertainment v. Theiringer, 898 F. Supp. 75, 78 (D. Conn. 1995).

The only effect the proposed amendment would have is that it would allow plaintiffs to apply for attorneys' fees under 42 U.S.C. § 1988. That statute provides for a shifting of attorneys' fees to prevailing plaintiffs in actions arising under, *inter alia*, 42 U.S.C. § 1983 (see Point II below). Although the claim for attorneys' fees increases the Port Authority's total potential liability in this litigation, the prospect of greater liability is not a form of prejudice. Poloron Products v. Lybrand Ross Bros. & Montgomery, 72 F.R.D. 556, 561 (S.D.N.Y. 1976); *see also* United States v. State of New York, 82 F.R.D. 2, 5 (S.D.N.Y. 1978) (that "scope of

possible relief will be broadened" is not a ground to deny leave to amend); 6A Wright & Miller, § 1493 ("The rule also permits amendments . . . that request increased damages."); *id.* at n.29 (collecting cases).

The Second Circuit has held that a district court has discretion to allow a Rule 15(b) amendment that would introduce a new category of damages and greater prospective liability than that alleged before trial. Hogan v. Wal-Mart Stores, Inc., 167 F.3d 781, 783-84 (2d Cir. 1999). This holding is consistent with the federal policy, as stated in Fed. R. Civ. P. 54(c), that the relief granted to parties be governed by the evidence rather than by technicalities of pleading ("judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings").[4]

For these reasons, the Court should allow plaintiffs to amend their Complaint (or should deem it amended) by adding the two short allegations quoted above (at p. 3, in bold).

## II.     PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES

Should the Court grant the Rule 15(b) motion to amend the Complaint to allege a § 1983 claim, the Court also should award plaintiffs their reasonable attorneys' fees pursuant to 42 U.S.C. § 1988. Section 1988 provides in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, . . . .

Courts grant attorneys' fees to prevailing plaintiffs in such cases "as a matter of course." Piurkowski v. Goggin, 3:01 Civ. 302SRU, 2004 WL 1534200, at *1 (D. Conn. July 6, 2004).

---

[4]  Further negating any prejudice to it, the Port Authority knew from the outset that plaintiffs would seek attorneys' fees under at least one of their claims (see Domb Decl. Ex. A, p. 23, ¶ 6, seeking award of attorneys' fees under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq.*).

*See also* Orchano v. Advanced Recovery, Inc., 107 F.3d 94, 96 (2d Cir. 1997) (legislative history of § 1983 makes clear that a plaintiff who has prevailed on a § 1983 claim "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust"). This Court likewise should award plaintiffs their reasonable attorneys' fees under § 1988.

Plaintiffs indisputably are "prevailing parties" within the meaning of § 1988. Courts consider plaintiffs to be prevailing parties when they "succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing the suit." Hensley v. Eckerhart, 461 U.S. 424, 422 (1983) (quotation omitted). *See also* LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 757 (2d Cir. 1998) ("[i]t is sufficient that the plaintiff succeeded on any significant issue in [the] litigation, . . . regardless of the magnitude of the relief obtained, . . . if he received actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.") (citations and internal quotation marks omitted).

In this case, plaintiffs alleged that the Port Authority has imposed an unconstitutionally excessive Passenger Fee. Plaintiffs sought a permanent injunction and damages. Plaintiffs were successful in obtaining the injunction. The Court also awarded $1 in nominal damages to the Ferry Company and compensatory damages of $494.63 to plaintiff D&D. The injunction, by itself, is more than sufficient to establish plaintiffs as prevailing parties, as the injunction will substantially modify the Port Authority's behavior. Doe v. Bridgeport Police Dept., 468 F. Supp.2d 333, 337 (D. Conn. 2006) (plaintiff drug users were prevailing parties where court granted injunction barring police department from seizing legally protected needles and other injection paraphernalia); *see also* Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of

Health & Human Res., 532 U.S. 598, 605 (2001) ("prevailing party" in federal fee-shifting statutes must alter legal relationship of parties).

