UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIDGEPORT AND PORT JEFFERSON STEAMBOAT COMPANY et al., : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> BRIDGEPORT PORT AUTHORITY, : <br> Defendant. : | Civil Action No. 3:03 CV 599 (CFD) |

### RULING ON DEFENDANT'S MOTION TO STAY PENDING APPEAL

This action was brought by the Bridgeport and Port Jefferson Steamboat Company (the "Ferry Company"), a corporation that provides a public ferry service for passengers and vehicles between Bridgeport, Connecticut and Port Jefferson, New York, and by two of its frequent passengers (collectively the "plaintiffs"),[1] against the Bridgeport Port Authority (the "Port Authority"). The subject of this action was the validity of a passenger wharfage fee ("Passenger Fee") that the Port Authority imposes on all ferry passengers. On July 3, 2008, this Court issued a ruling in favor of the plaintiffs. The Port Authority has moved the Court to stay the judgment pending its appeal.

**1.    Relevant Background**

After a bench trial, this Court issued a Memorandum of Decision on July 3, 2008, in which it found that the Port Authority's collection and allocation of the Passenger Fee were in violation of the Commerce and Tonnage Clauses of the United States Constitution, and issued

---

[1] The two passenger plaintiffs are D & D Wholesale Flowers (substituted as plaintiff for the individual Greg Rose) and Frank Zahradka. A third passenger plaintiff, Robert Heller, was voluntarily dismissed from this action.

the following injunction:

> The Port Authority is enjoined from the further use of the revenues from the Passenger Fee to fund its activities that are unrelated to and do not benefit the ferry passengers or approximate their use of the Port, and the Passenger Fee shall be reduced accordingly. The Port Authority shall not be allowed to collect a Passenger Fee in an amount that exceeds what is necessary for their expenses that benefit ferry passengers and fairly approximate their use of the Port.

The Court also awarded the plaintiff D&D Flowers damages in the amount of $494.63.

The Court assumes the parties are familiar with the background facts of this case, and will not restate them in detail here.

## II.     Discussion

The Port Authority has moved for a stay of the judgment pending appeal pursuant to Federal Rule of Civil Procedure 62(c). The Second Circuit recently described the following four factors to be considered in issuing a stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. In re World Trade Center Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007); see also Chandler v. James, 998 F. Supp. 1255, 1258; citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (district and appellate courts should consider same four factors in issuing stay of injunction). "The degree to which a factor must be present varies with the strength of the other factors, meaning that more of one excuses less of the other." In re World Trade Center Disaster Site Litig., 503 F.3d at 170. (internal quotation marks omitted). In this case, the Court finds these factors weigh in favor of granting a stay.

With regard to the first factor, evaluating the likelihood of success of an appeal of this Court's own recent decision is necessarily a difficult task. "The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other [stay] factors." Mohammed v. Reno, 309 F.3d 95, 101 (2d Cir. 2001); quoting Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977). The defendant has not pointed to any law or facts this Court overlooked. Although the Court maintains it properly applied the law to the facts in this case, it acknowledges that the issue of under what circumstances a user fee for a government facility is unconstitutionally excessive is one of first impression for the Second Circuit which requires the resolution of complicated legal issues.

As to the second factor, the Court finds that the Port Authority could be irreparably harmed if a stay is not granted. Purely financial harm does not typically constitute irreparable harm. See Juan F. Ex rel. Lynch, No. Civ. H-89-859, 2001 WL 263395, at *1 (D. Conn. 2001), citing Sweeney v. Bane, 996 F.2d 1384, 1387 (2d Cir. 1993) (upholding denial of preliminary injunction seeking to prevent erroneous Medicaid co-payments because harm was purely financial). However, in this case, the Port Authority has represented to the Court that because the Passenger Fee is its sole source of revenue, a reduction in its amount could force the Port Authority out of existence. If the Second Circuit were to disagree with this Court's decision on the merits, then this type of injury would constitute more than just financial harm, and be nearly impossible to rectify.

Furthermore, as to the third factor, the Ferry Company and the passenger plaintiffs will not be substantially injured if the Passenger Fee continues to be collected. The Court found that the Ferry Company did not prove that it had sustained any more than nominal damages due to the

addition of the Passenger Fee to the ticket prices. Although the passenger plaintiffs will continue to pay slightly more than is constitutionally permissible, the Passenger Fee only constitutes a small portion of the entire ferry ticket price.[2] Furthermore, the Port Authority will be required to post a bond in order to assure that D&D Flowers is paid the damages it is owed.

Finally, the public interest factor here does not weigh in favor or against granting a stay. On one hand, the public will benefit from the continued financial viability of the Port Authority. On the other, the public would benefit if the Port Authority no longer engaged in an unconstitutional practice.

Thus, after considering each of the foregoing factors, the balance of the equities weighs in favor of granting a stay pending appeal.

## III.    Conclusion

The defendant's motion to stay judgment pending appeal [Dkt. # 188] is GRANTED, and the defendant's motion to clarify and amend the judgment [Dkt. # 189] is DENIED as moot in light of this decision. The Port Authority shall post a bond in the amount of $494.63.

SO ORDERED this   1st   day of August 2008, at Hartford, Connecticut.

/s/ Christopher F. Droney
CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE

---

[2] The plaintiffs argue that any constitutional injury is per se irreparable harm. However, the Court finds that this particular type of constitutional injury, which is regarding an economic right, is different in magnitude from the individual rights in the cases cited. See Jolly v. Coughlin, 76 F.3d 468, 482 (2d Cir. 1996) (Eighth Amendment rights), overruled on other grounds by City of Boerne v. Flores, 521 U.S. 507 (1997); Doe v. Lee, No. 3:99 CV 314, 2002 WL 536730, at *1 (D. Conn. 2001) (due process rights); Chandler v. James, 998 F. Supp. 1255, 1264-65 (M.D. Ala. 1997) (First Amendment rights).