UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIDGEPORT AND PORT JEFFERSON        :
STEAMBOAT COMPANY, et al.,           :
        Plaintiffs,                  :        Civil Action No. 03-CV-599 (CFD)
                                     :
v.                                   :
                                     :
BRIDGEPORT PORT AUTHORITY,           :        August 12, 2008
        Defendant.                   :

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION TO AMEND COMPLAINT AND FOR ATTORNEYS' FEES**

MURTHA CULLINA LLP                           THOMPSON COBURN LLP

Richard L. Rose, #CT23291                    Timothy F. Noelker, #ct26291
177 Broad Street                             One US Bank Plaza
Stamford, CT 06901                           St. Louis, Missouri 63101
203-653-5400                                 314-552-6091
Fax 203-653-5444                             Fax 314-552-7091
rrose@murthalaw.com                          tnoelker@thompsoncoburn.com

Everett E. Newton, #CT02508
CityPlace I, 185 Asylum Street
Hartford, Connecticut 06103-3469
860-240-6000
Fax 860-240-6150
enewton@murthalaw.com

Attorneys for Defendant Bridgeport Port Authority

4777238

**TABLE OF CONTENTS**

Page

I. Introduction ............................................................................................................................. 1

II. Statement of Facts ................................................................................................................... 3

III. Argument ................................................................................................................................. 5

    A.  The Court should deny the Ferry Company's Motion to Amend. ....................................... 5

        1.  The Court has broad discretion to grant or deny leave to amend. .................................. 5

        2.  Plaintiffs have failed to give any reason for its delay in seeking leave to amend the Complaint. ............................................................................................................ 6

        3.  The Port Authority did not consent to trial on whether the Passenger Fee violates 42 U.S.C. § 1983. ............................................................................................... 7

        4.  The Port Authority will be prejudiced by the proposed amended complaint. ................ 8

    B.  Alternatively, even if the Court permits the Ferry Company to amend the Complaint post-judgment, the Ferry Company is not entitled to its attorneys fee under 42 U.S.C. § 1988 because it is not a Prevailing Party. ............................................ 9

        1.  Standard for Prevailing Party status. ............................................................................. 10

        2.  The Ferry Company is not a Prevailing Party. .............................................................. 10

    C.  Alternatively, the Court should exercise its discretion and not award Plaintiffs their attorneys' fees. ............................................................................................... 12

IV. Conclusion ............................................................................................................................ 13

## I. Introduction

More than five years after filing their original complaint and their amended complaint, more than three years after trial, and after the Court has entered its final Judgment, Plaintiffs seek leave to amend the Complaint to assert a new cause of action against Defendant Bridgeport Port Authority (the "Port Authority" or "BPA"). Plaintiffs offer no reason or explanation for their delay. Instead, and incredulously, Plaintiffs claim that the Port Authority will not be prejudiced by a proposed amendment that seeks to add an additional claim against it and impose an additional award of over $1,200,000.00.

The Court should reject Plaintiffs' late attempt to extract a large award from the Port Authority after Judgment for several reasons. First, Plaintiffs' request for leave to amend should be denied because Plaintiffs failed to give any reasonable explanation for their delay. Second, the Port Authority did not consent to the issue that its imposition of the Passenger Fee violated 42 U.S.C. § 1983. If Plaintiffs had pled such a claim, the Port Authority would have been able to address the issue at trial and in its proposed findings of fact and conclusions of law. Third, the Port Authority will be prejudiced if the Plaintiffs are granted leave to amend because it will be required to incur additional expense necessary to evaluate the reasonableness of Plaintiffs' claimed attorneys' fees. Moreover, the Port Authority will potentially become liable for an amount that is vastly greater than the $1 nominal damages the Court awarded to Plaintiff Bridgeport and Port Jefferson Steamboat Company (the "Ferry Company") and the $494.63 awarded to the individual passenger-plaintiff. Therefore, the Port Authority respectfully requests that the Court exercise its discretion and deny Plaintiffs' motion to amend the Complaint.

