UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIDGEPORT AND PORT JEFFERSON
STEAMBOAT COMPANY, ET AL.,

        Plaintiffs,

- against -

BRIDGEPORT PORT AUTHORITY,

        Defendant.
_____/

CASE NO. 3:03 CV 599 (CFD)

August 22, 2008

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
TO AMEND THEIR COMPLAINT AND FOR ATTORNEYS' FEES**

AKERMAN SENTERFITT LLP
335 Madison Avenue, Suite 2600
New York, New York 10017
Telephone: 212.880.3800
Facsimile: 212.880.8965

*and*

COHEN AND WOLF, P.C.
1115 Broad Street
P.O. Box 1821
Bridgeport, Connecticut 06601-1821
Tel. (203) 368-0211
Fax (203) 576-8504

*Attorneys for Plaintiffs*

{NY036967;1}

## Table of Contents

**Page**

THE PENDING APPEAL

    1.    Granting Plaintiffs' Motion Would Not Prevent the Port Authority from Pursuing Its Pending Appeal............1

AMENDING THE COMPLAINT

    2.    The Court May Award Plaintiffs their Attorneys Fees Under § 1988 Even Without Amending the Complaint............2

    3.    The Port Authority Misstates the Legal Standard Under Rule 15(b)............3

    4.    The Port Authority Consented to Trial of the § 1983 Issues............3

    5.    The Port Authority In No Way Would Be Prejudiced............4

    6.    The Interests of Justice Favor the Amendment............5

    7.    The Delay In this Case Is Not a Valid Reason to Deny the Amendment............6

ATTORNEYS' FEES

    8.    Plaintiffs Indisputably Are Prevailing Parties............7

    9.    Attorney Fee Liability Under § 1988 Does Not Depend on the Fee Arrangement............9

Conclusion............10

Plaintiffs submit this reply memorandum of law in further support of their motion to amend the Complaint and for an award of attorneys' fees, and in response to the memorandum in opposition filed by the Port Authority (the "Opp. Memo").

## THE PENDING APPEAL

**1. Granting Plaintiffs' Motion Would Not Prevent the Port Authority from Pursuing Its Pending Appeal**

The Court should entirely discount the Port Authority's self-serving (and unsubstantiated) argument that granting plaintiffs' motion might threaten the Port Authority's existence (Opp. Memo at 2, 13). In granting a stay of the Judgment pending appeal, the Court relied on the Port Authority's representation "that because the Passenger Fee is its sole source of revenue, a reduction in its amount could force the Port Authority out of existence." (Ruling on Defendant's Motion to Stay Pending Appeal dated August 1, 2008 ["Stay Ruling"], at 3.) The stay thus ensures that the Port Authority will be able to pursue its appeal.

Granting plaintiffs' present motion will *not* deprive the Port Authority of that opportunity. In their motion, plaintiffs estimate the amount of attorneys' fees they will seek (as Rule 54 requires) but do not seek a specific award *at this time*. If the Court grants the present motion, then the amount of the award will be determined at such later date as the Court may direct -- after plaintiffs have submitted a detailed fee application and the Port Authority has submitted its opposition. The Court thus may grant plaintiffs' motion and defer such further proceedings until after the appeal has been decided.[1] If the Judgment is reversed (such that plaintiffs would no longer be "prevailing parties"), then the motion for attorneys' fees would be denied on that basis. If the Judgment is upheld in whole or in part (such that plaintiffs remain

---

[1] On August 21, 2008, plaintiffs filed a motion with the Second Circuit to expedite the appeal. The Port Authority did not consent to that motion. The motion has not yet been decided.

prevailing parties), then the Court would direct further proceedings on the attorneys' fee application at that time.