Fed. R. Civ. P. 54(d)(2) requires that a claim for attorneys' fees be made by motion within 14 days following entry of judgment; it further requires that the moving party "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(i) and (iii), respectively. Plaintiffs have complied with this rule by (a) filing this motion within the prescribed time period, and (b) providing a fair estimate of the amount of attorneys' fees they seek. As stated in the accompanying Domb Declaration (at ¶¶ 5-6 and Ex. B), the fair estimate of the attorneys' fees incurred and billed by the three law firms that have represented plaintiffs in this action is as follows:[5]

| Law Firm | Fees | Costs | Total |
| --- | --- | --- | --- |
| Akerman Senterfitt LLP (Nov. 2005 through May 2008) | $417,989.85 | $26,699.65 | $444,689.50 |
| Cohen and Wolf P.C. (inception through Oct. 2006) | 160,247.50 | 4,930.71 | 165,178.21 |
| Hill, Betts & Nash LLP (inception to Nov. 2005) | 578,544.00 | 40,127.36 | 618,671.36 |
| **TOTAL** | **$1,156,781.35** | **$71,757.72** | **$1,228,539.07** |

Plaintiffs are aware that, at the appropriate time, they will have to submit detailed billing records and justify their entitlement to the requested fees, including the reasonableness of the hourly rates of and the time and services provided by the various attorneys involved. *E.g.*,

---

[5] Fees incurred in and after June 2008, including in connection with this application, the post-Judgment motions recently filed by the Port Authority, and its contemplated appeal, are not included in the table and will be added when those fees become known. Any costs that the Clerk may tax in favor of plaintiffs under Rule 54(d)(1), before the Court enters an award of fees in connection with this motion, would be subtracted from the fees sought hereunder.

Tolnay v. Wearing, 02 Civ. 1514, 2007 WL 2727543, *3-4 (D. Conn. Sept. 19, 2007).  As the Advisory Committee explained in its notes to Rule 54:

> The rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees.  This material must of course be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case.

Fed. R. Civ. P. 54, Advisory Committee Notes, 1993 Amendments.  Plaintiffs will, of course, comply with any procedure the Court may direct for plaintiffs to submit a fee application adequately supported by billing records and other documents, so as to allow the Court to make a determination of the appropriate fee award pursuant to 42 U.S.C. § 1988.

(*Conclusion and signature appear on next page.*)

## Conclusion

For the foregoing reasons, the Court should grant plaintiffs' motion to amend their Complaint and for an award of their reasonable attorneys' fees under 42 U.S.C. § 1988, and should direct the procedure and schedule for further submissions by the parties for the purpose of determining the amount of the attorneys' fee award.

Dated: July 22, 2008

> BRIDGEPORT AND PORT JEFFERSON
> STEAMBOAT COMPANY, D & D Wholesale
> Flowers Inc., and FRANK C. ZAHRADKA
> *Plaintiffs*
> By:
>
> s/ *Martin Domb*
> _____
> Martin Domb (ct 09544)
> Jeremy Shure (phv 0938)
> AKERMAN SENTERFITT LLP
> 335 Madison Avenue, 26th Floor
> New York, New York 10017
> Tel. (212) 880-3800
> Fax (212) 880-8965
>
> *and*
>
> Jonathan Bowman (ct 08526)
> Stewart I. Edelstein (ct 06021)
> COHEN AND WOLF, P.C.
> 1115 Broad Street
> P.O. Box 1821
> Bridgeport, Connecticut 06601-1821
> Tel. (203) 368-0211
> Fax (203) 576-8504

## CERTIFICATE OF E-SERVICE

      I hereby certify that on **July 22, 2008**, a copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT AND FOR ATTORNEYS' FEES** was filed electronically and served by mail on anyone unable to accept electronic filing (all counsel were served electronically).  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

      /s/ Martin Domb
_____
Martin Domb (ct 09544)
AKERMAN SENTERFITT LLP
335 Madison Avenue, 26th Floor
New York, New York 10017
Tel. (212) 880-3800
Fax (212) 880-8965
E-mail:  martin.domb@akerman.com