Alternatively, if the Court grants Plaintiffs leave to amend the Complaint, the Court should deny the Ferry Company's request for attorneys' fees.[1] The Ferry Company is not entitled to its attorneys' fees under 42 U.S.C. §§ 1983, 1988 because the Ferry Company is not a "prevailing party." The Court rejected the Plaintiffs' request to enjoin the Port Authority from collecting the Passenger Fee in total, and thus the legal relationship between the Port Authority and the Ferry Company was not altered. The Court further found that the Ferry Company failed to prove several causes of action and denied its substantial claim for damages. If the Court finds an award of attorneys' fees is warranted to the individual passenger-plaintiffs, the Port Authority demands specific proof that the individual plaintiffs, and not the Ferry Company, paid for their legal representation in this matter.

Even if the Court grants Plaintiffs leave to amend the Complaint, and even if the Court finds that Plaintiffs are entitled to attorneys' fees under federal statute, the Court should exercise its discretion under 42 U.S.C. § 1988 to deny Plaintiffs' request for attorneys' fees. The Port Authority, which is a quasi-public agency, provides valuable services to ferry passengers, as recognized in the Court's Memorandum of Decision. An award of over $1,200,000.00 will significantly harm the Port Authority's ability to perform these services and its statutory mandate to the City of Bridgeport, the surrounding community and the State of Connecticut. This request is clearly part of the Ferry Company's strategy to close the Port Authority. Moreover, the primary source of revenue from which the Port Authority could pay such an award is the Passenger Fee, obviously detracting from the Port Authority's more constructive activities that benefit the passengers.

---

[1] Plaintiffs' Motion to Amend their Complaint and for Attorneys' Fees does not allocate the over $1.2 million of fees allegedly incurred in this action among the Ferry Company and the individual plaintiffs. Upon information and belief, the Ferry Company paid for all of the fees sought in Plaintiffs' motion.

4777238                                            2

Finally, and at the very least, the Court should reduce the amount of attorneys' fees sought by Plaintiffs. Of course, the Court would evaluate the reasonableness of the Plaintiffs' claimed attorneys' fees at the time it sets for the Plaintiffs to prove the amount and justify the reasonableness of their fees. Given the circumstances noted herein, the Port Authority contends that this amount should be zero.

## II. Statement of Facts

The Port Authority was formed in 1993 by the City of Bridgeport pursuant to Connecticut Statute. Its mission is to promote port facilities and economic development of its waterfront areas. According to the Bridgeport Municipal Code, Chapter 2.28.010, a copy of which was provided to the Court as Plaintiff's Ex. 208, the Port Authority was created:

> to foster and stimulate the shipment of freight and commerce through the ports of Bridgeport, Connecticut; to develop and promote port facilities with the district in order to create jobs, increase the city's tax base and provide special revenues to the city; to work with the government of the city to maximize the usefulness of available public funding by consolidating and coordinating private efforts to assist the city's waterfront and industrial development program, to cooperate with the state and federal agencies in the maintenance, development, improvement and use of district harbors, waterways and industrially zoned properties.

Since its founding, the Port Authority has assessed a fee passenger wharfage fee on all ferry passengers utilizing the Port of Bridgeport that makes up a significant portion of the Port Authority's total revenue (hereinafter, the "Passenger Fee").