## AMENDING THE COMPLAINT

**2.  The Court May Award Plaintiffs their Attorneys' Fees Under § 1988 Even Without Amending the Complaint**

Plaintiffs' request to amend their Complaint include a § 1983 claim is a mere technicality that, the Second Circuit has held, *is not even required* for the Court to award plaintiffs their attorneys' fees under § 1988. In Haley v. Pataki, 106 F.3d 478 (2d Cir. 1997), plaintiffs established that the governor of New York violated their constitutional rights by withholding payment of their salary. Although their complaint alleged the constitutional violations and the underlying facts, it did not mention § 1983 or any other statute cited in § 1988. The district court nevertheless awarded plaintiffs their attorneys' fees under § 1988 (after the Second Circuit dismissed the governor's appeal). The governor again appealed on the ground that the complaint did not refer to § 1983. The Second Circuit affirmed the attorney fee award, stating:

> . . . mere failure to plead section 1983 "is not fatal to a claim for attorney's fees if the pleadings and evidence do present a substantial . . . claim for which § 1983 provides a remedy . . . ."

*Id.* at 481, *quoting* Americans United For Separation of Church and State v. School Dist. of Grand Rapids, 835 F.2d 627, 631 (6th Cir. 1987). *See also* Goss v. City of Little Rock, 151 F.3d 861, 865 (8th Cir. 1998); Thorstenn v. Barnard, 883 F.2d 217, 218 (3d Cir. 1989) (same).

The Complaint in this case unquestionably presented a substantial claim under the Commerce Clause for which § 1983 provides a remedy. Dennis v. Higgins, 498 U.S. 439, 443-451 (1991). *See also* City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985) (§ 1983 itself creates no substantive rights; it provides only a procedure to redress the deprivation of rights established elsewhere).

Thus, under Haley, the Court may and should award plaintiffs their attorneys' fees under § 1988 regardless of whether the Court allows the Complaint to be amended. We nevertheless address below the Port Authority's arguments concerning amendment, as well as those relating to attorneys' fees, none of which has merit.

**3.    The Port Authority Misstates the Legal Standard Under Rule 15(b)**

The Port Authority incorrectly states that plaintiffs "must show" that the § 1983 issue was tried by the parties' express or implied consent (Opp. Memo at 7). That is only one of several inquiries relevant to a post-trial motion to amend under Rule 15(b). As the Second Circuit explained in Hillburn v. Maher, 795 F.2d 252, 264 (2d Cir. 1986), a district court:

- *Must* grant the motion if the issue has been tried with the express or implied consent of the parties;

- *May* grant the motion if, despite lack of such consent, the party against whom the amendment is offered would not be prejudiced; and

- *Should* grant the motion if there is no such prejudice and the interests of justice so require.

*See also* Hamilton v. Accu-Tek, 62 F. Supp. 2d 802, 816-17 (E.D.N.Y. 1999) (separately analyzing consent and prejudice inquiries). In this case, each of these inquiries favors allowing the amendment, as shown below.

**4.    The Port Authority Consented to Trial of the § 1983 Issues**

The Port Authority clearly consented to trial of the § 1983 issues because the evidence relevant to that section and to the Commerce Clause issue is *identical*. Dennis v. Higgins, 498 U.S. at 443-451; *see also* Haley, 106 F.3d at 481. That is why plaintiffs do not seek to add a single factual allegation to the Complaint. They seek only to aver that the same allegations that supported their Commerce Clause claim also support a § 1983 claim.

In its opposition memorandum, the Port Authority completely ignored Dennis (cited in Plaintiffs' initial memorandum, at 5), in which the Supreme Court held that a Commerce Clause claim can be brought as a § 1983 claim.  The Port Authority has not stated, and cannot state, in what respect Plaintiffs' claims under the Commerce Clause are distinct from a § 1983 claim.  As the statutory claim that Plaintiffs seek to add includes no new elements or evidence that were not fully tried in connection with the Commerce Clause claim, it follows that the Port Authority consented to trial of the § 1983 issues.