Plaintiffs originally filed this case on April 2, 2003, challenging the legality of the Passenger Fee. Plaintiffs included the Ferry Company, which collects the Passenger Fee on behalf of the Port Authority, and individual passenger-plaintiffs who ride the ferry.[2] Plaintiffs

---

[2] One of the three individual passenger-plaintiffs was voluntarily dismissed from this action. The other two passenger plaintiffs are D&D Wholesale Flowers (substituted as plaintiff for the individual Greg Rose) and Frank Zahradka.

filed claims alleging that the imposition and collection of the Passenger Fee: (1) violates the River and Harbors Appropriation Act of 1884, as amended; (2) violates the Commerce Clause of the U.S. Constitution; (3) violates the right to travel guaranteed by the U.S. Constitution; (4) violates the Tonnage Clause of the U.S. Constitution; (5) unjustly enriched the Port Authority; (6) is beyond the power granted to the Port Authority under Conn. Gen. Stat. §§ 7-329a to 7-329u; (7) constitutes an unfair tax or user fee under Connecticut law; and (8) violates the Connecticut Unfair Trade Practices Act.  *See* Compl. at ¶¶ 12-21.

On June 20, 2003, Plaintiffs amended their Complaint in response to arguments raised by the Port Authority in its motion to dismiss or stay.  Plaintiffs sought to allege additional facts concerning the application of the Shipping Act to the Port Authority, *see* Am. Compl. at ¶¶ 43-46, the damages presumably sustained by the individual passenger-plaintiff, *see id.* at ¶ 51, and the damages presumably (although alleged in conclusory fashion) sustained by the Ferry Company. *Id.* at ¶¶ 52-54.

This case was tried before the Court during a five-day bench trial in April, 2006, and the parties subsequently submitted extensive findings of fact and conclusions of law on the issues and claims presented at trial.  On July 3, 2008, the Court filed its Memorandum of Decision finding that the Port Authority's assessment of a portion of the Passenger Fee that was not related to the passenger's use of the Port or a fair approximation thereof violated the Commerce Clause and the Tonnage Clause of the U.S. Constitution.  Decision at 44-45.  At the same time, the Court upheld the Port Authority's right to collect at least a portion of the Passenger Fee, provided the fee relates to the ferry passenger's use of the Port.  *Id*.  The Court enjoined the Port Authority from use of the Passenger Fee revenues to fund activities found to be unrelated to the ferry passengers or approximate their use of the Port.  *Id*.  It further enjoined the Port Authority

from collecting a Passenger Fee in an amount that exceeds what is necessary for its expenses that benefit ferry passengers. *Id*. The Court did not calculate the amount that the Port Authority may charge the ferry passengers but offered its findings of fact as guidance for the Port Authority's future calculations of an appropriate Passenger Fee. *Id*. at 44.

The Court entered its Judgment on July 8, 2008, enjoining the Port Authority as described above. On July 22, 2008, Plaintiffs filed the instant Motion to Amend the Complaint and For Attorneys' Fees. On August 1, 2008, the Court stayed enforcement of its Judgment, and the permanent injunction granted thereunder, pending appeal. On August 7, 2008, the Port Authority filed its Notice of Appeal.

### III.  Argument

#### A.    The Court should deny the Ferry Company's Motion to Amend.

##### 1.    The Court has broad discretion to grant or deny leave to amend.

A district court has broad discretion in determining whether to grant or deny a motion to alter or amend a complaint. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007); *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983). Moreover, "when a moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly." *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (citing *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990)). "A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim." *State Trading Corp.*, 921 F.2d at 418. Moreover, the Court must exercise its discretion "in terms of a justifying reason or reasons consonant with the liberalizing spirit of the Federal Rules." *United States v. Continental Illinois Nat'l Bank & Trust*,

889 F.2d 1248, 1254 (2d Cir. 1989) (citing Fed. R. Civ. P. 1, which states that the rules are to be construed "to secure the just, speedy, and inexpensive determination of every action.").

### 2. Plaintiffs have failed to give any reason for its delay in seeking leave to amend the Complaint.

Plaintiffs waited more than five years to move the Court for leave to amend the Complaint but give no reasonable explanation for their delay. When there has been excessive delay before seeking to serve an amended complaint, "leave to do so should be denied absent a convincing explanation for the delay." *Goss v. Revlon, Inc.*, 548 F.2d 405, 407 (2d Cir. 1976); s*ee also Nanopierce Technologies, Inc. v. Southridge Capital Management*, 2008 WL 1882702 (S.D.N.Y. Apr. 21, 2008) (noting that the plaintiff offered no reason why it failed to include new causes of action in its original complaint, or at any point in the intervening seven years).