**5.      The Port Authority In No Way Would Be Prejudiced**

Even if the Port Authority had not consented to trial of the facts upon which the § 1983 claim is based, the amendment in no way would prejudice the Port Authority.  As the court stated in a case cited by the Port Authority, United States v. Certain Real Property and Premises, Known as 890 Noyac Road, New York, 945 F.2d 1252, 1257 (2d Cir. 1991), prejudice turns on "whether [defendant] could offer any additional evidence if the case were to be retried on a different theory."  *See also* N.Y. Elec. & Gas Corp. v. Secretary of Labor, 83 F.3d 98, 105 (2d Cir. 1996) (allowing Rule 15(b) amendment where "the material facts to be tried would have been exactly the same"); United States v. State of New York, 82 F.R.D. 2, 5 (S.D.N.Y. 1978) (same).  *See also* Foman v. Davis, 371 U.S. 178, 182 (1962) (reversing denial of leave to amend where "the amendment would have done no more than state an alternative theory for recovery").

The Port Authority states in conclusory fashion that, if plaintiffs had pled § 1983 at the outset, "the Port Authority would have been able to address the issue at trial and in its proposed findings of fact and conclusions of law" (Opp. Memo at 1).  Yet it cites *not a single item of evidence* that it would have offered or objected to at trial.  *See* Hamilton v. Accu-Tek, 62 F.

Supp. 2d 802, 817 ("Defendants have pointed to no uncalled witnesses, unpresented evidence or compromised opening or closing arguments").

The Port Authority also claims it will be prejudiced by "its increased litigation expenses to respond to Plaintiffs' motion for attorneys' fees" (Opp. Memo at 8). However, under Fed. R. Civ. P. 54(d)(2)(B), motions for attorneys' fees are *intended* to be filed "after entry of judgment," and thus require collateral, post-judgment proceedings. *See* Weyant v. Okst, 198 F.3d 311, 314-15 (2nd Cir. 1999). Such proceedings by definition cannot constitute prejudice under Rule 15(b), which turns on whether the case would have been *tried* differently.

Finally, the port Authority claims it would be prejudiced by being exposed to "vastly increase[d]" liability in this case (Opp. Memo at 9). However, exposure to increased damages by the addition of a new legal theory also does not constitute prejudice under Rule 15(b). Poloron Products v. Lybrand Ross Bros. & Montgomery, 72 F.R.D. 556, 561 (S.D.N.Y. 1976) (allowing amendment that would increase requested damages by 1700%, from $220,000 to more than $3.7 million). *See also* 6A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1493 (2008) ("The rule also permits amendments . . . that request increased damages."); *id.* at n.29 (collecting cases).

In sum, the Port Authority has not articulated any valid manner in which it would be prejudiced by the addition of the § 1983 claim.

**6.     The Interests of Justice Favor the Amendment**

In the absence of any showing of prejudice, as here, the interests of justice compel allowing this amendment. An award of fees in this case will serve the public policy that led Congress to enact § 1988 -- that courts should award reasonable attorneys' fees to prevailing

parties in actions brought to vindicate constitutional rights.  Hensley v. Eckerhart, 461 U.S. 424, 429 (1983).  *See also* Points 8 and 9 below.

**7.      The Delay in this Case Is Not a Valid Reason to Deny the Amendment**

The Port Authority places great emphasis on plaintiffs' delay in seeking to add the § 1983 claim.  But the delay is not even relevant here -- and no "explanation" for the delay is required -- given that amending the Complaint is not even required under Haley v. Pataki and the other cases cited in Point 2 above.

Furthermore, the text and purpose of Rule 15(b) demonstrate that mere delay is not a valid reason to deny the amendment.  The rule expressly allows pleadings to be amended "at any time, *even after judgment* -- to amend the pleadings to conform them to the evidence *and to raise an unpleaded issue*" (emphasis added).  Every amendment after judgment necessarily is made long after the complaint has been filed.  If mere delay disqualified amendments, then the provision in the rule allowing post-judgment amendments would be rendered meaningless.