Plaintiffs' motion to amend is devoid of any explanation for their delay in requesting their proposed amendment to assert a new cause of action and request for relief until after the Court entered the final Judgment.[3] Plaintiffs had ample opportunity during the three years between the filing of the Complaint and trial, or even in the two years before the Court issued its final Judgment, to amend the Complaint to assert that the Passenger Fee violated 42 U.S.C. § 1983 and to request attorneys' fees under 42 U.S.C. § 1988. Indeed, Plaintiffs submitted extensive proposed findings of fact and conclusions of law after trial under which they should have realized that a "technical amendment" to the Complaint was necessary. Instead, Plaintiffs waited two weeks after the Court entered its Judgment (almost three weeks after the Court filed its Memorandum of Decision) to seek to amend the Complaint. By their actions, Plaintiffs have

---

[3] While Plaintiffs attempt to minimize the appearance of their proposed amendments by simply adding one sentence to Count II (violation of the Commerce Clause) of the Complaint by asserting that the violation of plaintiffs' rights is actionable under 42 U.S.C. § 1983, and one sentence to the prayer for relief, see Memorandum in Support at 3, Plaintiffs in effect seek to add a whole new cause of action for a violation of the federal civil rights statute.

denied the Port Authority the opportunity to address the factual and legal aspects of these issues in a timely manner. The Court should not reward Plaintiffs' lack of diligence in prosecuting this case. Plaintiffs' inexcusable delay in seeking leave to amend the Complaint for five years should warrant the Court's dismissal of the motion.

### 3. The Port Authority did not consent to trial on whether the Passenger Fee violates 42 U.S.C. § 1983.

To succeed on their motion to add a new claim to the Complaint, Plaintiffs must show that the issue of whether the Passenger Fee violates 42 U.S.C. § 1983 "'was tried by the parties' express or implied consent.'" *United States v. Certain Real Property and Premises, Known as 890 Noyac Road, Noyac, New York*, 945 F.2d 1252, 1257 (2d Cir. 1991). This they cannot show because the Port Authority did not consent to trial on that issue, which was not raised before or during the trial or discussed in the parties' proposed findings of fact and conclusions of law. Recognizing that they cannot show such consent, Plaintiffs argue that the same evidence that was presented on their Constitutional claims would also have been relevant to a Section 1983 claim. This argument is without merit, because the "[f]ailure to object to evidence that is relevant to both pled and unpled issues does not imply consent to try the unpled issue, . . ., 'absent some *obvious attempt* to raise [it].'" *Id.* (quoting *Luria Bros. & Co. v. Alliance Assurance Co.*, 780 F.2d 1082, 1089 (2d Cir. 1986)) (emphasis in original). Further, the Second Circuit has held that "[w]hether a party has 'implicitly consented to the trial of an issue not presented by the pleadings depends on whether [the party] recognized that the issue had entered the case at trial.'" *Id.* (quoting *Luria Bros.*, 780 F.2d at 1089)). Here, there was no "obvious attempt" to raise a Section 1983 claim or request for attorneys' fees under 42 U.S.C. § 1988, nor is there any indication that the Port Authority "recognized that the issue had entered the case at trial." Plaintiffs gave no indication to the Court or the Port Authority that they were raising a Section

1983 claim in any of their pretrial filings, in their opening and closing arguments, or at any other time prior to or during trial.