The Second Circuit repeatedly has stated that mere delay is not a valid reason to deny an amendment.  Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend.") (quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)).  *See also*  United States v. Continental Illinois Nat. Bank & Trust, 889 F.2d 1248, 1254 (2d Cir. 1989) ("delay, standing alone, is an insufficient basis to deny leave to amend").

Accordingly, given the absence of any prejudice to the Port Authority, the fact that plaintiffs moved to amend after entry of the Judgment is not a basis for denying the amendment.

**ATTORNEYS' FEES**

**8.      Plaintiffs Indisputably Are Prevailing Parties**

The Port Authority's argument that plaintiffs -- or the Ferry Company by itself -- are not prevailing parties under § 1988 borders on the frivolous, both factually and legally. Its argument is belied by the following *facts*:

- The Judgment granted *all* plaintiffs (not just the passenger plaintiffs) a permanent injunction that requires the Port Authority to stop funding a substantial portion of its activities from the Passenger Fee.

- The Judgment also awarded $494.63 in compensatory damages to D&D and $1 in nominal damages to the Ferry Company.

- The Port Authority has appealed from the Judgment (including the Court's pretrial decision, which denied the Port Authority's motion to dismiss on grounds of primary jurisdiction and standing).

- In its Stay Ruling, the Court stated that its July 3, 2008 Decision was "in favor of plaintiffs."  (Stay Ruling at 1.)

The Port Authority's argument also flatly contradicts, and ignores, binding Supreme Court and Second Circuit precedent. The Supreme Court has held that plaintiffs are prevailing parties when they "succeed on *any* significant issue in litigation which achieves *some* of the benefits the parties sought in bringing the suit." Hensley v. Eckerhart, 461 U.S. 424, 422 (1983) (emphasis added). In Farrar v. Hobby, 506 U.S. 103, 114 (1992), the Court stated unequivocally, "We therefore hold that a plaintiff who wins nominal damages is a prevailing party under § 1988." In Farrar, the plaintiff received *only* nominal damages, having withdrawn his claim for an injunction. The Court held that a judgment for damages "in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Id.* at 113.  *A fortiori* plaintiffs are prevailing parties in this case, as they obtained two damages awards -- both

nominal and compensatory -- *plus* a permanent injunction that substantially restricts the Port Authority's collection or use of the Passenger Fee.

In LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 757 (2d Cir. 1998), the Second Circuit summarized the principles governing whether a party is a prevailing party:

- "The question of whether a plaintiff is a 'prevailing party' within the meaning of the fee-shifting statutes is a threshold question that is separate from the question of the degree to which the plaintiff prevailed."

- "For a plaintiff to be considered a 'prevailing party,' and thus eligible for an award of fees, he need not have succeeded on 'the central issue' in the case, . . . and need not have obtain[ed] the primary relief sought."

- "It is sufficient that the plaintiff succeeded on any significant issue in [the] litigation, . . . regardless of the magnitude of the relief obtained."

- "In *Farrar v. Hobby*, the Supreme Court held explicitly that a plaintiff who wins nominal damages is a prevailing party."

*Id.* at 757 (citations and internal quotations omitted).

Thus, the Port Authority's argument that the Ferry Company individually (as opposed to plaintiffs collectively) is not a prevailing party (Opp. Memo at 10-12) is absurd. As shown above, the nominal damages alone are enough to make the Ferry Company a prevailing party, even without considering that the Ferry Company also prevailed with respect to the injunction.

Furthermore, the space that the Port Authority devotes to a comparison of what plaintiffs sought and what they obtained in the Judgment (Opp. Memo at 10-12) is entirely irrelevant to the question of whether plaintiffs are prevailing parties. That comparison will be relevant only to the Court's determination of the *amount* of the fee, not to whether plaintiffs are prevailing parties.