Allowing Plaintiffs to amend the Complaint post-trial to add a Section 1983 claim would violate the Port Authority's procedural due process rights.  "'[T]rial of unpled issues by implied consent is not lightly to be inferred under Rule 15(b), [and] such inferences are to be viewed on a case-by-case basis and in light of the notice demands of procedural due process.'" *Triad Elec. & Controls, Inc. v. Power Sys. Eng'g, Inc.*, 117 F.3d 180, 193-94 (5th Cir. 1997) (quoting *Jimenez v. Tuna Vessel Granada*, 652 F.2d 415, 420 (5th Cir. 1981)).  The possibility that evidence relevant to Plaintiffs' Constitutional claims may also have been relevant to a Section 1983 claim was not sufficient to put the Port Authority on notice that such a claim was being tried.

### 4. The Port Authority will be prejudiced by the proposed amended complaint.

A motion for leave to amend a complaint should not be granted if the party against whom the amended complaint is asserted will be prejudiced.  *See Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007).  The Port Authority would be prejudiced if Plaintiffs are allowed to amend the Complaint at this late stage of this case.

First, if the Court grants Plaintiffs leave to amend, the Port Authority will be prejudiced in the form of its increased litigation expenses to respond to Plaintiffs' motion for attorneys' fees.  *See Cadle Co. v. Jones*, 2004 WL 2049321 (D. Conn. 2004) (denying motion to amend alternative theories of liability where defendants would be required to provide additional briefing in their defense and incur additional litigation expense).  The Port Authority will need to conduct discovery on the reasonableness of Plaintiffs' claimed attorneys' fees.  The Port Authority will also need to evaluate this information and file any necessary pleadings with the Court.  Finally, the Port Authority will need to present its arguments at a hearing before the Court.  This will all

take time and resources that the Port Authority would otherwise not spend absent Plaintiffs' amendment of the Complaint.

Second, Plaintiffs contend that the "only effect" the proposed amendment will have is that it will allow plaintiffs to apply for attorneys' fees. Of course, that effect vastly increases the amount the Port Authority may have to pay in comparison to the amount of damages that Plaintiffs' proved at trial. Without leave to amend the Complaint, the Ferry Company is entitled to an award of $1, and the individual plaintiff is entitled to an award of $494.63. With leave granted, the Port Authority may be assessed an additional payment of more than $1,200,000.00.[4]

Accordingly, given Plaintiffs' delay in requesting leave to amend the Complaint and the prejudice it will cause the Port Authority, the Port Authority respectfully requests that the Court exercise its discretion and deny Plaintiffs' leave to amend the Complaint.

> **B.    Alternatively, even if the Court permits the Ferry Company to amend the Complaint post-judgment, the Ferry Company is not entitled to its attorneys fee under 42 U.S.C. § 1988 because it is not a Prevailing Party.**

Plaintiffs may move for their attorneys' fees only if the Court grants them leave to amend the Complaint. Of course, as argued above, the Port Authority respectfully requests that the Court deny Plaintiffs' request to further amend the Complaint. Alternatively, if the Court grants Plaintiffs leave to assert an additional claim under 42 U.S.C. § 1983 and to request their attorneys' fees under 42 U.S.C. § 1988, the Port Authority respectfully requests that the Court deny their request for attorneys' fees.

---

[4] It is inaccurate for the Ferry Company to contend that the Port Authority is not prejudiced because Plaintiffs sought attorneys' fees under the Connecticut Unfair Trade Practices Act, Con. Gen. Stat. § 42-110a, *et seq.,* a claim the Port Authority considered to be particularly meritless. Indeed, the Court found that Plaintiffs failed to show that the Port Authority's imposition of the Passenger Fee is an unfair trade practice by the preponderance of the evidence. *See* Memorandum of Decision, at 40.

### 1.  Standard for Prevailing Party status.

To be entitled to an award of attorneys' fees, Plaintiffs have the burden to show that they are prevailing parties. To be considered prevailing parties, Plaintiffs must show (1) that they obtained relief on a significant claim in litigation; (2) that they effected a material alteration in the parties' legal relationship; and (3) that the alteration was not merely technical or de minimus in nature. *See Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). Although a plaintiff need not prove all asserted claims so long as all claims relate to a common core of facts or related legal theories, see *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), a "plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Tex. State Teachers Ass'n*, 489 U.S. at 792, 109 S.Ct. 1486.