### 9. Attorney Fee Liability Under § 1988 Does Not Depend on the Fee Arrangement

Finally, the Port Authority argues that plaintiffs are not entitled to an attorneys' fee award because the Ferry Company has paid plaintiffs' attorneys' fees (Opp. Memo at 12).[2] However, attorney fee liability under § 1988 does not depend on whether any plaintiff paid or incurred the fee. Courts consistently have rejected the argument that attorneys' fees under § 1988 are unavailable to plaintiffs who have not themselves incurred the litigation costs.

In American Council of the Blind v. Romer, 962 F.2d 1501, 1053 (10th Cir. 1992), for example, the court held that plaintiffs should not have been denied attorneys' fees on the basis that a non-party actually paid their fees. Similarly, plaintiffs who are represented on a contingency basis are entitled to a full award under § 1988, not limited by their contingent fee arrangement. Blanchard v. Bergerson, 489 U.S. 87, 96 (1989); *see also* Sabir v. Jowett, 214 F. Supp. 2d 226, 251-52 (D. Conn. 2002) (Droney, J.) (awarding $217,000 although contingency fee agreement would have entitled attorney to only about $60,000).

Plaintiffs represented on a *pro bono* basis likewise are entitled to attorneys' fees under § 1988, even though they incur no liability for their counsel's work. Blum v. Stenson, 465 U.S. 886, 894 (1984) ("reasonable fees" are to be calculated based on prevailing rates in the community whether or not plaintiff has private or nonprofit counsel); Wilder v. Bernstein, 975 F. Supp. 276, 280 (S.D.N.Y. 1997) (attorneys' fees awarded to plaintiff represented by nonprofit children's advocacy organization).

---

[2] Although the Port Authority demands proof as to who has paid plaintiffs' attorneys' fees (Opp. Memo at 12), it has long known that the Ferry Company has paid all such fees. Plaintiffs produced a redacted copy of their retainer agreement, which clearly so stated, during pretrial discovery. The Port Authority listed that agreement in its list of trial exhibits, Proposed Joint Trial Memorandum [Court Docket # 116], p. 81, Ex. 13, but did not offer it at trial.

As the Supreme Court observed in Blanchard, "where there are lawyers or organizations that will take a plaintiff's case without compensation, that fact does not bar the award of a reasonable fee." 489 U.S. at 94. Accordingly, the fact that one plaintiff -- the Ferry Company -- has funded all of Plaintiffs' litigation costs in this case does not bar a § 1988 award to *all* three Plaintiffs.

## Conclusion

For the foregoing reasons and those set forth in its initial motion papers, the Court should grant plaintiffs' motion to amend their Complaint and for an award of their reasonable attorneys' fees under 42 U.S.C. § 1988, and should direct the procedure and schedule for further submissions by the parties for the purpose of determining the amount of the attorneys' fee award.

Dated: August 22, 2008

AKERMAN SENTERFITT LLP
335 Madison Avenue, 26th Floor
New York, New York 10017
Tel. (212) 880-3800
Fax (212) 880-8965

s/ *Martin Domb*

By: _____
Martin Domb (ct 09544)
Jeremy Shure (phv 0938)

*and*

Jonathan Bowman (ct 08526)
Stewart I. Edelstein (ct 06021)
COHEN AND WOLF, P.C.
1115 Broad Street
P.O. Box 1821
Bridgeport, Connecticut 06601-1821
Tel. (203) 368-0211
Fax (203) 576-8504

**CERTIFICATE OF E-SERVICE**

   I hereby certify that on **August 22, 2008**, a copy of the foregoing **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT AND FOR ATTORNEYS' FEES** was filed electronically and served by mail on anyone unable to accept electronic filing (all counsel were served electronically). Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

             s/ Martin Domb
             _____
             Martin Domb (ct 09544)
             AKERMAN SENTERFITT LLP
             335 Madison Avenue, 26th Floor
             New York, New York 10017
             Tel. (212) 880-3800
             Fax (212) 880-8965
             E-mail: martin.domb@akerman.com