### 2.  The Ferry Company is not a Prevailing Party.

The Ferry Company is not entitled to its claimed attorneys' fees because it did not alter the legal relationship between the parties. Before the Court entered the Judgment, the Ferry Company was obligated under its contract with the Port Authority to collect the Passenger Fee and to distribute the amount collected (minus the Ferry Company's fees) to the Port Authority. This relationship has not changed due to the Court's entry of its Judgment.[5] The Ferry Company is still obligated to collect the Passenger Fee and distribute the amount collected to the Port Authority. The Court, to be sure, limited the Port Authority's assessment and use of fees collected from the passengers to activities that benefit the passengers. But this does not affect the relationship between the Port Authority and the Ferry Company.

---

[5] By order dated August 1, 2008, the Court stayed the Judgment and permanent injunction granted thereunder pending appeal by the Port Authority. Of course, even without the stay, the parties' relationship has not been altered.

A comparison of the Court's holding to the drastic relief requested by Plaintiffs in the Complaint further shows that the Ferry Company is not a prevailing party. Plaintiffs sought "injunctive and declaratory relief barring the continued imposition of the [Passenger Fee] in whole or in part, as well as compensatory damages." Compl. at ¶ 4. Plaintiffs further sought to enjoin the Port Authority from imposing or collecting the Passenger Fee in any amount and a declaration that the Port Authority is legally barred from imposing or collecting the Passenger Fee in any amount. *See id*. at p. 22, ¶¶ 1, 3. If the Court had granted this relief, the legal relationship between the Port Authority and the Ferry Company would have been altered because the Ferry Company would no longer be obligated to collect the Passenger Fee. But the Court did not bar the Port Authority from imposing or collecting the Passenger Fee. On the contrary, the Court confirmed that the Port Authority is authorized to assess a passenger fee but only limited the amount that the Port Authority can collect or use. The Court further left the determination of an appropriate fee to be set by the Port Authority with the Court's Memorandum of Decision to be used as guidance. Thus, the Court did not alter the relationship between the parties to warrant the Ferry Company being considered a prevailing party for purposes of obtaining attorneys' fees.

Moreover, the Ferry Company failed to prove a majority of its claims. First, the Court found that the Ferry Company failed to prove that it suffered any monetary damages. Memorandum of Decision, at 18-21. The Ferry Company sought damages over $9,000,000.00, which was the amount of the alleged overcharge the Ferry Company's expert calculated in his third model, plus interest. *Id*. at 40. Instead, the Court award the Ferry Company only $1 in nominal damages. Second, the Court found that the Ferry Company's claim for unjust enrichment also failed because it did not prove it had suffered monetary damages. *Id*. at 37. Third, the Court found that Plaintiffs failed to prove their claim under the Connecticut Unfair

Trade Practices Act. *See id.* at 39-40. Fourth, the Court questioned whether Plaintiffs could bring a private cause of action under the River and Harbors Appropriations Act or under Conn. Gen. Stat. §§ 7-329a-7-329u, but ultimately did not reach those issues. *See id.* at 35-36, 38-39. Finally, the Court found the declaratory relief sought by Plaintiffs to be "neither appropriate nor helpful." *Id*. at 42-43.

Because the Ferry Company did not alter its legal relationship with the Port Authority, was denied over $9,000,000.00 in monetary damages, and failed to prove several of its causes of action, the Court should deny the Ferry Company's request for attorneys' fees. Further, to the extent the Court finds the individual passenger-plaintiffs are entitled to an award of its attorneys' fees, the Port Authority respectfully requests the Court require they produce sufficient documentation that proves they, and not the Ferry Company, paid for the claimed attorneys' fees.

### C. Alternatively, the Court should exercise its discretion and not award Plaintiffs their attorneys' fees.

Even if the Court grants Plaintiffs leave to amend the Complaint, and even if the Court finds that the Plaintiffs are entitled to attorneys' fees under federal statute, the Court should exercise its discretion under 42 U.S.C. § 1988 to deny the excessive attorneys' fees sought by Plaintiffs because it would harm the Port Authority, the ferry passengers, and the public in general, and is not otherwise justified.

First, the primary source of revenue from which the Port Authority could pay such an award is from the Passenger Fee. Thus, if the Court awards Plaintiffs the exceptionally large attorneys' fees they are seeking, the money to pay those attorneys' fees will have to be paid from the Passenger Fee, detracting from more constructive and valuable activities that the Port Authority would undertake for the benefit of the passengers.

Second, the Court has recognized that the Port Authority, which is a quasi-public agency, provides valuable services to ferry passengers and the public in general. An award of over $1,200,000.00 will significantly harm—if not prevent—the Port Authority's ability to perform its services to the ferry passengers and to comply with its statutory purpose to support the City of Bridgeport, the surrounding community and the State of Connecticut. The Ferry Company is surely aware of this fact and no doubt is counting on it to carry out its goal of closing the Port Authority.

Finally, as the Court expressly found, the Port Authority's imposition of the Passenger Fee cannot be said to be 'immoral, unscrupulous, or oppressive.'" Memorandum of Decision at 40. The Court further found that the Port Authority's assessment of the Passenger Fee did not cause "substantial injury to consumers, competitors or businessmen." *See id.* Therefore, even to the extent the Court found the imposition and use of a portion of the Passenger Fee was unconstitutional, an award to Plaintiffs of over $1,200,000.00 is clearly not justified.

## IV. Conclusion

For the foregoing reasons, Defendant Bridgeport Port Authority respectfully requests that the Court deny Plaintiffs' Motion to Amend Complaint. Alternatively, Defendant Bridgeport Port Authority respectfully requests that the Court deny Plaintiffs' Motion for Attorneys' Fees. Finally, if the Court finds that Plaintiffs are entitled to an award of attorneys' fees, the Port Authority respectfully requests that the Court reduce the fee award by an appropriate amount— the Port Authority submits that the Ferry Company is entitled to no fees—after a thorough review of any supporting documentation provided by the Ferry Company, any pleadings submitted by the parties, and a hearing before the Court.

Respectfully submitted,

THOMPSON COBURN LLP

By *[signature: Tim Noelker]*

Timothy F. Noelker, #CT26291
One US Bank Plaza
St. Louis, Missouri 63101
314-552-6091
Fax 314-552-7091
tnoelker@thompsoncoburn.com

Richard L. Rose, #CT23291
Murtha Cullina LLP
177 Broad Street
Stamford, CT  06901
203-653-5400
Fax 203-653-5444
rrose@murthalaw.com

Everett E. Newton, #CT02508
Murtha Cullina LLP
CityPlace I, 185 Asylum Street
Hartford, Connecticut 06103-3469
860-240-6000
Fax 860-240-6150
enewton@murthalaw.com

Attorneys for Defendant Bridgeport Port Authority

Dated:  August 12, 2008

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served, via electronic mail and U.S. Mail, postage prepaid, on the following counsel of record, this 12th day of August, 2008:

| | |
|---|---|
| Jonathan S. Bowman<br>Stewart I. Edelstein<br>Cohen and Wolf, P.C.<br>1115 Broad Street<br>P.O. Box 1821<br>Bridgeport, CT 06601-1821<br>jbowman@cohenandwolf.com<br>sedelstein@cohenandwolf.com | Martin Domb<br>Akerman Senterfitt LLP<br>335 Madison Avenue, Suite 200<br>New York, New York 10017<br>Martin.domb@akerman.com |

_____